The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS, INC., MICHAEL HSING, and BERNIE BLEGIN,<br><br>Defendants. | Case No. 2:25-cv-00220-JLR<br><br>MOTION BY MIRKO DARDI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL<br><br>NOTE ON MOTION CALENDAR: April 28, 2025 |

Currently pending before this Court is a securities class action brought on behalf of all purchasers of Monolithic Power Systems, Inc. ("Monolithic" or the "Company") common stock between February 8, 2024 and November 8, 2024, inclusive (the "Class Period"). Mirko Dardi ("Mr. Dardi"), by and through his undersigned counsel, moves pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act") and 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (1) appointing Mr. Dardi as Lead Plaintiff; (2) approving Mr. Dardi's selection of Block & Leviton LLP as Lead Counsel and Tousley Brain Stephens PLLC as Local Counsel for the putative class; and (3) granting any further relief as the Court deems just and proper.

MOTION BY MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF -1
CASE NO. 2:25-CV-00220-JLR

The PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B); *In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002). Under the PSLRA, the Court must appoint as lead plaintiff the movant who: (1) makes a timely motion within the PSLRA's 60-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Dardi is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Mr. Dardi has timely moved for lead plaintiff appointment. Mr. Dardi has properly been assigned all claims arising from the Dart Trust's purchase of Monolithic securities from Cook Islands Trust Limited, the Trustee of the Dart Trust ("Trustee"). *See* Declaration of Jeffrey C. Block ("Block Decl."), Ex. E. Mr. Dardi has suffered losses of approximately $280,044.57 in connection with transactions in Monolithic common stock during the Class Period and believes he has the largest known financial interest in the relief sought by the class. *See* Block Decl. Exs. B, C. In addition to asserting the largest financial interest, Mr. Dardi readily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.

Last, Mr. Dardi has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, Mr. Dardi's selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel and Tousley Brain Stephens PLLC ("Tousley Brain Stephens") as Local Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

MOTION BY MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF -2
CASE NO. 2:25-CV-00220-JLR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## I.   STATEMENT OF FACTS

Monolithic is a provider of power management components specializing in voltage conversion solutions, notably used for artificial intelligence ("AI") data center applications. ¶14.[1] A key part of Monolithic's revenue is its Enterprise Data unit, which involves selling power management modules to companies supplying graphic processing units ("GPUs") used to operate AI data servers. ¶16. Enterprise Data was Monolithic's fastest growing unit, jumping from 11% of total sales in the second fiscal quarter of 2023 to roughly 28% by the end of the fourth quarter of 2023, becoming Monolithic's largest business segment. ¶18. Nvidia Corporation ("Nvidia")—the world's leading supplier of GPUs—is Monolithic's largest customer. *Id.*

The Complaint alleges that, throughout the Class Period, Defendants misrepresented to investors that the widespread adoption and use of the Company's power management modules was due to their superior performance and the Company's commitment to working closely with its clients to resolve technical issues. ¶19. The Company's SEC filings emphasized the reliability and performance of Monolithic's products, stemming from the Company's "expertise" and possession of "innovative proprietary" technology. ¶20. However, in reality Monolithic's power management solutions were suffering from significant performance and quality control issues that the Company had failed to rectify, ultimately impairing Nvidia's GPUs and severely damaging the business relationship between the two companies. ¶23.

Investors began to learn the truth about Defendants' misrepresentations on October 30, 2024, when Monolithic reported a significant decline in its Enterprise Date revenue, attributing it to a downturn in customer order patterns. ¶24. On November 11, 2024, the full truth was revealed to the market when Edgewater Research published a report revealing that Nvidia had canceled half of its outstanding Monolithic orders and intended to eliminate Monolithic as a supplier for Nvidia's most advanced GPUs due to persistent and unresolved "[p]erformance issues" with the Company's power modules. ¶26. As a result, the price of Monolithic stock

---

[1] Citations to "¶__" refer to paragraphs of the Complaint, *Waterford Township General Employees Retirement System v. Monolithic Power Systems, Inc. et al.*, No. 2:25-cv-00220 (W.D. Wash. Feb. 4, 2025), Dkt. 1.

MOTION BY MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF -3
CASE NO. 2:25-CV-00220-JLR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

precipitously declined more than 30% from its Class Period high of more than $959 per share to approximately $647 per share by Class Period end. ¶27.

Due to these alleged misrepresentations and omissions, Mr. Dardi and other Class members have suffered significant losses and damages.

## II.    ARGUMENT

### A.    Mr. Dardi Should Be Appointed Lead Plaintiff

Mr. Dardi should be appointed as Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23.

The PSLRA establishes the procedure for the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (here, April 7, 2025), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, regardless of whether they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729–32. The PSLRA requires the Court to adopt a presumption that the most adequate plaintiff is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Dardi satisfies each of these requirements, and the Court should therefore appoint him Lead Plaintiff.

### 1.     The Motion is Timely.

The statutorily required notice of this action was published on February 4, 2025, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by April 7, 2025. *See* Block Decl. Ex. A.

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Dardi timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Dardi has signed a certification pursuant to the PSLRA, Block Decl. Ex. B and submits a declaration in support of his motion, Block Decl. Ex. D. Mr. Dardi has selected and retained qualified counsel to represent him and the proposed class. *See* Block Decl., Exs. F, G. Accordingly, Mr. Dardi is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel considered, and the Court should approve his application for Lead Plaintiff.

### 2.     Mr. Dardi has a Substantial Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court shall appoint as lead plaintiff the movant that has the largest financial interest in the relief sought by the class. *See Cavanaugh*, 306 F.3d at 730 (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit).

During the Class Period, as evidenced by Mr. Dardi's accompanying signed certification and loss chart, he incurred substantial losses—a total of approximately $280,044.57. Block Decl. Exs. B, C. At the time of this filing, Mr. Dardi believes that he possesses the largest financial interest of any movant seeking lead plaintiff status. Accordingly, Mr. Dardi is entitled to the presumption that it is the most adequate lead plaintiff.

MOTION BY MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF -5
CASE NO. 2:25-CV-00220-JLR

### 3.    Mr. Dardi Otherwise Satisfies Rule 23's Requirements.

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). To be appointed lead plaintiff, "only a preliminary showing" of typicality and adequacy is necessary. *Dresner v. Silverback Therapeutics*, 2022 WL 579318, at *2 (W.D. Wash. Feb. 23, 2022) (*citing Cavanaugh*, 306 F.3d at 729–31).

"History and precedent make clear" that an assignee of a legal claim has standing to pursue that claim in federal court, "even when the assignee has promised to remit the proceeds of the litigation to the assignor." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 271 (2008). Here, Mr. Dardi has been "irrevocably assign[ed and], transfer[ed]" "any and all claims, demands, and causes of action of any kind whatsoever which the Dart Trust has or may have arising from violations under the federal securities laws of the United States of America in connection with the purchase of the publicly traded securities of Monolithic Power Systems, Inc. . . . [and] appoint[ed] . . . as the Dart Trust's true and lawful attorney-in-fact for the purpose of exercising all powers relating to such causes of action." Block Decl. Ex. E.

Mr. Dardi has obtained a valid assignment of claims from the Trustee of the Dart Trust, granting him standing to pursue those claims. Mr. Dardi's assignment is nearly identical to the assignments found valid in *Perkumpulan Inv. Crisis Ctr. Dressel-WBG v. Wong*, 2010 WL 11565175 (W.D. Wash. May 25, 2010). There, the Court found that the lead plaintiff had met the requirements for assignee standing where the assignees had executed a document containing both an assignment and power-of-attorney agreement, which irrevocably transferred to the plaintiff "any claim, demand or cause of action" that they had against the defendants and obligated the plaintiff to remit all recoveries to the assignors. *Id*. at *3. The Court found the assignments

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

"indistinguishable from the assignment at issue in *Sprint*" and therefore sufficient to confer valid assignee standing. *Id*. (citing *Sprint*, 554 U.S. at 272);*see also Brown v. Bank of Am., N.A.*, 660 F. App'x 506, 508–09 (9th Cir. 2016) ("The Ninth Circuit does not require 'terms of art . . . for a valid assignment,' . . . 'to prove an effective assignment, the assignee must come forth with evidence that the assignor meant to assign rights and obligations under the contracts.'") (*quoting United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 748 (9th Cir. 1993)); *Britton v. Co–op Banking Grp.*, 4 F.3d 742, 746 (9th Cir. 1993)); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1047 (9th Cir. 2015) ("[T]he assignee of a cause of action stands in the shoes of the assignor . . . and unquestionably has the same standing."); *Dev. Specialists, Inc. v. Meritage Homes Corp.*, 621 F. App'x 434 (9th Cir. 2015) (citing *Sprint*, 554 U.S. at 271 and holding that district court properly concluded that assignee had standing). Accordingly, Mr. Dardi has standing to pursue all of the Dart Trust's claims arising from the purchase of Monolithic securities. In fact, Mr. Dardi is what is known as the "settlor and protector of the trust" affording him certain powers to act under the Dart Trust. The beneficiaries of the Dart Trust are Mr. Dardi's wife and children.[2] *See* Block Decl. Ex. D.

---

[2] Out of an abundance of caution, Mr. Dardi alerts the Court to *Davoodi v. Zeta Glob. Holdings Corp.*, No. 24-CV-8961 (DEH) (S.D.N.Y.), where that court declined to appoint Mr. Dardi as lead plaintiff, despite having the largest financial interest of any movant, because the court found the power of attorney assigned to Mr. Dardi was insufficient to establish Mr. Dardi's authority to bring suit on behalf of the Dart Trust. *See Davoodi v. Zeta Glob. Holdings Corp.*, No. 24-CV-8961 (DEH), 2025 WL 622686, at *2 (S.D.N.Y. Feb. 26, 2025). Mr. Dardi respectfully submits that the *Davoodi* court misapplied the law, and its determination is not binding on this Court. The *Davoodi* court relied on *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008), which held that an investment advisor could not assert the claims of its unrelated clients in its own name without a formal assignment of those claims. This holding is inapplicable to the relationship between Mr. Dardi and the Dart Trust: Mr. Dardi established the Trust to benefit his family, manages its investments, and, as protector and settlor, has the authority to appoint and remove trustees. *See* Block Decl. Ex. D. Notably, neither the *Zeta* court nor competing movants in that case cited any decision requiring an assignment for a settlor to litigate on behalf of their trust, which is a legal instrument—not a legal person capable of bringing suit on its own. Nonetheless, in accordance with established Ninth Circuit precedent, Mr. Dardi has received a valid, irrevocable, assignment of all claims and interests to bring these claims.

MOTION BY MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF -7
CASE NO. 2:25-CV-00220-JLR

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). Like all class members, the Dart Trust purchased Monolithic stock during the Class Period at allegedly inflated prices and suffered damages when Defendants' alleged misconduct came to light. *Id.*, *see* Block Decl. Ex. B, C.

Mr. Dardi will adequately protect the interests of the class. Adequacy under Rule 23 "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Cavanaugh*, 306 F.3d at 730 (quoting Fed. R. Civ. P. 23(a)(4)). Mr. Dardi has a substantial financial interest in the case, and he is committed to vigorously pursuing claims on behalf of the class. As discussed below, he has selected qualified counsel, highly experienced in securities litigation. Mr. Dardi has also submitted a sworn certification with this motion providing information about himself, his background and confirming his desire, willingness, and ability to serve as lead plaintiff. Block Decl. Ex. D. Moreover, Mr. Dardi is not aware of any conflicts between his claims and those asserted by the class.

Mr. Dardi's substantial financial interest, alignment with class interests, and selection of highly qualified counsel demonstrate that he *prima facie* satisfies the Rule 23 inquiries at this stage of the litigation.

B.    The Court Should Approve of Mr. Dardi's Selection of Block & Leviton LLP as Lead Counsel and Tousley Brain Stephens PLLC as Local Counsel.

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732–35. Mr. Dardi has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as Lead Counsel. *See* Block Decl. Ex. F. As recently noted by one district court:

MOTION BY MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF -8
CASE NO. 2:25-CV-00220-JLR

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation, (S.D. Tex.), In re Google Inc. Class C Shareholder Litig. (Del. Ch. Ct.), and In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.).* I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 17-7173(FLW) (D.N.J. May 24, 2018) (ECF No. 21).

Mr. Dardi has also selected as local counsel, Seattle-based Tousley Brain Stephens, a law firm with nationally recognized class action litigation practice and decades of experience litigating in this district. *See* Block Decl. Ex. G; *Napoleon v. Amazon.com, Inc.*, 2024 WL 3652873, at *2 (W.D. Wash. Aug. 5, 2024) ("Tousley Brain Stephens is . . . a known and respected law firm in this Western District . . ."); *Ikuseghan v. Multicare Health System*, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016) (applauding Tousley Brain Stephens' for obtaining "an extraordinarily good result for the class").

Accordingly, the Court should approve of Mr. Dardi's selection of Block & Leviton as Lead Counsel and Tousley Brain Stephens as Local Counsel.

## III.   Conclusion

Mr. Dardi has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Dardi respectfully requests the Court: (1) appoint Mr. Dardi as Lead Plaintiff; (2) approve Mr. Dardi's selection of Block & Leviton LLP as Lead Counsel and Tousley Brain Stephens as Local Counsel; and (3) grant such other relief as the Court may deem just and proper.

I certify that this memorandum contains 3,053 words, in compliance with the Local Civil Rules.

MOTION BY MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF -9
CASE NO. 2:25-cv-00220-JLR

DATED this 7th day of April, 2025.

**TOUSLEY BRAIN STEPHENS PLLC**


By: s/*Kim D. Stephens, P.S.*
    Kim D. Stephens, P.S., WSBA #11984
    kstephens@tousley.com
    Rebecca L. Solomon, WSBA #51520
    rsolomon@tousley.com
    1200 Fifth Avenue, Suite 1700
    Seattle, Washington  98101
    Telephone:  206.682.5600/Fax: 206.682.2992

    Jeffrey C. Block (pro hac vice forthcoming)
    Jacob A. Walker (pro hac vice forthcoming)
    **BLOCK & LEVITON LLP**
    260 Franklin Street, Suite 1860
    Boston, Massachusetts 02110
    (617) 398-5600 phone
    jeff@blockleviton.com
    jake@blockleviton.com

    ***Attorneys for Mirko Dardi and Proposed Lead Counsel for the Class***

MOTION BY MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF -10
CASE NO. 2:25-CV-00220-JLR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992