The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM, on
Behalf of Itself and All Others Similarly Situated,

Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC.,
MICHAEL HSING, and BERNIE BLEGIN,

Defendants.

Case No. 2:25-cv-00220-JLR

RESPONSE IN FURTHER SUPPORT
OF MOTION OF MIRKO DARDI FOR
APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL

Mirko Dardi respectfully submits this memorandum in further support of his motion for appointment as Lead Plaintiff and approval of his selection of lead and liaison counsel and in opposition to the other competing motion.

## I. INTRODUCTION

There are two competing movants seeking appointment as Lead Plaintiff in this Action,[1] Miko Dardi, who lost $280,044.57 on his investment in Monolithic common stock and Waterford Township General Employees Retirement System, which lost $78,970.55.

_____

[1] This case asserts claims for the violations of the federal securities laws against Monolithic Corporation ("Monolithic" or the "Company") and certain of its officers on behalf of a putative class of investors who purchased Monolithic common stock between February 8, 2024, and November 8, 2024, inclusive (the "Class Period").

RESPONSE IN FURTHER SUPPORT OF MOTION OF MIRKO DARDI
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 1

As this Court has found, in selecting a lead plaintiff "[i]t is a contest over money, and which contestant stands to gain more of it." *In re WatchGuard Sec. Litig.*, 2005 WL 8188936, at *1 (W.D. Wash. July 13, 2005) (Robart, J.). It "is not a beauty contest." *Id.* Since Dardi stands to gain more and has made a prima facie showing of his typicality and adequacy, he is the presumptive lead plaintiff.

## II.  ARGUMENT

### A.  Mr. Dardi Has the Largest Financial Interest

Under Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the presumptively most adequate plaintiff is the one who "has the largest financial interest" and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (emphasis in original). "The inquiry is not relative . . . The court is not concerned with which putative class representative would be most adequate or most typical, but only with whether [the movant with the largest losses] meets Ninth Circuit standards." *In re WatchGuard Sec.*, 2005 WL 8188936, at *5.

In assessing a movant's financial interest, this Court has found that "Courts usually consider the following four factors: (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered. Of these four factors, 'courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial interest." *Studen v. Funko, Inc.*, 2023 WL 5306005 at *2 (W.D. Wash. Aug. 17, 2023) (Robart, J.).

RESPONSE IN FURTHER SUPPORT OF MOTION OF MIRKO DARDI
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Here, there can be no dispute that Mr. Dardi has the largest financial interest. He purchased 1,501 shares on a total and net basis, expended $1,195,474.45 to purchase those shares and suffered a loss of $280,044.57. In contrast, Waterford purchased only 270 shares on a total and net basis, expended $172,098.16 to purchase those shares and suffered a loss of $78,970.55.

Given that Mr. Dardi unquestionably has the "most to gain from the lawsuit," *i.e.*, he has the largest financial interest, the Court "then focus[es] its attention on that plaintiff" and determines "based on the information he has provided in his pleadings and declarations whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy'." *In re Outwerwall Inc. et. al. Stockholder Litig.*, 2017 WL 881382 at * 3 (W.D. Wash. Mar. 6, 2017) (Robart, J.). Indeed, "[o]nce the court identifies the plaintiff with the largest financial interest in the litigation, the court's inquiry 'must focus on that plaintiff alone' and is 'limited to determining whether he satisfies the other statutory requirements." *Id.* at *4. If the plaintiff makes a preliminary showing of adequacy and typicality, he is the "presumptive lead plaintiff" and other movants may attempt to rebut that presumption with "proof" that the presumptive lead plaintiff is neither typical, adequate or suffers from other unique defenses. *Id.* at *5.

**B.  Mr. Dardi Satisfies the Requirements of Rule 23**

At the lead plaintiff stage of the litigation, "'the party moving for lead plaintiff . . . need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'" *Studen*, 2023 WL 5306005 at *3. In making this determination, the court "must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of [these] claims." *Id.* (*citing In re Cavanaugh*, 306 F. 3d at 730). Mr. Dardi readily meets these requirements. His claims are typical of the class, and he will fairly and adequately represent its interests.

RESPONSE IN FURTHER SUPPORT OF MOTION OF MIRKO DARDI
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**1.      Mr. Dardi Satisfies Rule 23(a)'s Adequacy Requirement**

Rule 23's "adequacy" requirement is satisfied if "there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Studen*, 2023 WL 5306005 at *4 (*citing Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) (cleaned up); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (stating that the proposed lead plaintiff and their counsel must be willing to "prosecute the action vigorously on behalf of the class"). There are no conflicts of interest between Mr. Dardi and the other putative class members. And Mr. Dardi has certified under penalty of perjury that he is willing to serve as a representative of the putative class and desires to achieve the best possible result in prosecuting the case. Dkt. 26, Ex. D. Mr. Dardi attests that he will not accept any payments for serving as a representative party beyond his pro rata share of any recovery, except for reasonable costs and expenses. *See Studen*, 2023 WL 5306005 at *4; *In re Outerwall Inc. Stockholder Litig.*, 2017 WL 881382 at *5 (W.D. Wash. Mar. 6, 2017) (Robart, J.). He has provided information about himself including where he resides, his education, background and investment experience. *Id.* Furthermore, Mr. Dardi has selected experienced and highly qualified law firms to litigate this case on behalf of the putative class. *See* Dkt. 26, Exs. F, G. Finally, the significant losses suffered by Mr. Dardi ensure his commitment to the zealous prosecution of this case. *See Outerwall*, 2017 WL 881382, at *4–5 (holding that movant who alleged greatest financial loss will "be a vigorous advocate on the putative class's behalf"). Mr. Dardi has made a preliminary showing that satisfies Rule 23's adequacy requirement.

**2.      Mr. Dardi is Typical**

"In addressing the typicality requirement, the court analyzes 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Outerwall*, 2017 WL 881382 at *4 (citing *Hanon v. Dataproducts Corp.*, 976 F.2d

497, 508 (9th Cir. 1992)). "Typicality is achieved where the named plaintiff's claims arise from the same event or course of conduct that gives rise to the claims of the other class members and the claims are based on the same legal theory." *Studen*, 2023 WL 5306005 at *3 (citing *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010)).

Here, Mr. Dardi, like other class members, purchased Monolithic common stock in the open market at prices allegedly inflated by Defendants' misrepresentations and omissions. He bases his claims on the same legal theories as other members of the class: that Defendants' misrepresentations and omissions violated §10(b) and Rule 10b-5. *Studen*, 2023 WL 5306005, at *3–4 (finding movant typical where it purchased defendant's shares during the class period, alleged that defendants' misrepresentations and omissions artificially inflated the stock prices, and suffered economic loss as a result of defendants' misrepresentations and omissions). Mr. Dardi has thus made a *prima facie* showing of typicality.

Accordingly, Mr. Dardi has the largest financial interest in the relief sought by the class and has made a preliminary showing of adequacy and typicality. As such, he is the presumptive lead plaintiff. Waterford will therefore have to provide the Court with proof that Mr. Dardi is neither typical nor adequate or suffers from a unique defense.

Waterford may argue that as an institution, it is "more adequate" than Mr. Dardi as it is an institutional investor with prior experience and filed the first and only complaint. But, as this Court has repeatedly recognized, the "question of 'whether another movant' . . . might do a better job of protecting the interests of the class" is not a proper inquiry. *Outerwall*, 2017 WL 881382 at *7; *In re WatchGuard Sec.*, 2005 WL 8188936 at *5. Rather, Waterford "must prove that [Mr. Dardi] will not be a fair and adequate lead plaintiff going forward." *Outerwall*, 2017 WL 881382 at *7.

Moreover, the text of the PSLRA contains no such preference for institutions. Rather, the PSLRA's mechanism for increasing the likelihood of institutional investor involvement is the presumption that the plaintiff with the largest stake in a given action is the most adequate

RESPONSE IN FURTHER SUPPORT OF MOTION OF MIRKO DARDI
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

plaintiff. "Each of [the PSLRA's] provisions serves the purposes disclosed in the [its] legislative history, and together they are calculated to achieve the very goals the legislative history discusses . . ." *In re Cavanaugh*, 306 F.3d at 731–38 ("Congress enacts statutes, not purposes, and courts may not depart from the statutory text because they believe some other arrangement would better serve the legislative goals."). As the movant with the undisputed largest financial interest who is otherwise typical and adequate, Mr. Dardi is the presumptive lead plaintiff. *See Outerwall*, 2017 WL 881382 at *7 ("[I]t does not matter" if another movant "might be a better lead plaintiff;" rather, he "must affirmatively show" the presumptive lead plaintiff "will not adequately and fairly protect the class's interests.").

### III.  CONCLUSION

Mr. Dardi has the largest financial interest in the relief sought by the class, has made the requisite showing of typicality and adequacy and, as such, is the presumptive lead plaintiff. Waterford must submit proof that Mr. Dardi cannot adequately represent the class and we believe it will be unable to do so.

As such, Mr. Dardi should be appointed Lead Plaintiff and his selection of counsel, Block & Leviton as lead counsel and Tousley Brain Stephens as liaison counsel, should be approved.

I certify that this memorandum contains 1,746 words, in compliance with the Local Civil Rules.

RESPONSE IN FURTHER SUPPORT OF MOTION OF MIRKO DARDI
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 6

Dated: April 22, 2025

TOUSLEY BRAIN STEPHENS PLLC


By: *s/ Kim D. Stephens, P.S.*
    Kim D. Stephens, P.S., WSBA #11984
    kstephens@tousley.com
    Rebecca L. Solomon, WSBA #51520
    rsolomon@tousley.com
    1200 Fifth Avenue, Suite 1700
    Seattle, Washington  98101
    Telephone:  206.682.5600/Fax: 206.682.2992

By: */s/ Jeffrey C. Block*
    Jeffrey C. Block (pro hac vice forthcoming)
    Jacob A. Walker (pro hac vice forthcoming)
    **BLOCK & LEVITON LLP**
    260 Franklin Street, Suite 1860
    Boston, Massachusetts 02110
    (617) 398-5600 phone
    jeff@blockleviton.com
    jake@blockleviton.com

    ***Attorneys for Mirko Dardi and Proposed Lead Counsel for the Class***

RESPONSE IN FURTHER SUPPORT OF MOTION OF MIRKO DARDI
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 7