THE HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONOLITHIC POWER SYSTEMS, INC., et al.,<br><br>Defendants. | No. 2:25-cv-00220-JLR<br><br>CLASS ACTION<br><br>WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION<br><br>NOTE ON MOTION CALENDAR: APRIL 28, 2025 |

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT.........................................................................................................3

    A.    Mirko Dardi Is Ineligible for Appointment as Lead Plaintiff..................................3

        1.    Dardi Has Not Evidenced His Standing to Sue on Behalf of the Dart Trust .......................................................................................4

    B.    The Dart Trust's Post-Disclosure Purchases Subject the Class to Additional Unique Challenges ...................................................................9

    C.    The Retirement System Is the Presumptive Lead Plaintiff Candidate...................11

III.   CONCLUSION...................................................................................................11

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

- i -

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
106 F.3d 11 (2d Cir. 1997)..................................................................................................7

*Americold Realty Tr. v. Conagra Foods, Inc.*,
577 U.S. 378 (2016).............................................................................................................5

*Baydale v. Am. Exp. Co.*,
2009 WL 2603140 (S.D.N.Y. Aug. 14, 2009)..................................................................9

*Bhangal v. Hawaiian Elec. Indus., Inc.*,
2023 WL 8482871 (N.D. Cal. Dec. 7, 2023)............................................................2, 10

*Davoodi v. Zeta Global Holdings Corp.*,
2025 WL 622686 (S.D.N.Y. Feb. 26, 2025)...................................................1, 5, 6, 9

*F.T.C. v. Affordable Media, LLC*,
179 F.3d 1228 (9th Cir. 1999) ...........................................................................................4

*Faris v. Longtop Fin. Techs. Ltd.*,
2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) ...................................................................10

*G & G Prods. LLC v. Rusic*,
902 F.3d 940 (9th Cir. 2018) ...........................................................................................7

*Gen. Motors Corp. v. Cal. State Bd. of Equalization*,
815 F.2d 1305 (9th Cir. 1987) ...........................................................................................4

*Gross v. AT & T Inc.*,
2019 WL 3500496 (S.D.N.Y. July 31, 2019) ..................................................................6

*Hill v. Silver Lake Group, L.L.C.*,
No. 4:20-cv-03766-JSW (N.D. Cal. Dec. 1, 2020)........................................................8

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .........................................................................................1, 3

*In re Cloudera, Inc. Sec. Litig.*,
2019 WL 6842021 (N.D. Cal. Dec. 16, 2019)................................................................3

*In re IMAX Sec. Litig.*,
2009 WL 1905033 (S.D.N.Y. June 29, 2009) ................................................................8

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

- ii -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

**Page**

*In re Mersho*,
6 F.4th 891 (9th Cir. 2021) ...........................................................................................1, 3, 9

*In re Netflix, Inc., Sec. Litig.*,
2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) .................................................................9

*In re Paysafe Ltd. Sec. Litig.*,
2024 WL 1636415 (S.D.N.Y. Apr. 16, 2024).................................................................8

*In re SLM Corp. Sec. Litig.*,
258 F.R.D. 112 (S.D.N.Y. 2009) .................................................................................6, 8

*In re Snap Inc. Sec. Litig.*,
2019 WL 2223800 (C.D. Cal. Apr. 1, 2019) ..............................................................2, 10

*In re Wells Fargo Mortg.-Backed Certificates Litig.*,
712 F. Supp. 2d 958 (N.D. Cal. 2010) ...........................................................................4

*Lundy v. Ideanomics, Inc.*,
2020 WL 7389027 (S.D.N.Y. Dec. 16, 2020) ...........................................................10, 11

*Nelsen v. King Cnty.*,
895 F.2d 1248 (9th Cir. 1990) .......................................................................................4

*Plymouth Cnty. Ret. Ass'n v. Array Techs., Inc.*,
2021 WL 5051649 (S.D.N.Y. Nov. 1, 2021).................................................................8

*Raymond Loubier Irrevocable Tr. v. Loubier*,
858 F.3d 719 (2d Cir. 2017)...........................................................................................5

*S. Ferry LP No. 2 v. Killinger*,
271 F.R.D. 653 (W.D. Wash. 2011) ...........................................................................2, 8

*Steamfitters Loc. 449 Pension Fund v. Cent. European Distrib. Corp.*,
2012 WL 3638629 (D.N.J. Aug 22, 2012) .....................................................................4

*Theodore v. PureCycle Techs., Inc.*,
2021 WL 5259840 (M.D. Fla. Aug. 5, 2021) ................................................................8

*Tsirekidze v. Syntax-Brillian Corp.*,
2008 WL 942273 (D. Ariz. Apr. 7, 2008) .....................................................................11

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

- iii -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

**Page**

*Twede v. Univ. of Wash.*,
  309 F. Supp. 3d 886 (W.D. Wash. 2018)................................................................4

*United States v. All Assets Held at Bank Julius*,
  480 F. Supp. 3d 1 (D.D.C. 2020) .........................................................................6

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
  549 F.3d 100 (2d Cir. 2006)..............................................................................5, 7

*Wilshire Oil Co. of Cal. v. Costello*,
  348 F.2d 241 (9th Cir. 1965) ...............................................................................6

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
  §78u-4(a)(3)(B)(iii)(I)..........................................................................................1

Federal Rule of Civil Procedure
  Rule 23 ........................................................................................... *passim*
  Rule 23(a)............................................................................................................3
  Rule 44.1 ............................................................................................................7

Wash. Rev. Code Ann.
  §7.08.030............................................................................................................7

**SECONDARY AUTHORITIES**

Procedural Laws and Injunctive Remedies – Enforcement of Foreign Judgments,
  3 Asset Protection: Dom. & Int'l L. & Tactics
  §34:77 ..............................................................................................................10

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

- iv -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

## I.    INTRODUCTION

Waterford Township General Employees Retirement System and Mirko Dardi filed motions seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  *See* ECF 22, 25.  The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" who "has the largest financial interest in the relief sought by the class," ***and*** "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)).[1]  Only the Retirement System satisfies ***both*** of the PSLRA's requirements.

While Dardi claims to have suffered a larger loss than the Retirement System, he cannot be appointed lead plaintiff because he is subject to unique standing defenses which preclude the *prima facie* finding of typicality and adequacy mandated by the Ninth Circuit.  *In re Mersho*, 6 F.4th 891, 898-99 (9th Cir. 2021); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  Specifically, Dardi himself did not suffer any losses on an investment in Monolithic Power Systems, Inc. securities.  Rather, he is asserting as his own financial interest the losses of the Dart Trust registered under the Cook Islands International Trusts Act of 1984.  Dardi's assertion that as the Trust's "settlor and protector," he has standing to bring claims on behalf of the Dart Trust was, just weeks ago, determined to be insufficient to allow Dardi's appointment as lead plaintiff.  *Davoodi v. Zeta Global Holdings Corp.*, 2025 WL 622686 (S.D.N.Y. Feb. 26, 2025) (rejecting Dardi's lead plaintiff motion and finding the Dart Trust subject to unique standing defenses).

Hoping to distance himself from that holding*,* Dardi asserts that the "the *Davoodi* court misapplied the law" and that a so-called "Assignment" he obtained shortly before filing the instant motion remedies his defective standing.  ECF 25 at 7 n.2.  Far from curing his uncertain standing, Dardi's introduction of the Assignment adds ***even more*** uncertainty by grounding his standing in the complex interplay of Cook Islands, Washington State, Philippines, and Italian law, further highlighting the ***in***adequacy of Dardi and the Dart Trust.  *See Davoodi*, 2025 WL 622686, at *2 n.1 ("Even if Dart Trust might ultimately be able to show that a Cook Islands trust can bring suit on its

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted.

WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION (2:25-cv-00220-JLR) 4938-3930-2201.v1

- 1 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

own behalf as an independent legal entity, its status nevertheless raises 'complex and novel issues of law which would require extensive factual and foreign legal analysis' and create 'a needless litigation sideshow,' counseling against its appointment as lead plaintiff."). The mere existence of a purported assignment, not only fails to establish standing with certainty, it fails to deliver the certainty of qualification that is required for appointment as the most adequate lead plaintiff. "Even if the Court were to conclude that the assignments cured [Dardi's] standing deficiency, the Court of Appeals could hold otherwise. [Dardi's] standing presents a unique legal issue that could ultimately severely prejudice the class. It is predictable that [Dardi's] standing could become a major focus of the litigation." *S. Ferry LP No. 2 v. Killinger*, 271 F.R.D. 653, 659 (W.D. Wash. 2011). Dardi is therefore not a proper lead plaintiff.

The Dart Trust's trading patterns pose another risk to class members if Dardi is appointed as lead plaintiff. That is because the Dart Trust purchased 99.93% of its Monolithic shares **after** the first alleged partial disclosure of defendants' fraud on October 30, 2024. *Compare* ECF 26-3 *with* ECF 1 at ¶24. In similar situations in which investors purchased a majority of their stock after news of defendants' alleged wrongdoing began leaking out, courts have found that "[d]efendants might argue that the magnitude of [the movant's] post-disclosure purchases could undermine his ability to assert the fraud-on-the-market presumption of reliance," and "[w]ithout the presumption of reliance, proof of individualized reliance from each member of the putative class would be required – which would effectively preclude class certification." *In re Snap Inc. Sec. Litig.*, 2019 WL 2223800, at *2 (C.D. Cal. Apr. 1, 2019); *Bhangal v. Hawaiian Elec. Indus., Inc.*, 2023 WL 8482871, at *3 (N.D. Cal. Dec. 7, 2023) (disqualifying movant who "purchased all his shares of Hawaiian Electric stock after a partial disclosure").

Because Dardi's motion fails to make a *prima facie* showing regarding the Rule 23 requirements, he is ineligible for the PSLRA's most adequate plaintiff presumption. The Retirement System has the largest financial interest of any qualified movant that also satisfies the Rule 23 requirements. The Retirement System's motion should be granted.

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

- 2 -

## II.    ARGUMENT

"The 'most capable plaintiff' – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, *so long as* he meets the requirements of Rule 23." *Cavanaugh*, 306 F.3d. at 729; *Mersho*, 6 F.4th at 898-99.  To identify the presumptively most adequate plaintiff, the Court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 729-30; *Mersho*, 6 F.4th at 901 n.3.  It "must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730, 732 (emphasis in original).  The "district court has latitude as to what information it will consider in determining typicality and adequacy." *Id.* at 732.

### A.    Mirko Dardi Is Ineligible for Appointment as Lead Plaintiff

Mirko Dardi does not trigger the PSLRA rebuttable presumption as he has failed to timely "provide[] information that satisfies the[] [statutory] requirements," that is, "information . . . in his pleadings and declarations" sufficient to demonstrate that he possesses both "the largest financial stake" and satisfies "the Rule 23(a) criteria." *Cavanaugh*, 306 F.3d at 730; *Mersho*, 6 F.4th at 898-900 (same); *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *3 (N.D. Cal. Dec. 16, 2019) ("The Court determines that, although the Boston Group has the largest financial interest in the litigation, it does not meet the adequacy requirement of Rule 23 [and is not the presumptive lead plaintiff].").

While Dardi *claims* to have the largest financial interest of the two movants in this litigation, he did not actually own or purchase any Monolithic shares during the Class Period, nor has he demonstrated that he has standing to sue on behalf of the Dart Trust.  While Dardi offers the Court two separate (and self-contradictory) theories for the Dart Trust's standing, both have been rejected in identical or analogous circumstances, including with respect to the Dart Trust itself.

WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION (2:25-cv-00220-JLR) 4938-3930-2201.v1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

- 3 -

### 1.    Dardi Has Not Evidenced His Standing to Sue on Behalf of the Dart Trust

It is axiomatic that to serve as lead plaintiff, one must have standing to assert claims on behalf of the putative class. *See Nelsen v. King Cnty.*, 895 F.2d 1248, 1250 (9th Cir. 1990) ("If the litigant fails to establish standing, he may not 'seek relief on behalf of himself or any other member of the class.'").[2]    As such, "'[s]tanding is a threshold inquiry and is particularly important in securities litigation, where strict application of standing principles is needed to avoid vexatious litigation and abusive discovery.'" *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 964 (N.D. Cal. 2010). In securities litigation, "[t]here is no greater impediment to a Plaintiff's ability to prosecute a case than a lack of standing." *Steamfitters Loc. 449 Pension Fund v. Cent. European Distrib. Corp.*, 2012 WL 3638629, at *10 (D.N.J. Aug 22, 2012). And, as this Court has previously recognized, "[t]he [p]arty seeking to invoke federal court jurisdiction has the burden of establishing standing." *Twede v. Univ. of Wash.*, 309 F. Supp. 3d 886, 893 (W.D. Wash. 2018).

The Dart Trust is a trust formed pursuant to the International Trusts Act of 1984, a statute governing the creation, operation, and enforcement of trusts in the small South Pacific island nation of Cook Islands.[3]  A tax haven known for its secrecy laws, the Cook Islands offer trust formation benefits such as "not accepting judgments from U.S. courts, and not providing a public registry for trust deeds." *Id.*  Indeed, the Ninth Circuit has found specifically with respect to Cook Islands trusts that the "[t]he 'asset protection' aspect of these foreign trusts arises from the ability of people . . . to frustrate and impede the United States courts by moving their assets beyond those courts' jurisdictions." *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228, 1240 (9th Cir. 1999) (providing background information on the nature of Cook Islands' asset protection trusts).  Mirko Dardi, an

---

[2]    Notably, this is true even when the entities at issue are affiliated.  The Ninth Circuit has "dismissed a parent corporation's action because the parent alleged injury flowing from violations of its subsidiary's rights, not its own." *Gen. Motors Corp. v. Cal. State Bd. of Equalization*, 815 F.2d 1305, 1308 (9th Cir. 1987).

[3]    *See* Alicia Adamczyk, *An isolated island nation is a tax haven for the ultrarich to hide their money*, Fortune (Oct. 21, 2024), https://fortune.com/2024/10/21/the-ultra-rich-hide-their-money-in-this-south-pacific-nation-heres-how-they-do-it/.

WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION (2:25-cv-00220-JLR) 4938-3930-2201.v1

- 4 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA 98101-3052
Telephone: 206/623-1900

Italian citizen residing in the Philippines, is the "settlor and protector" of the Dart Trust and its investment advisor.  The Cook Islands Trust Limited purports to be a trustee of the Dart Trust and Fronzuance Tiseli purports to be an "authorized individual" of Cook Islands Trust Limited.  ECF 26-5.

Dardi does not dispute that he did not purchase any Monolithic securities on his own behalf. Nor does Dardi dispute that the entirety of the roughly $280,000 in losses claimed are based on the Dart Trust's losses.  *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 111 (2d Cir. 2006) (holding that an investment advisor such as Dardi "lacks constitutional standing to bring suit for violations of the federal securities laws in its own name but on behalf of its clients").[4]  In an effort to demonstrate his standing to pursue the Dart Trust's claims, Dardi makes the conclusory claim that he is empowered to bring suit on the Dart Trust's behalf as its "protector and settlor."  ECF 25 at 6-7 n.2.  But this is the ***precise*** basis upon which another federal court just determined Dardi lacks standing to assert the Dart Trust's losses in a lead plaintiff proceeding:

> As an initial matter, Dart Trust has failed to make a preliminary showing that it has standing to pursue the claims on behalf of the class.  Dart Trust is a trust registered under the Cook Islands International Trusts Act of 1984. . . . Traditionally, a trust was considered "a fiduciary relationship between multiple people," not "a distinct legal entity" or a "thing that can be haled into court." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016); *see also Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730 (2d Cir. 2017) (explaining that "a traditional trust is not a legal entity capable of legal action on its own behalf" (quoting Restatement (Second) of Trusts § 2 (1957))).  Thus, "the common law tasks the trustee with bringing suit on behalf of a trust." *Raymond Loubier*, 858 F.3d at 730.  Although some states "have applied the 'trust' label to a variety of unincorporated entities that have little in common with this traditional template," *Americold*, 577 U.S. at 383, Dart Trust has made no showing that it is a non-traditional trust with a separate legal personality.  ***The Court therefore assumes***

---

[4]   *See Davoodi.*, 2025 WL 622686, at *2 ("The trustee granted Dardi limited power of attorney 'to represent the Dart Trust in securities fraud litigation' against Defendant Zeta Global Holdings. . . .  But 'a mere power-of-attorney – i.e., an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor – does not confer standing to sue in the holder's own right.' . . . .  Because Dart Trust has not established Article III standing, it has failed to make a preliminary showing of typicality or adequacy under Rule 23 – it 'faces unique legal issues that other class members do not.'").

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

- 5 -

*that it is a traditional trust, and that any suit must be brought by the trustee on its behalf.*

Here, it is not the Trust's trustee but its "settlor and protector," Mirko Dardi, who purports to act on behalf of the Trust. . . . Because Dart Trust has not established Article III standing, it has failed to make a preliminary showing of typicality or adequacy under Rule 23 – it "faces unique legal issues that other class members do not." *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009) (holding that lead plaintiff found to have lacked Article III standing at the time of appointment "no longer satisfies the adequacy or typicality requirement").

*Davoodi*, 2025 WL 622686, at *1-*2.

Hoping to avoid the same fate as in *Davoodi*, Dardi baldly asserts that District Judge Dale Ho "misapplied the law." ECF 25 at 7 n.2. Dardi fails to elucidate, but other courts presented with the same standing challenges concur with the *Davoodi* court's conclusion that foreign law does not override Article III standing requirements. *See Gross v. AT & T Inc.*, 2019 WL 3500496, at *2 (S.D.N.Y. July 31, 2019) ("[T]he principle that federal law governs Article III standing (like any other doctrine dictated by the United States Constitution) is elementary. . . . Belgian law therefore cannot alter the legal standard by which Article III standing is determined, *i.e.*, the requirement that non-beneficial owners of securities must have a property right in the claims being asserted."); *United States v. All Assets Held at Bank Julius*, 480 F. Supp. 3d 1, 16 (D.D.C. 2020) (finding that a "settlor and protector" of trust formed under Guernsey Law did not confer standing under Guernsey Law to challenge a forfeiture, much less did it confer Article III standing).

Instead of following the *Davoodi* court's guidance to the Dart Trust that its trustee is the proper party to file a lead plaintiff motion on its behalf, 2025 WL 622686, at *1, Dardi again attempts an end-run here by claiming that he "obtained a valid assignment of claims from the Trustee of the Dart Trust." ECF 25 at 6. Dardi's maneuver fails for several reasons. First, Dardi's so-called "Assignment" appears to be little more than the "power of attorney" statement that the *Davoodi* court already rejected because it falls short of the legal requirements for an assignment.[5]

---

[5] Notably, the "Assignment" is only signed by the Assignor, not the Assignee. *See, e,g,, Wilshire Oil Co. of Cal. v. Costello*, 348 F.2d 241, 243 (9th Cir. 1965) (holding that assignment of accounts receivable was invalid under California law if the notice of assignment was not signed by the

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA 98101-3052
Telephone: 206/623-1900

- 6 -

*Compare* ECF 26-5 *with Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17-18 (2d Cir. 1997) (holding that "[i]n order to make a valid assignment, the owner must manifest 'an intention to make the assignee the owner of [the] claim'" and that a "power of attorney" – the "provision by which one person grants another the power to sue on and collect on a claim" – is not equivalent to an assignment and is therefore insufficient to enable the grantee to bring a claim in their own name for standing purposes); *see also W.R. Huff*, 549 F.3d at 108 ("'[t]he grant of a power of attorney . . . is not the equivalent of an assignment of ownership; and standing alone, a power of attorney does not enable the grantee to bring suit in his own name'").   In short, Dardi's "Assignment" is one in name only.

Second, as with Dardi's claim of possessing standing as a "settlor and protector" under Cook Islands Law, Dardi has failed to even attempt to meet his burden of providing the Court with any factual or legal basis to conclude that the so-called "Assignment" is a valid and legally binding assignment under the laws of the relevant jurisdictions.  At best, Dardi places the Court in a Catch-22: either undertake its own far-ranging inquiry and complex determinations of law from the Cook Islands, Washington State, and perhaps even the Philippines and Italy given Dardi's failure to provide the relevant legal authority; or blindly accept Dardi's own assertion that the Assignment is valid.[6]

The unanswered questions regarding Dardi's defective standing precludes his appointment as lead plaintiff because they present "a unique legal issue that could ultimately severely prejudice the

---

assignee, as well as the assignor); Wash. Rev. Code Ann. §7.08.030 (Washington statute providing a substantially required form for assignment, mandating that "[t]he assignment . . . shall include an acceptance of the assignment by the assignee in substantially the following form: The assignee hereby accepts the trust created by the foregoing assignment," and requiring signatures and dates by both assignor and assignee.).

[6]   *See* Fed. R. Civ. P. 44.1 ("party who intends to raise issue about a foreign country's law must give notice"); *G & G Prods. LLC v. Rusic,* 902 F.3d 940, 949 (9th Cir. 2018) ("'Even in the internet age, it would put an extraordinary burden on the court if parties could nakedly invoke foreign law and then delegate the job of figuring it out to the judge and her clerks.  By making clear that the information burden remains at all times on the party invoking foreign law, the scheme effectively instructs parties that they waive the right to rely on foreign law if they don't supply the information needed to determine it.'").

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

- 7 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

class" because "[e]ven if the Court were to conclude that the assignments cured [Dardi's] standing deficiency, the Court of Appeals could hold otherwise." *S. Ferry,* 271 F.R.D. at 659 (denying class representative status in a PSLRA case and finding that "courts in securities class actions have found that the uncertain standing of a class representative creates unique legal issues for that plaintiff and destroys its typicality and adequacy as a class representative"). Courts within the Ninth Circuit and around the country are in accord. *See, e.g.*, *In re Paysafe Ltd. Sec. Litig.*, 2024 WL 1636415, at *6 (S.D.N.Y. Apr. 16, 2024) (finding that Magistrate Judge did not err in holding that movant could be subject to unique defenses based on doubts about the validity of assignments); *Plymouth Cnty. Ret. Ass'n v. Array Techs., Inc.*, 2021 WL 5051649, at *2 (S.D.N.Y. Nov. 1, 2021) ("There is a serious risk that [foreign entity] will be subject to unique standing defenses regarding the invalidity of the Assignment Declaration for failing to convey a property interest [because it] has not established that the Assignment Declaration was sufficient under [foreign] law . . . . Given this uncertainty, the Court finds that there is a non-speculative risk that [entity's] standing could be successfully challenged."); *Theodore v. PureCycle Techs., Inc.*, 2021 WL 5259840, at *3 (M.D. Fla. Aug. 5, 2021) (declining to appoint foreign entity as lead plaintiff because its "allegations regarding an assignment from the fund are conclusory and provide no meaningful information"); *Hill v. Silver Lake Group, L.L.C.*, No. 4:20-cv-03766-JSW, ECF 36 at 5-6 (N.D. Cal. Dec. 1, 2020) ("[e]ven if [Dardi] can ultimately show that the assignments were valid and confer standing, [Dardi] undoubtedly has different defenses than the other class members" and "[t]he litigation over [Dardi]'s standing may prejudice the class at the class certification stage and would, in any case, subject it to highly individualized determinations inapplicable to the rest of the class").[7] In situations like this where there are multiple colorable challenges to Dardi's standing, "disqualification is appropriate." *Paysafe*, 2024 WL 1636415, at *6 (recognizing that "'[t]he proof needed to rebut the presumption

---

[7] *See also In re IMAX Sec. Litig.*, 2009 WL 1905033, at *3 (S.D.N.Y. June 29, 2009) (holding investment advisor was an atypical and inadequate class representative, regardless of whether assignments cured its deficient standing, because its standing issues "could ultimately severely prejudice the class, either at the class certification stage or on some subsequent appeal"); *SLM*, 258 F.R.D. at 116 (holding investment advisor did not satisfy the adequacy or typicality requirements).

WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION (2:25-cv-00220-JLR) 4938-3930-2201.v1

- 8 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA 98101-3052
Telephone: 206/623-1900

need not establish a plaintiff's inadequacy with absolute certainty; instead it is enough that it presents a colorable risk of inadequacy'"); *In re Netflix, Inc., Sec. Litig.*, 2012 WL 1496171 at *5 (N.D. Cal. Apr. 27, 2012) (recognizing there is no requirement at this early stage to "prove a defense, only to show a degree of likelihood that a unique defense might play a significant role at trial").

It is for this very reason that the *Davoodi* court found that an independently sufficient reason to preclude the Dart Trust's appointment was that ***even if*** its standing assertions were preliminarily accepted, the Dart Trust's uncertain entity status "raises 'complex and novel issues of law which would require extensive factual and foreign legal analysis' and create 'a needless litigation sideshow,' counseling against its appointment as lead plaintiff." 2025 WL 622686, at 2 n.2 (quoting *Baydale v. Am. Exp. Co.*, 2009 WL 2603140, at *3 (S.D.N.Y. Aug. 14, 2009)). There is no reason to believe these same issues will not be present in this case. It stands to reason that litigating matters involving a Cook Islands trust with an Italian citizen residing in the Philippines wearing the different hats of assignee and settlor could lead to protracted disputes over issues such as the validity of assignments, the interpretation of foreign trust law, and the enforceability of U.S. court orders in a foreign jurisdiction. Such disputes would divert attention and resources from the merits of the securities fraud case, delaying the resolution of the claims of the actual victims.

On the present record, it is impossible for the Court to even attempt to make the typicality and adequacy determinations required by the PSLRA with respect to Dardi. *Mersho*, 6 F.4th at 899 ("the district court must identify which movant has the largest alleged losses and then determine whether that movant has made a prima facie showing of adequacy and typicality"). Without timely evidencing his standing, Dardi has not made the required Rule 23 showing and cannot trigger the PSLRA's presumption.

### B. The Dart Trust's Post-Disclosure Purchases Subject the Class to Additional Unique Challenges

Even if Dardi was not encumbered with standing uncertainties, the Dart Trust's trading pattern would subject it to unique defenses because the Dart Trust purchased 99.93% of its stock

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

- 9 -

*after* the first alleged partial disclosure on October 30, 2024. *Compare* ECF 26-3 *with* ECF 1 at ¶24. Stated differently, Dardi only began purchasing Monolithic stock after the date that the Complaint asserts the market first began to learn that the Company's Enterprise Data revenue had declined due to a material drop-off in customer orders. ECF 1 at ¶¶23-24. In similar situations in which investors purchased a majority of their stock after the complaint alleges that the news began leaking out, courts have found that "[d]efendants might argue that the magnitude of [the movant's] post-disclosure purchases could undermine his ability to assert the fraud-on-the-market presumption of reliance," and "[w]ithout the presumption of reliance, proof of individualized reliance from each member of the putative class would be required – which would effectively preclude class certification." *Snap*, 2019 WL 2223800, at *2; *Bhangal*, 2023 WL 8482871, at *3 (disqualifying movant who "purchased all his shares of Hawaiian Electric stock after a partial disclosure"); *Lundy v. Ideanomics, Inc.*, 2020 WL 7389027, at *3 (S.D.N.Y. Dec. 16, 2020) ("Sons may be subject to a unique defense because he purchased **all** his class period shares after the June 25, 2020 partial corrective disclosures but before the June 26, 2020 final corrective disclosure.") (emphasis in original); *Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) (rejecting movant who made substantial post-corrective purchases).

Here, the Dart Trust will be subject to the unique defense that it did not actually rely on defendants' alleged misstatements, but rather sought to take advantage of the revelation of the truth, or had other strategic reasons for buying and selling Monolithic stock. The fact that the Dart Trust made 99.93% of its purchases of Monolithic stock mere hours after the truth began to emerge exacerbates the Dart Trust's susceptibility to these arguments. Another factor intensifying the likelihood of the success of these arguments is the location of the relevant discovery in the Cook Islands, a jurisdiction specifically sought after for shielding its subjects from foreign court discovery requests.[8] So "while post-disclosure purchases are not a per se bar to an appointment as lead

---

[8] §34:77. Procedural Laws and Injunctive Remedies – Enforcement of Foreign Judgments, 3 Asset Protection: Dom. & Int'l L. & Tactics §34:77 ("the Cook Islands are not a party to, nor have they consented to the succession of, any treaty requiring production of evidence abroad, or giving of

WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION (2:25-cv-00220-JLR) 4938-3930-2201.v1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA 98101-3052
Telephone: 206/623-1900

- 10 -

plaintiff," they would subject Dardi to unique defenses, because much of the witnesses and discovery relevant to his reliance showing, *i.e.*, the Dart Trust's Declaration of Trust and relevant documents from Cook Islands Trust Limited (Dart Trust's trustee) and Fronzuance Tiseli (the trustee's representative) would be encumbered by the deliberately convoluted standing structure that Dardi created. *Lundy*, 2020 WL 7389027, at *3. This is yet another reason precluding Dardi's appointment as lead plaintiff.

### C.    The Retirement System Is the Presumptive Lead Plaintiff Candidate

The Retirement System not only suffered a substantial loss of $78,970, it satisfies Rule 23 requirements, unquestionably has standing to pursue its own losses, purchased all of its shares before any partial disclosures and held them through the end of the Class Period. Moreover, the Retirement System is an institutional investor with experience serving as lead plaintiff and class representative in securities class actions brought under the PSLRA. The Retirement System has evidenced its ability and willingness to vigorously prosecute this case through its actions to date, *i.e.*, investigating and filing the Complaint in this Action. "[O]ther than pointing out its relatively low[er] financial stake in the litigation," it is unlikely that Dardi will make any argument against the Retirement System's appointment. *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing pension fund as lead plaintiff despite the fact that it did not suffer the greatest financial interest because it "is the first [movant] to meet [the PSLRA's] standards").

### III.    CONCLUSION

Dardi cannot serve as lead plaintiff because he has failed to evidence his standing to bring suit on behalf of the Cook Islands-based Dart Trust and purchased all but 0.07% of his stock after the

---

evidence, or recognition of foreign process relating to service, discovery, examination, or letters rogatory, in either foreign criminal or civil proceedings. In particular, the Cook Islands are not a party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters of 1970, nor to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters of 1965. No agreements exist between the Cook Islands and the United States to provide reciprocal legal assistance for the disclosure of information, for service of judicial proceedings, for letters rogatory, for discovery or taking of evidence, or for enforcement of any judgment of a United States court.").

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

- 11 -

Complaint alleges defendants' wrongdoing began leaking into the market, subjecting Dardi to multiple unique defenses. Consequently, Dardi's motion should be denied.

The Retirement System's motion should be granted.

DATED: April 22, 2025

Respectfully submitted,

KELLER ROHRBACK L.L.P.
JULI E. FARRIS (WSBA #17593)
DEREK W. LOESER (WSBA #24274)


*s/ Juli E. Farris*
JULI E. FARRIS

1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
Telephone: 206/623-1900
jfarris@kellerrohrback.com
dloeser@kellerrohrback.com

*Liaison Counsel*

I certify that this memorandum contains 4,532 words, in compliance with the Local Civil Rules.

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN (admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

- 12 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA 98101-3052
Telephone: 206/623-1900

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN (admitted *pro hac vice*)
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
cbdunn@asherkellylaw.com

*Additional Counsel*

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM'S
OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTION (2:25-cv-00220-JLR)
4938-3930-2201.v1

- 13 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900