THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,

Plaintiff,

vs.

MONOLITHIC POWER SYSTEMS, INC., et al.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:25-cv-00220-JLR

CLASS ACTION

THE RETIREMENT SYSTEM'S REPLY IN FURTHER SUPPORT OF ITS LEAD PLAINTIFF MOTION

NOTE ON MOTION CALENDAR: April 28, 2025

THE RETIREMENT SYSTEM'S REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION (2:25-cv-00220-JLR)
4905-0196-9212

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

## I.    INTRODUCTION

Mirko Dardi fails to overcome the substantial legal and factual deficiencies that preclude his appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Dardi is not merely a movant with standing *questions* – he is a movant whose standing has been *rejected* in identical circumstances by another federal court, and whose trading activity subjects him to significant and unique defenses.

Dardi's reliance on the size of his alleged losses on opposition is unavailing.  *See* ECF 27 (Dardi's opposition failing to address standing concerns).  The PSLRA's presumption applies only if the movant satisfies Rule 23's requirements of typicality and adequacy.  Dardi does not.  His ownership interest is derived entirely through a foreign trust formed under the laws of the Cook Islands, and his purported assignment of claims is facially inadequate and legally untested.  Further, his trading pattern – comprised almost entirely of post-disclosure purchases – presents additional barriers to class representation.  In contrast, Waterford Township General Employees Retirement System (the "Retirement System") is a paradigmatic lead plaintiff: an institutional investor with significant losses, a demonstrated commitment to the litigation, and no legal entanglements that would impair its ability to represent the class.

## II.    ARGUMENT

Despite devoting much of his brief to a restatement of general PSLRA principles, Dardi fails to directly address the most critical issue: he has no clear standing to sue on behalf of the Dart Trust. As another court recently held, Dardi, in his capacity as "settlor and protector" of a Cook Islands trust, lacks Article III standing to pursue federal securities claims – a ruling that was squarely based on the Dart Trust and the same underlying legal theory advanced here.  *See Davoodi v. Zeta Global Holdings Corp.*, 2025 WL 622686, at *1-*2 (S.D.N.Y. Feb. 26, 2025).

Dardi's response rests heavily on a single document he refers to as an "Assignment."  But as the Retirement System's opposition demonstrated, the document is substantively indistinct from the power-of-attorney arrangement already rejected in *Davoodi*.  It is signed only by the trustee, not the

THE RETIREMENT SYSTEM'S REPLY IN
FURTHER SUPPORT OF LEAD PLAINTIFF
MOTION (2:25-cv-00220-JLR)
4905-0196-9212

\- 1 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

assignee; it contains no analysis of governing law; and it makes no showing that the assignment is valid or enforceable under the relevant jurisdiction's laws.  Dardi offers no legal authority – much less proof – to establish that the document conveys legal ownership of the claims in question.  That omission is fatal.

Courts have consistently held that plaintiffs with unresolved standing or ownership issues cannot serve as lead plaintiffs.  *See, e.g., In re Paysafe Ltd. Sec. Litig.*, 2024 WL 1636415, at *6 (S.D.N.Y. Apr. 16, 2024) ("'colorable risk of inadequacy'" due to standing suffices to rebut PSLRA presumption); *S. Ferry LP No. 2 v. Killinger*, 271 F.R.D. 653, 659 (W.D. Wash. 2011) (uncertain standing "presents a unique legal issue that could ultimately severely prejudice the class").[1]

Even if Dardi could somehow establish standing, he would still be subject to an individualized defense not shared by other class members: he is rendered atypical due to the timing of his stock purchases.  The Dart Trust acquired 99.93% of its Monolithic shares after the first partial disclosure on October 30, 2024 – the date the Complaint alleges the truth began to emerge.  Courts have routinely found that such post-disclosure purchases may undermine a plaintiff's ability to invoke the fraud-on-the-market presumption of reliance and thereby threaten class certification.  *See Alghazwi v. Beauty Health Co.*, 2024 WL 1984879, at *5 (C.D. Cal. May 2, 2024) ("This substantial post-disclosure increase in the Browns' position could, as other courts have found in similar circumstances, undermine the Browns' ability to invoke the fraud-on-the-market presumption of reliance."); *In re Snap Inc. Sec. Litig.*, 2019 WL 2223800, at *2 (C.D. Cal. Apr. 1, 2019); *Bhangal v. Hawaiian Elec. Indus., Inc.*, 2023 WL 8482871, at *3 (N.D. Cal. Dec. 7, 2023).

The risk here is compounded by the fact that the relevant trading and trust documentation is governed by Cook Islands law – yet another layer of uncertainty and complexity that Dardi does not address.  The combination of timing and jurisdictional obstacles creates precisely the kind of "'needless litigation sideshow'" courts seek to avoid in appointing lead plaintiffs.  *See Davoodi*, 2025 WL 622686, at *2 n.1.

---

[1]   Unless otherwise noted, all emphasis is added and citations are omitted.

THE RETIREMENT SYSTEM'S REPLY IN
FURTHER SUPPORT OF LEAD PLAINTIFF
MOTION (2:25-cv-00220-JLR)
4905-0196-9212

- 2 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

Dardi asserts that, by virtue of his alleged losses, he is entitled to the PSLRA's presumption of most adequate plaintiff. But this presumption arises only where the movant makes a prima facie showing of both typicality and adequacy. *See In re Cavanaugh*, 306 F.3d 726, 730-32 (9th Cir. 2002). Dardi's standing defects and susceptibility to unique defenses render such a showing impossible.

In contrast, the Retirement System has made an unequivocal and timely showing that it satisfies the PSLRA's requirements. It suffered substantial losses on its purchases of Monolithic stock during the Class Period, is a sophisticated institutional investor with experience prosecuting securities class actions, and evidenced its adequacy by investigating and initiating this lawsuit. The Retirement System is a single-employer defined benefit public pension fund managing more than $70 million in assets for the benefit of hundreds of plan participants, retirees, and beneficiaries. The Retirement System has extensive experience serving as lead plaintiff in securities class actions. *See Waterford Township Gen. Emps. Ret. Sys. v. SunTrust Banks, Inc.*, No. 1:09-cv-00617-TWT, ECF 21 (N.D. Ga. Aug. 31, 2009) (appointing the Retirement System as lead plaintiff); *Casula v. athenahealth, Inc.*, No. 1:10-cv-10477-GAO, ECF 19 (D. Mass. June 3, 2010) (same). Thus, the Retirement System "is a sophisticated institutional investor, which is 'exactly the type of lead plaintiff envision[ed] by Congress when it instituted the lead plaintiff requirements.'" *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1076 (W.D. Wash. 2011). As the only movant capable of representing the class without distraction, delay, or legal uncertainty, the Retirement System's motion should be granted.

THE RETIREMENT SYSTEM'S REPLY IN
FURTHER SUPPORT OF LEAD PLAINTIFF
MOTION (2:25-cv-00220-JLR)
4905-0196-9212

- 3 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

## III.   CONCLUSION

Dardi has failed to meet the PSLRA's requirements.  His appointment would expose the class to significant risk due to unresolved standing questions, individualized defenses, and complex foreign law issues.  The Court should appoint the Retirement System as Lead Plaintiff and approve its selection of counsel.

DATED:  April 28, 2025

Respectfully submitted,

KELLER ROHRBACK L.L.P.
JULI E. FARRIS (WSBA #17593)
DEREK W. LOESER (WSBA #24274)


*s/ Juli E. Farris*
JULI E. FARRIS

1201 Third Avenue, Suite 3400
Seattle, WA  98101-3268
Telephone:  206/623-1900
jfarris@kellerrohrback.com
dloeser@kellerrohrback.com

*Liaison Counsel*

I certify that this memorandum contains 993 words, in compliance with the Local Civil Rules.

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN (admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

THE RETIREMENT SYSTEM'S REPLY IN
FURTHER SUPPORT OF LEAD PLAINTIFF
MOTION (2:25-cv-00220-JLR)
4905-0196-9212

- 4 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN (admitted *pro hac vice*)
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
cbdunn@asherkellylaw.com

*Additional Counsel*

THE RETIREMENT SYSTEM'S REPLY IN
FURTHER SUPPORT OF LEAD PLAINTIFF
MOTION (2:25-cv-00220-JLR)
4905-0196-9212

- 5 -

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400, Seattle, WA  98101-3052
Telephone: 206/623-1900