The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM, on
Behalf of Itself and All Others Similarly Situated,

Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC.,
MICHAEL HSING, and BERNIE BLEGIN,

Defendants.

Case No. 2:25-cv-00220-JLR

REPLY IN SUPPORT OF MOTION OF
MIRKO DARDI FOR APPOINTMENT
AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF
COUNSEL

NOTE ON MOTION CALENDAR:
April 28, 2025

## I. ARGUMENT

### A. Dardi Is the Presumptive Lead Plaintiff

Dardi has the largest financial interest in the relief sought by the class. He has made a *prima facie* showing of his typicality and adequacy. Dardi also has standing to bring securities fraud claims against defendants in this action. His Assignment expressly provides that the Dart Trust "hereby irrevocably assigns, transfers, and sets over to Mirko Dardi, the Dart Trust's Protector and Settlor, title to, ownership of, and all rights, title and interest of the Dart Trust, in any and all claims, demands, and causes of action of any kind whatsoever which the Dart Trust has or may have arising from violations under the federal securities laws of the United States of

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

America in connection with the purchase of the publicly traded securities of Monolithic Power Systems, Inc." Dkt. 26-5, Exhibit E. The court in *Perkumpulan Investor Crisis CenterDressel-WBG v. Wong* denied a motion to dismiss on the grounds that a foreign plaintiff did not have standing to pursue fraud claims on behalf of investors where defendant argued that the assignment of claims was invalid. 2010 WL 11565175 at \*3 (W.D. Wash. May 25, 2010). The same is true here. The Dart Trust has assigned "any and all claims, demands, and causes of action of any kind whatsoever" to Dardi, so he has Article III standing to bring these claims. *Brown v. Bank of Am., N.A.*, 660 F. App'x 506, 508–09 (9th Cir. 2016); *Britton v. Co–op Banking Grp.*, 4 F.3d 742, 746 (9th Cir. 1993); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1047 (9th Cir. 2015); *Dev. Specialists, Inc. v. Meritage Homes Corp.*, 621 F. App'x 434 (9th Cir. 2015).

Waterford is less than candid with the Court in citing to *Davoodi.* The court there found that Dardi was merely provided with a power of attorney to act on behalf of the trust which did not convey Article III standing on him. The bold and italicized portion from the *Davoodi* court's decision is misleadingly omitted from Waterford's quote from the decision:

> Here, it is not the Trust's trustee but its "settlor and protector," Mirko Dardi, who purports to act on behalf of the Trust. See Dardi Decl. ¶ 2; id. Ex. A. ***The trustee granted Dardi limited power of attorney "to represent the Dart Trust in securities fraud litigation" against Defendant Zeta Global Holdings. Id. Ex. A. But "a mere power-of-attorney—i.e., an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor—does not confer standing to sue in the holder's own right." W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP,*** 549 F.3d 100, 108 (2d Cir. 2008). Because Dart Trust has not established Article III standing, it has failed to make a preliminary showing of typicality or adequacy under Rule 23—it "faces unique legal issues that other class members do not."

*Davoodi*, 2025 WL 622686 at \*2.

Since Dardi received a full claim assignment here, he has standing to bring the Dart Trust's claims as his own.

REPLY IN SUPPORT OF MOTION OF MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**B.  Waterford Fails to Rebut the Presumption in Favor of Dardi**

The timely and irrevocable assignment Dardi received is sufficient to confer standing. The Trustee assigned Dardi the claims arising from the purchases of Monolithic securities "lock, stock, and barrel." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 275-86 (2008).

Dardi obtained this assignment before moving for lead plaintiff. Courts have routinely recognized that such assignments are timely to establish standing. *See Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814, at *5–6 (N.D. Ill. June 26, 2018) (collecting cases); *Rieckborn v. Velti PLC*, 2013 WL 6354597, at *3 n.8 (N.D. Cal. Dec. 3, 2013). Courts regularly appoint the recipients of irrevocable and timely assignments of legal claims as lead plaintiffs in securities class actions. *See, e.g.*, *Xu v. FibroGen, Inc.*, 2021 WL 3861454, at *7 (N.D. Cal. Aug. 30, 2021); *Markette v. XOMA Corp.*, 2016 WL 2902286, at *4 (N.D. Cal. May 13, 2016); *Velti PLC*, 2013 WL 6354597 at *3. Even Waterford's own case, *Faris v. Longtop Financial Technologies, Ltd.*, 2011 WL 4597553 at *5 (S.D.N.Y. Oct. 4, 2011), recognizes that a valid assignment confers Article III standing on an investment advisor.

Waterford nonetheless claims that Dardi's assignment "falls short of the legal requirements for an assignment." Opp. at 6. It cites *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17–18 (2d Cir. 1997) for the proposition that "[i]n order to make a valid assignment, the owner must manifest 'an intention to make the assignee the owner of [the] claim.'" But that is what the assignment here does. *See* Dkt. 26-5 ("irrevocably assign[ing], transfer[ing], and set[ting] over to Mirko Dardi . . .. title to, *ownership of*, and all rights, title and interest of the Dart Trust . . .") (emphasis added).

Waterford also claims that the assignment is faulty because it lacks Dardi's signature, citing an utterly irrelevant Washington statute that governs the assignment of claims from financially insolvent businesses to assignees that will handle their assets (an alternative process

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

to formal bankruptcy). Opp. at 6 n.5.[1] Alternatively, it asserts that the inclusion of a power of attorney along with the assignment somehow invalidates the assignment, *see* Opp. at 6-7, an argument clearly at odds with established precedent involving assignee standing. In fact, Judge Coughenour unambiguously rejected the very same argument in *Perkumpulan*, holding that the inclusion of a power of attorney in an assignment is of no matter, and an argument to the contrary "fails to take account of the facts the Supreme Court confronted in *Sprint*." 2010 WL 11565175 at *3 (citation omitted).

The cases Waterford cite in support of Dardi's purported "defective standing," Opp. at 7, are inapposite, as they involve facially invalid assignments or a failure to submit the signed assignment. *See, e.g., In re Paysafe Ltd. Sec. Litig.*, 2024 WL 1636415, at *7 (S.D.N.Y. Apr. 16, 2024) (upholding appointment of the movant with largest losses, and finding that assignee movant, with lesser losses, was potentially subject to unique defenses where the assignments at issue were "silent as to revocability"); *Theodore v. Purecycle Techs., Inc.*, 2021 WL 5259840, at *3–4 (M.D. Fla. Aug. 5, 2021) (denying assignee's lead plaintiff motion where it failed to include the purported assignments, holding that its "allegations regarding an assignment from the fund are conclusory and provide no meaningful information"); *Hill v. Silver Lake Group, L.L.C.*, No. 4:20-cv-03766-JSW, ECF No. 36 at 5 (N.D. Cal. Dec. 1, 2020) (assignee broker's typicality rebutted where he purportedly received initial assignments from his clients orally and did not submit assignments in writing until after lead plaintiff motions were filed, and where the assignments showed irregularities).

In *South Ferry LP No. 2 v. Killinger*, 271 F.R.D. 653, 658 (W.D. Wash. 2011), the only in-district case on which Waterford relies, the court held "a valid assignment can cure an investment-adviser plaintiff's standing deficiency in securities class actions . . ." The narrow

---

[1] *Compare* RCW 7.08.030 *with* RCW 4.08.080 ("Any assignee or assignees of any judgment, bond, specialty, book account, or other chose in action, for the payment of money, by assignment in writing, *signed by the person authorized to make the same*, may, by virtue of such assignment, sue and maintain an action or actions in his or her name . . .") (emphasis added).

REPLY IN SUPPORT OF MOTION OF MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 4

issue which the court's analysis turned on was the validity of certain assignments under German law. But the fact-intensive analysis in *South Ferry*, rooted in German law, is inapplicable here. Waterford attempts to muddy the waters by offhandedly suggesting that Dardi's standing is "ground[ed] . . . in the complex interplay of Cook Islands, Washington State, Philippines, and Italian law." Opp. at 1. Not so: Dardi has submitted an assignment from the Trustee of the Dart Trust that irrevocably conveys all claims arising from the Trust's purchases of Monolithic securities to him. Philippine and Italian law are wholly irrelevant, and to the extent that Cook Islands law applies—given that the Trust and Trustee are located there and the assignment was signed there—it clearly authorizes such assignments. *See* Block Reply Decl., Ex. B at §19B ("Where a trust instrument authorises [sic] a trustee to delegate any or all of that trustee's powers, duties, functions or discretions, then that trustee may delegate any or all of such powers, duties, functions and discretions . . ."); *see also id.*, Ex. C ("[P]ursuant to Article 6.1 of the Dart Trust Agreement, the Trustee is empowered . . . to delegate any or all of the its powers, duties, functions or discretions . . . the assignment and transfer of such legal claims by the Trustee on behalf of the Dart Trust to Mirko Dardi, executed on March 19, 2025, was made within the scope of the Trustee's authority under the Trust Agreement.").

Waterford's conclusory and unsupported assertions regarding Dardi's standing fall far short of its burden of proving the Dardi is not the most adequate plaintiff. *See In re Outerwall Inc. et. al. Stockholder Litig.*, 2017 WL 881382 at *5 (W.D. Wash. Mar. 6, 2017). Dardi has received a timely, irrevocable assignment conveying ownership over claims relating to the purchase of Monolithic securities from the Trustee of the Dart Trust. Dkt. 26-5. The authority of the Trustee to assign such claims is clearly established under relevant Cook Islands law and the precedent set forth in *Davoodi*. *See* 2025 WL 622686 at *1 ("[A]ny suit must be brought by the trustee on [the Dart Trust's] behalf."). Dardi plainly has standing and is otherwise typical and adequate.

REPLY IN SUPPORT OF MOTION OF MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Waterford's objections are not only unpersuasive, they are disingenuous. Its counsel has repeatedly represented and secured appointment for lead plaintiff movants whose losses were based on claims assignments analogous to those at issue here. *See, e.g., Yang v. Tr. for Advised Protfolios*, 2022 WL 970772, at *4 n.3 (E.D.N.Y. Mar. 31, 2022); *Sokolow*, 2018 WL 3141814, at *5–8; *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2017 WL 5759361, at *7–12 (N.D. Ohio Nov. 28, 2017) (all appointing Robbins Geller in securities cases with assignments).

**C. Dardi's Purchases After October 30, 2024 Do Not Raise Unique Defenses**

Waterford contends that because Dardi made "post disclosure purchases" of 1,500 of his total 1,501 shares, that he is atypical and suffers from a unique defense because he purchased almost all of his shares after disclosure "of the *relevant truth*. . ." Opp. at 10 (emphasis added).

But according to Waterford, the relevant truth was not revealed on October 30. Instead, "the price of Monolithic common stock remained artificially inflated" until the relevant truth was revealed on November 11, 2024, when additional corrective news was released. Dkt. 1 at ¶¶ 47, 52.

Dardi purchased one share of Monolithic stock on October 21, 2024, and the remaining 1,500 shares on October 31, 2024, the very day on which Waterford alleges defendants made additional false and misleading statements. *Id.* at ¶ 50. Waterford misleads by suggesting that Dardi purchased Monolithic stock after "the truth was revealed." This is inaccurate as the truth was not fully revealed, according to Waterford, until November 11, 2024.

"Many courts in this circuit have held that the proposed class representative's purchases of stock after adverse disclosures do not destroy typicality." *Weston*, 348 F.R.D. at 366 (N.D. Cal. 2024) (collecting cases); *see also In re Connetics Corp. Sec. Litig.*, 257 F.R.D. 572, 576–77 (N.D. Cal. 2009).

REPLY IN SUPPORT OF MOTION OF MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 6

This timeline places him squarely within the proposed class and supports typicality. *See Schneider v. Champignon Brands Inc.*, 2021 WL 4935160, at *3–4 (C.D. Cal. June 29, 2021); *Ferreira v. Funko, Inc.*, 2020 WL 3246328, at *6 (C.D. Cal. June 11, 2020) (collecting cases).

Waterford cites *Snap, Hawaiian Elec., Ideanomics, Longtop*—to argue courts do not appoint investors who purchased a significant amount of stock after a partial corrective disclosure. But Waterford's argument poses two problems: *First*, these cases are contrary to the majority view. *See, e.g. Weston*, 348 F.R.D. at 366. *Second*, there were no allegations that the defendants made *additional* false and misleading statements after the partial corrective disclosure in these cases.

That makes this case different. Claiming that investors who purchased after additional false statements were made on October 31 are subject to unique defenses undermines Waterford's allegations and puts Waterford at odds with the very class it seeks to represent.

## CONCLUSION

The Court should reject Waterford's attempts to challenge Mr. Dardi's status as the presumptive lead plaintiff and should grant his motion.

I certify that this memorandum contains 2,089 words, in compliance with the Local Civil Rules.

DATED this 28th day of April, 2025.

**TOUSLEY BRAIN STEPHENS PLLC**

By: _s/ Kim D. Stephens, P.S._
Kim D. Stephens, P.S., WSBA #11984
kstephens@tousley.com
Rebecca L. Solomon, WSBA #51520
rsolomon@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: 206.682.5600/Fax: 206.682.2992

REPLY IN SUPPORT OF MOTION OF MIRKO DARDI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

By: */s/ Jeffrey C. Block*
Jeffrey C. Block (pro hac vice forthcoming)
Jacob A. Walker (pro hac vice forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, Massachusetts 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

***Attorneys for Mirko Dardi and Proposed Lead
Counsel for the Class***

REPLY IN SUPPORT OF MOTION OF MIRKO DARDI FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL - 8