# Exhibit B

# INTERNATIONAL TRUSTS ACT 1984

as amended 1985, 1989, 1991, 1995-96 & 1999

Compiled by: Southpac Trust Limited (February 1999)
P. O. Box 11, Avarua, Rarotonga, Cook Islands
Telephone: (682) 20514, Fax: (682) 20667

© Copyright: Southpac Trust Limited

# ANALYSIS

## PART 1
## PRELIMINARY

1.    Short title
2.    Interpretation
3.    Saving of existing laws
4.    Registrar and Deputy Registrar
5.    Application of this Act

## PART II
## MODIFICATION OF THE LAWS
## APPLICABLE TO INTERNATIONAL TRUSTS

6.    Perpetuity period
7.    Execution of a trust instrument
8.    Abolition of the rule against double possibilities
9.    Abolition of the rule against accumulations
10.   Application of the rule in Saunders v Vautier
11.   Power of revocation
12.   Charitable and purpose trusts
13.   Recording of title
13A.  Bankruptcy
13B.  Fraud
13C.  Retention of control and benefits by settlor
13D.  Foreign judgements not enforceable
13E.  Heirship rights
13F.  Spendthrift beneficiary
13G.  Governing law
13H.  Matters determined by governing law
13I.  Exclusion of foreign law
13J.  Community property
13K.  Commencement of proceedings

## PART III
## REGISTRATION
## OF TRUSTS

14.   Application for registration
15.   Registration
16.   Certificate of registration
17.   Registration of trust instrument
18.   Registered office
19.   Proceedings by or against international trust

## PART IIIA
## TRUSTEES

19A.  Trustee's duties to beneficiaries
19B.  Delegation
19C.  Investments
19D.  Trustee's majority decisions
19E.  Trustee's limitation of liability
19F.  Custodian trustees
19G.  Advisor to trustees
19H.  Holding of title to property
19I.  Protection of trust property
19J.  Protection for third parties

## PART IV
## PROTECTOR

20.   Protector of a trust
21.   Consent of beneficiaries

## PART V
## MISCELLANEOUS

22.   Resident beneficiaries
23.   Privacy
24.   Translations
25.   No action to lie against certain person(s)
26.   Power of exemption
27.   Prohibition by Minister
27A.  Guarantee by Crown
27B.  Application of other enactments
27C.  Trust records
28.   Penalties
29.   Regulations

SCHEDULE

**INTERNATIONAL TRUSTS ACT (1984)**
**and Amendments (1985, 1989, 1991, 1995-96 & 1999)**
**(Compilation February 1999)**

**An Act to provide for International Trusts**

BE IT ENACTED by the Parliament of the Cook Islands in Session assembled, and the authority of the same, as follows:

PART I
PRELIMINARY

**1. Short title** - This Act may be cited as the International Trusts Act 1984.

**2. Interpretation** - (1) In this Act, unless the context otherwise requires:

**"Commissioner"** means the Commissioner for Offshore Financial Services appointed pursuant to the Offshore Financial Services Act 1998;

**"Court"** means the High Court of the Cook Islands;

**"dispose** and **disposition"** in relation to property includes:

(a)     every form of conveyance, transfer, assignment, sale, gift, lease, licence, easement, profit, mortgage, charge, pledge, encumbrance or other transaction absolute or limited by which any legal or equitable interest in property is created, transferred or extinguished;

(b)     the disposal of an interest in or right over property by the exercise of a power of appointment, power of maintenance, power of advancement or other authority; and also includes the conferring or variation or surrender of such powers or authority;

(c)     a contract to make any such disposition referred to in paragraph (a) or (b);

**"foreign company"** means a foreign company under the International Companies Act 1981-84;

**"formalities"** in relation to a disposition of property means the documentary and other actions required generally by the laws of a relevant jurisdiction for all dispositions of like form concerning property of like nature, without regard to:

(a)     the fact that the particular disposition is made in trust;

(b)     the terms of the trust;

(c)     the circumstances of the parties to the disposition;

(d)     the rights interest or any claim in the property or against the person making the disposition held by a creditor; or

(e)     any other particular circumstances, but includes any special formalities required by reason that the party effecting the disposition is not of full age, is subject to a mental or bodily infirmity or is a corporation;

**"governing law"** has the same meaning as the expression "proper law";

**"heirship right"**  means any right, claim or interest in, against or to property of a person arising or accruing in consequence of that person's death, other than any such right, claim or interest created by will or other voluntary disposition by such person or resulting from an express limitation in the disposition of the property of such person;

**"interested party"** means, in relation to any trust, any settlor, donor, trustee, protector, beneficiary, and any person claiming through any one of such persons.

**"international trust"** means a trust which is registered under this Act and in respect of which:

3

(a)    at least one of the trustees, including a custodian trustee, or in the case of a disposition granting powers of appointment, maintenance or advancement, at least one of the donors or holders of a power of appointment or power of maintenance or power of advancement, is either:

(i)    a registered foreign company; or

(ii)    an international company; or

(iii)    a trustee company; and

(b)    the beneficiaries are at all times non-resident;

and shall include, where the context so permits, a trust which is established or settled under the laws of another jurisdiction, but which, subject to paragraphs (a) and (b) of this definition, is registered as an international trust under this Act;

**"judgement"** means a judgement or order given or made by a court in any civil proceedings, or a judgement or order given or made by a court in any criminal proceedings and includes an award in proceedings on an arbitration if the award has, in pursuance of the law in force in the place where it was made, become enforceable in the same manner as a judgement given by a court in the place;

**"Minister"** means the Minister of Finance;

**"Monetary Board"** means the Cook Islands Monetary Board established under the Cook Islands Monetary Board Act 1981;

**"non resident"** means:

(a)    an individual not domiciled in the Cook Islands;

(b)    an individual not ordinarily resident in the Cook Islands;

(c)    an international company;

(d)    a foreign company;

(e)    a trustee company; or

(f)    a subsidiary of a trustee company being either an international company or a foreign company;

**"personal relationship"** includes every form of relationship by blood or marriage, including former marriage, and in particular a personal relationship between two persons exists if:

(a)    one is the child of the other, natural or adopted (whether or not the adoption is recognised by law), legitimate or illegitimate; or

(b)    one is married to the other (whether or not the marriage is recognised by law); or

(c)    one cohabits with the other or so conducts himself or herself in relation to the other as to give rise in any jurisdiction to any rights, obligations or responsibilities analogous to those of parent and child or husband and wife; or

(d)    personal relationships exist between each of them and a third person,

but no change in circumstances causes a personal relationship, once established, to terminate;

**"power of appointment"** includes a discretionary power to transfer, grant or create a beneficial interest in property, with or without the furnishing of valuable consideration by the beneficiary of the power, including a power, the exercise of which is subject to the consent of a third party;

**"prescribed"** means prescribed by regulation or in the absence of such regulation as may be determined by the Registrar;

**"property"** includes an estate or interest in real or personal property and includes any thing in action;

**"protector"** in relation to an international trust means a person who, by whatever name or title:

(a)    has the power to appoint or remove a trustee, or

(b)    directly or indirectly controls, whether by power of veto or otherwise, the trustees' exercise of one or more of their powers, functions or discretions under the trust, or

(c)        holds the office of protector in accordance with subsection 20(1);

**"publish"** means to produce and issue, by whatever means, and whether for sale or not and includes to report as part of any law report or reports;

**"Registrar"** means the Registrar of International Trusts and includes a Deputy Registrar;

**"registered foreign company"** means a foreign company registered pursuant to Part X of the International Companies Act 1981-82;

**"settlor"** in relation to an international trust means and includes an assignor of property to an international trust and each and every person who, directly or indirectly, on behalf of himself or on behalf of any other or others, as owner or as the holder of a power in that behalf, disposes of property to be held in such trust or declares or otherwise creates such trust;

**"trust"** includes all trusts, settlements, dispositions of or in relation to property,  dispositions granting powers of appointment, maintenance or advancement, powers in the nature of trusts or coupled with a trust and powers of appointment including a general power, whether testamentary or created inter vivos; and the expressions **"trust"** and **"trustee"** shall extend to resulting, implied and constructive trust, and to cases where the trustee has a beneficial interest in the trust property and to the duties incident to the office of personal representative; and "trustee" where the context admits, includes that personal representative and the donor or holder of a power, including a general power of appointment;

**"trust instrument," "instrument"** or **"registered instrument"** means the deed, trust agreement, will, codicil, settlement or instrument establishing or creating a trust and includes any variation or amendment to such deed, trust agreement, will, codicil, settlement or instrument;

**"trustee company"** means a company registered as a trustee company under the provisions of the Trustee Companies Act 1981-82 and, except in relation to section 15, includes a wholly owned subsidiary of a trustee company nominated pursuant to section 4A of the Trustee Companies Act 1981-82.

(2) Every reference to an instrument trust or disposition shall, unless the context otherwise requires, include every variation or amendment thereto.

**3. Saving of existing laws** - The laws applicable to trusts in force in the Cook Islands shall apply to international trusts except in so far as they are inconsistent with or have been modified by the provisions of this Act.

**4. Registrar and Deputy Registrar** - (1)  The Registrar of International and Foreign Companies appointed pursuant to section 8 of the International Companies Act 1981-82 shall be the Registrar of International Trusts.

(2) A Deputy Registrar of International and Foreign Companies and any officer appointed pursuant to section 8 of the International Companies Act 1981-82 shall be a Deputy Registrar of International Trusts, or officers as the case may be for the purposes of this Act.

(3) Anything authorised or required to be done by the Registrar under this Act may be authorised or done by a Deputy Registrar.

(4) All courts, judges and persons acting judicially shall take judicial notice of the seal and also the signature of the Registrar and any Deputy Registrar.

**5. Application of this Act** - (1)  Unless the context otherwise requires, and subject to section 15, the provisions of this Act shall apply to:

(a)        international trusts registered pursuant to section 15; and

(b)        all registered instruments whether they take effect on, before or after the commencement of
           this Act;

(c)        any disposition to or by an international trust;

(d)        all questions and matters relating to or concerning an international trust.

**[NOTE: See Explanatory Note #1 at end of this Compilation]**

5

(2) A trust registered under this Act shall be a valid trust notwithstanding that it may be invalid according to the law of the settlor's domicile or residence or place of current incorporation.

(3) In determining the existence and validity of a trust registered under this Act the Court shall apply;

(a)        the provisions of this Act; and

(b)        any other law of the Cook Islands; and

(c)        any other law, which would be applied;

if to do so would validate the trust.

PART II
MODIFICATION OF THE LAWS APPLICABLE
TO INTERNATIONAL TRUSTS

**6. Perpetuity period** - (1)  Notwithstanding any rule of law or equity to the contrary, the rule of law known as the rule against perpetuities or remoteness of vesting, and the rule of law known as the rule against perpetual trusts or against inalienability, shall each have no application to an international trust.

(2)Notwithstanding subsection (1), a trust instrument may make provision for vesting of all or any part of the property of the trust upon such terms as are prescribed by the trust instrument including, but not limited to, provision for  -

(a)        a period within which the property of a trust shall vest in any beneficiary of the trust; or

(b)        the happening of an event upon which the property of the trust shall vest in any beneficiary of the trust; or

(c)        the property of the trust not to vest in any beneficiary of the trust or the trust not to terminate.

(3) Where a trust would, except for this subsection, be held by the Court to be void for uncertainty because of its terms relating to termination of the trust or vesting of the property of the trust, and such uncertainty would be removed by imposing a date for termination of that trust, then the trust shall terminate on the date 100 years from the date of creation of the trust, and the property of the trust shall vest in the beneficiaries on that date, unless termination or vesting occurs earlier in accordance with the trust instrument.

(4)Where a period or an event is specified within, or at the end of, or upon which the property of a  trust shall vest in a beneficiary or where subsection (3) applies then, the property of the trust then remaining shall vest in the beneficiary in accordance with the provision which specifies that period or event (as the case may be), or in accordance with subsection (3), and such vesting shall apply in relation to all property then remaining of that trust and every general or special power of appointment under that trust shall be exercised in a manner consistent therewith.

(5)Without limiting any other rights conferred on trustees to vary a trust instrument, the trustees of an international trust may, with the prior consent of the interested parties, or if permitted by the trust instrument, vary the terms of the trust instrument to make provision :

(a)        for a period being not less than the existing period provided for in the trust instrument within which the property of the trust shall vest in any beneficiary of the trust; or

(b)        for the happening of an event being an event that will occur beyond the period within which the property of the trust would otherwise vest in the beneficiaries and upon the happening of which the property of the trust shall vest in any beneficiary of the trust; or

(c)        to remove the period within which the property of the trust shall vest in any beneficiary.

(6)Except where there is express provision to the contrary contained in the trust instrument, where the proper law of an international trust is to be changed from that of the Cook Islands to that of another jurisdiction, the trustees may with the consent of the interested parties, or if permitted by the trust instrument, vary the terms of the trust instrument to provide for a lesser period in which the then remaining property of the trust shall vest in any beneficiary so as not to infringe the law of that other jurisdiction.

**[NOTE: See also Explanatory Note #2 at end of this Compilation]**

**7. Execution of a trust instrument** - Notwithstanding any rule of law or equity to the contrary and except where there is express provision to the contrary contained in the trust instrument, a trust instrument  and any counterpart thereof (whether an original or copy including a facsimile copy) may be executed by the settlor, trustee and any other parties thereto at different times and in different places whether within or outside  the Cook Islands and a trust instrument so executed and a trust thereby created, established or settled whether registered before or after the coming into force of this Act shall be as valid as if the trust instrument were executed by the settlor and those parties simultaneously at the time the trust instrument was executed by the settlor, and at a place within the Cook Islands.

**8. Abolition of the rule against double possibilities** -  The rule of law prohibiting the limitation, after a life interest of an unborn person, of an interest in land to the unborn child or other issue or an unborn person is hereby abolished, but without prejudice to any other rule relating to perpetuities.

**9. Abolition of the rule against accumulations**  -  (1)  Where property is settled or disposed of in such manner that the income thereof may or shall be accumulated wholly or in part, the power or direction to accumulate that income shall be valid if the disposition of the accumulated income is or may be valid but not otherwise.

(2) Nothing in this section shall affect the power of any person to terminate an accumulation that is for that person's benefit, or any jurisdiction or power of the Court to maintain or advance out of accumulations, or any powers of a trustee under any Act or law or under any instrument creating a trust or making a disposition.

(3) For the purposes of this Act the following enactments are repealed;

(a)        Sections 41 and 42 of the Property Law Act 1952;

(b)        Sections 2 of the Property Law Amendment Act 1963.

(4) The enactments repealed by subsection (3) of this section and the corresponding provisions of any former enactment shall be deemed in connection with the law applicable to international trust never to have applied to any power to accumulate.

**10. Application of the rule in Saunders v Vautier** -  (1) Notwithstanding any rule of law or equity to the contrary, where a trust instrument empowers a trustee to accumulate income, or to refrain from making any distribution of capital or income until a specified date or event, or where any provision of the trust instrument otherwise prevents the making of any distribution of capital or income, notwithstanding that a beneficiary may, but for this section, otherwise be entitled to that accumulation or distribution, the trustee may, in his absolute discretion, subject to any other express terms of the instrument, give effect to that direction as he thinks fit notwithstanding that a beneficiary shall request the trustee to immediately distribute the accumulation or distribution and will give a valid discharge to the trustee for such distribution.

(2) Notwithstanding anything contained in any Act to the contrary or any rule of law or equity, the power to vary the terms of a trust or disposition so as to vary or remove the discretion to accumulate income or distribute capital of the trust or to modify or remove the discretion of the trustee to accumulate income or distribute capital shall have no application where subsection (1) of this section applies.

**11. Power of revocation** -  Unless an international trust contains an express power of revocation it shall be deemed to be irrevocable by the settlor and his legal personal representatives notwithstanding that it is voluntary.

**12. Charitable and purpose trusts** -  (1)  Notwithstanding any rule of law to the contrary, an international trust shall be deemed to be charitable or for purposes which are charitable where it is a trust substantially for one or more of the following objects or purposes, namely:

(a)        for the relief of poverty;

(b)        for the advancement of education;

(c)        for the advancement of religion;

(d)        for other purposes beneficial to the community;

notwithstanding that the object or purposes may not be of a public nature or for the benefit of the public, but may be for the benefit of a section of the public or members of the public, or that it may also benefit privately one or more persons or objects or persons within a class of persons or is liable to be defeated whether by the

7

exercise of a power of appointment or disposition or that the trustee has the power to defer the enjoyment of any charity or other beneficiary of the trust for any period not exceeding the term of the trust, and notwithstanding further that the trust may be discretionary or contingent upon the happening of any event.

(2) Notwithstanding any rule of law or equity to the contrary, a trust settled or established by a non-resident of the Cook Islands shall not be void or voidable by virtue of the fact that the trust fund shall be held for a purpose or purposes, whether charitable or not; and any trust so created shall be enforceable on the terms set out in the trust instrument by the person or persons named in the instrument establishing the trust as the person or persons appointed to enforce the trust and the trust shall be enforceable at the instance of the person or persons so named notwithstanding that such person or persons are not beneficiaries under the trust.

(3) A person appointed to enforce the trust may resign or be removed or replaced in accordance with the trust instrument.

(4) If the person appointed to enforce the trust resigns, or is removed, or is unwilling, refusing, unfit or unable to act, and if no successor can be appointed in accordance with the trust instrument, the trustees shall forthwith apply to the Court for directions or for another person or persons to be appointed by the Court to enforce the trust, and the Court shall be empowered to make an order appointing a person or persons to enforce the trust on such terms it sees fit, and pending appointment by the Court the Attorney-General shall be entitled, on such terms as he may require, to enforce the trust with the same rights and powers as the person appointed under the trust instrument to enforce the trust.

**13. Recording of title** - **(**1)  For the purposes of identification and ease of administration, the trustees of an international trust may adopt a name for that trust.

(2) A trust instrument may authorise the trustees to cause the ownership or title of property of the trust to be recorded or registered in the name of that international trust rather than in the name of the trustees.

(3) Where the trustees of a trust cause the ownership or title of property of that trust to be recorded or registered in the name of that trust, the trustees shall where permitted by the jurisdiction of the relevant registry lodge with the relevant registry or recording authority an affidavit, which affidavit shall contain the following particulars, namely:

(a)      the name of the international trust;

(b)      the names and addresses of all the trustees;

(c)      whether fewer than all the trustees are authorised to act on behalf of and in the name of the trust in any acquisition, conveyance, encumbrance, lease or other dealing with the property and if so -

   (i)      designate the trustees or the manner in which the trustees shall be designated;
   (ii)     specify the limitations (if any) upon the authority of such trustees;
   (iii)    be executed by all the trustees named pursuant to paragraph (b);

(d)      where the affidavit does not provide for the matters contained in paragraph (c) then it shall be executed by at least one trustee named therein.

(4) Upon lodging an affidavit with the relevant registry or recording authority the affidavit shall constitute prima facie evidence of the facts recited therein, the authority of the deponent to execute and lodge the affidavit, and the authority of the trustees who are thereby empowered to convey or otherwise act on behalf of the trust insofar as the same affects title to any interest in the property.

(5) Subject to subsection (3), where an interest in property is recorded or registered in the name of an international trust, such interest shall only be conveyed, encumbered, leased or otherwise dealt with in the name of the trust by an instrument executed by all the trustees named in the affidavit.

(6) Where an interest in property is recorded or registered in the name of an international trust pursuant to the trust instrument, the legal title to that property shall be deemed to be held by the trustees.

(7) In the event of a change in any of the particulars contained in an affidavit under subsection (3), the trustees for the time being shall provide a further affidavit in accordance with that subsection.

**13A. Bankruptcy** - Notwithstanding any provision of the law of the settlor's domicile or place of ordinary residence or the settlor's current place of incorporation and notwithstanding further than an international trust is voluntary and without valuable consideration being given for the same, or is made on or for the benefit of the settlor, settlor's spouse, or children of the settlor or any of them, an international trust and a disposi-

tion to an international trust shall not be void or voidable in the event of the settlor's bankruptcy, insolvency or liquidation (other than in the case of an international company registered pursuant to the International Companies Act 1981-82 that is in liquidation) or in any action or proceedings at the suit of creditors of the settlor but shall remain valid and subsisting and take effect according to its tenor subject to the provisions of section 13B.

**13B. Fraud** - (1) Where it is proven beyond reasonable doubt by a creditor that an international trust settled or established or property disposed to an international trust

(a)      was so settled, established or disposed by or on behalf of the settlor with principal intent to defraud that creditor of the settlor; and

(b)      did at the time such settlement, establishment or disposition took place render the settlor insolvent or without property by which that creditor's claim (if successful) could have been satisfied, then such settlement, establishment or disposition shall not be void or voidable and the international trust shall be liable to satisfy the creditor's claim out of the property which, but for the settlement establishment or disposition, would have been available to satisfy the creditor's claim and such liability shall only be to the extent of the interest that the settlor had in the property prior to settlement, establishment or disposition and any accumulation to the property (if any) subsequent thereto.

(2) In determining whether an international trust, settled or established or a disposition, has rendered the settlor insolvent or without property by which a creditor's claim (if successful) may be satisfied, regard shall be had to the fair market value of the settlor's property, (not being property of or relating to the trust) at the time immediately after the settlement, establishment or the disposition referred to in subsection (1)(b) and in the event that the fair market value of such property exceeded the value of the creditor's claim, at that time, after the settlement establishment or disposition, the trust so settled or established or the disposition shall for all purposes be deemed not to have been so settled, established or the property disposed of with intent to defraud the creditor.

(3) An international trust settled or established and a disposition to such trust shall for all purposes be deemed not to have been so settled or established, or the property disposed of with intent to defraud a creditor

(a)      if settled, established or the disposition takes place after the expiration of 2 years from the date that creditor's cause of action accrued; or

(b)      where settled, established or the disposition takes place before the expiration of 2 years from the date that the creditor's cause of action accrued, that creditor fails to commence in a court of competent jurisdiction proceedings in respect of that creditor's cause of action before the expiration of 1 year from the date such settlement, establishment or disposition took place,

provided that this subsection shall not have effect if, and subject to subsection (5), at the time of settlement, establishment, or disposition, as the case may be, proceedings in respect of that creditor's cause of action against that settlor have already been commenced in a court of competent jurisdiction.

(4) An international trust settled or established and a disposition of property to such trust shall for all purposes be deemed not to have been so settled or established, or the property disposed of with intent to defraud a creditor if the settlement, establishment or disposition of property took place before that creditor's cause of action accrued.

(5) A settlor shall not have imputed to him an intent to defraud a creditor, solely by reason that the settlor

(a)      has settled or established a trust or has disposed of property to such trust within two years from the date of that creditor's cause of action accruing;

(b)      has retained, possesses or acquires any of the powers or benefits referred to in paragraphs (a) to (f) of section 13C;

(c)      is a beneficiary, trustee, or protector;

(d)      has settled or established a trust, or has disposed of property to such trust, at a time when proceedings in respect of that creditor's cause of action against that settlor have already been commenced in a court of competent jurisdiction.

(6)  Where an international trust is liable to satisfy a creditor's claim in the manner provided for in subsection

(1)

(a)      the creditor's rights to recovery shall be limited to that property referred to in subsection (1), or to the proceeds of that property, to the exclusion of any rights against the trustees of the international trust or any of them, against any other property of the international trust, or against any other of the

9

property or assets of the trustees of the international trust, or any of them;

(b)    where the international trust is unable to satisfy the creditor's claim by reason of the fact that the property referred to in subsection (1) has been disposed of, other than to a bona fide purchaser for value, then any such disposition shall be void.

(7) For the purpose of this section the onus of proof of the settlor's intent to defraud the creditor lies on the creditor.

(8) For the purposes of this section and section 13K:

(a)    the date of the cause of action accruing shall be, the date of that act or omission which shall be relied upon to either partly or wholly establish the cause of action, and if there is more than one act or the omission shall be a continuing one, the date of the first act or the date that the omission shall have first occurred, as the case may be, shall be the date that the cause of action shall have accrued;

(b)    the term "cause of action" means the earliest cause of action capable of assertion by a creditor against the settlor of an international trust or, as the case may be, against the settlor of property upon an international trust, by which that creditor has established (or may establish) an enforceable claim against that settlor;

(c)    where a creditor has, or asserts, or could have asserted, multiple or successive causes of action against a settlor (whether by virtue of the nature of the relevant circumstances of the case, or by reason of having attained the status of a judgement creditor in respect of one or more of such causes of action, or by reason of asserting or being able to assert an allegedly fraudulent settlement of or disposition to an international trust, or otherwise), the entitlement of such a creditor to relief under this section shall be determined, and the periods referred to in this section shall be calculated, with reference to one only of the creditor's causes of action, being that cause of action which accrued first in time in accordance with paragraph (b);

(d)    nothing in paragraphs (b) or (c) shall apply so as to affect the right or requirement of a creditor to commence separate proceedings under this section in relation to a cause of action which is separate from and independent of another cause of action where the Court is satisfied, having regard to paragraph (c), that both the circumstances out of which the cause of action arose and the subject matter of that cause of action are wholly unrelated to those of the other cause of action.

(9) The provisions of this section shall apply to all civil actions and proceedings brought in the Court in which fraud, deceit, unconscionable conduct or any other inequitable conduct however described or any species of unjust enrichment is alleged, against any person (whether a party to the proceedings or not) with regard to the settlement or establishment of an international trust or the disposition of property to such a trust, or receipt of property by or for such a trust (or subsequent disposition of property from such a trust with the intention of prejudicing creditors of the settlor of such property or such trust), and the remedy conferred by subsection (1) shall be the sole remedy available in such an action or proceedings, to the exclusion of any other relief or remedy against any party to the relevant action or proceeding.

(10) The provisions of this section shall operate to the exclusion of any other remedy, principle or rule of law, whether provided for by statute, or founded in equity or in common law including, for the avoidance of doubt, the imposition of a constructive trust upon any interested party or the recognition and enforcement of any constructive trust imposed or recognised by the laws of any other jurisdiction.

(11) Subject to section 16(6), the provisions of this section shall apply to every international trust, and to every trust which having been registered as an international trust, is no longer so registered, and in respect of all dispositions to such a trust.

(12) For the purposes of this section the term "creditor" means a creditor of the settlor and includes any person who alleges a cause of action against a settlor.

(13) A creditor seeking to enforce a claim under this section in reliance on a foreign judgement may not enforce such claim until such time as it can demonstrate to the reasonable satisfaction of the court that,

(a)    it has exhausted all remedies available to it against the settlor's remaining property, and

(b)    all rights of appeal against that foreign judgement have been exhausted.

(14) For the purposes of assessing the liability of an international trust to a creditor under this Section, where the amount of that creditor's claim against the settlor is, wholly or partly, in any way related to or evidenced by a foreign judgement, the Court in making any award in favour of that creditor shall disregard and exclude any amount awarded in that foreign judgement to that creditor which comprise any form of exemplary,

vindictive, retributory or punitive damages (by whatever name), or is an amount of damages arrived at by doubling, trebling or otherwise multiplying a sum assessed as compensation for the loss or damage (which types of damage are in this section together called "punitive damages").

(15) The burden of proof shall be on a creditor to establish that an amount awarded in a foreign judgement does not wholly or partly comprise punitive damages.

(16) Subsection (14) shall not apply if, at the time of settlement, establishment, or disposition, as the case may be, an award of punitive damages has already been made in a foreign judgement against a settlor.

**[NOTE: The Statute of Elizabeth (enactment titled, 13 Elizabeth I Ch 5 (1571)) and Section 60 of the Property Law Act 1952 have no application to international trusts registered after 1991 by virtue of the Amendment Acts of 1991 and 1995-96.]**

**13C. Retention of control and benefits by settlor** - An international trust and a registered instrument shall not be declared invalid or a disposition declared void or be affected in any way by reason of the fact that the settlor, and if more than one, any of them, either:

(a)        retains, possesses or acquires a power to revoke the trust or instrument;

(b)        retains, possesses or acquires a power of disposition over property of the trust or the subject of the instrument;

(c)        retains, possesses or acquires a power to amend the trust or instrument;

(d)        retains, possesses or acquires any benefit interest or property from the trust or any disposition or pursuant to the instrument;

(e)        retains, possesses or acquires the power to remove or appoint a trustee or protector;

(f)        retains, possesses or acquires the power to direct a trustee or protector on any matter;

(g)        is a beneficiary, trustee or protector of the trust or instrument either solely or together with others.

**13D. Foreign judgements not enforceable** - Notwithstanding the provisions of any treaty or statute, or any rule of law, or equity, to the contrary, no proceedings for or in relation to the enforcement or recognition of a judgement obtained in a jurisdiction other than the Cook Islands against any interested party shall be in any way entertained, recognised or enforced by any Court in the Cook Islands to the extent that the judgement:

(a)        is based upon the application of any law inconsistent with the provisions of this Act or of the Trustee Companies Act 1981-2; or

(b)        relates to a matter or particular aspect that is governed by the law of the Cook Islands.

**13E. Heirship rights** - No international trust or any aspect of such trust governed by the laws of the Cook Islands and no disposition of property to be held upon the trusts thereof is void, voidable, liable to be set aside or defective in any fashion, nor is the capacity of any settlor to be questioned by reason that such trust or disposition may avoid or defeat the right, claim or interest of a person held by reason of a personal relationship to the settlor or by way of heirship rights.

**13F. Spendthrift beneficiary** - (1) For the purposes of this Act, and notwithstanding any rule of law or equity to the contrary, it shall be lawful for an instrument or disposition to provide that any estate or interest in any property given or to be given to any beneficiary shall not during the life of that beneficiary, or such lesser period as may be specified in the instrument or disposition, be alienated or pass by bankruptcy, insolvency or liquidation or be liable to be seized, sold, attached, or taken in execution by process of law and where so provided such provision shall take effect accordingly.

(2) Where property is given subject to any of the restrictions contained in subsection (1), the right to derive income from such property by a beneficiary and any income derived therefrom shall not pass by bankruptcy, insolvency or liquidation or be liable to be seized, attached or taken in execution by process of law.

(3) Where property is given subject to a restriction against alienation then the right to derive income from that property shall not be alienated for as long as that restriction remains in force.

(4) A restriction imposed by this section or by an instrument or disposition that property or the right to derive income from such property shall not be alienated or that such property or the right to derive income or the

11

income from such property shall not pass by bankruptcy, insolvency or liquidation or be liable to be seized, sold or attached or taken in execution by process of law may, at any time after such property has been given, be removed if provided for in the instrument or disposition and in the manner specified therein.

**13G. Governing law** - (1) In determining the governing law of an international trust, regard shall first be had to the terms of that trust and to any evidence therein as to the intention of the parties; and the other circumstances of an international trust may be taken into account only if the terms of the trust fail to provide such evidence.

(2) A term of an international trust expressly selecting the laws of the Cook Islands to govern the trust is valid, effective and conclusive regardless of any other circumstances.

(3) Where a trust instrument so provides, or where in accordance with the powers contained in a trust instrument, the law of the Cook Islands is chosen to govern a particular aspect of an international trust, and laws other than that of the Cook Islands are chosen to govern other aspects of that trust, then the choice of Cook Islands law and the choice of that other law as to their respective aspects shall be valid, effective and conclusive regardless of any other circumstances.

(4) Where a trust instrument contains a power to change the governing law of that trust, that law may be changed to or from the law of the Cook Islands in accordance with that power, and that change shall be valid, effective and conclusive according to the terms of such power.

(5) A change in governing law shall not affect the legality or validity of, or render any person liable for, anything done before the change.

(6) A change in the governing law of a  trust shall not of itself interrupt the continuity of the relationships whether in equity or law established by the trust and, without limitation, shall not constitute a resettlement of the trust.

(7) Subject to any other provision of this Act, the application of the governing law of a trust to that trust prior to a change in that governing law shall not be affected by that change.

(8) The disposition of any property to or from a trust in accordance with the governing law of that trust at the time of the disposition shall not be avoided or otherwise invalidated by a subsequent change from that governing law to some other law.

(9) Where the donee of a power to change or cause to change the governing law of a trust exercises that power in accordance with the terms of the power so conferred,  then the exercise of that power by the donee shall be deemed to have been properly exercised.

(10) The location of the interested parties, selection or imposition of jurisdiction, place of administration, or the situation of the property of the trust shall not in any way affect the validity or effect of a choice of the governing law of a trust made in accordance with the trust instrument.

(11) Where the governing law of a trust is changed to or from the law of the Cook Islands, the trustees shall be empowered to make all such consequential alterations or additions to the trust instrument as the trustees shall consider necessary or desirable to ensure the provisions, rights, liabilities, powers and obligations of and under the trust instrument shall be as valid and effective under the new governing law as they were under the previous governing law.

(12) Where a trust instrument contains provision for the governing law of  a trust to change upon a determination being made in accordance with the trust deed as to either

(a)        the happening or non-happening of a specified event; or

(b)        a state of affairs coming into existence,

and that determination as to the happening or non-happening of the event or the existence of the state of affairs is so made, then that provision shall take effect accordingly.

(13) Nothing in this section shall affect the application of section 13K(5) to an international trust.

**13H. Matters determined by governing law** - (1) All questions arising in regard to an international trust which is for the time being governed by the laws of the Cook Islands or in regard to any disposition of property upon the trusts thereof including, without prejudice to the generality of the foregoing, questions as to:-

(a)    subject to subsection 2(c), the capacity of any settlor;

(b)    any aspect of the validity of the trust or disposition or the interpretation or effect thereof;

(c)    the administration of the trust, whether the administration be conducted in the Cook Islands or elsewhere, including questions as to powers, obligations, liabilities and rights of trustees and their appointment and removal; or

(d)    the existence and extent of powers, conferred or retained, including powers of variation or revocation of the trust and powers of appointment, and the validity of any exercise thereof,

are to be determined according to the laws of the Cook Islands, without reference to the laws of any other jurisdictions with which an international trust or disposition may be connected.

(2) Subject to the provisions of this Act subsection (1) shall:

(a)    not validate any disposition of property which is neither owned by the settlor nor the subject of a power in that behalf vested in the settlor, nor does that subsection affect the recognition of foreign laws in determining whether the settlor is the owner of such property or the holder of such a power;

(b)    take effect subject to any express contrary term of the trust or disposition;

(c)    as regards the capacity of a corporation, not affect the recognition of the laws of its place of incorporation;

(d)    not affect the recognition of foreign laws prescribing generally (without reference to the existence or terms of the trust) the formalities for the disposition of property;

(e)    not validate any trust of real property or disposition or transfer of real property situated in a jurisdiction other that the Cook Islands which is void ab initio accordance to the laws of such jurisdiction;

(f)    not validate any testamentary trust or testamentary disposition which is invalid according to the laws of the testator's domicile.

(3) A disposition of property located at a place beyond the Cook Islands to an international trust or a trust that shall subsequently become an international trust shall if made in accordance with the law of that place governing such disposition be deemed to be a valid disposition notwithstanding any law of the Cook Islands to the contrary.

**13I. Exclusion of foreign law** - Without limiting the generality of section 13H, it is expressly declared that no international trust governed by the laws of the Cook Islands and no disposition of property to be held upon the trust thereof is void, voidable, liable to be set aside or defective in any fashion nor may relief be had under section 13B, nor is the capacity of any settlor to be questioned by reason that:

(a)    the laws of any foreign jurisdiction prohibit or do not recognise the concept of a trust either in part or in whole; or

(b)    the international trust or disposition avoids or defeats rights, claims or interests conferred by the law of a foreign jurisdiction upon any person, or contravenes any rules or foreign law or any foreign judicial administrative order or action intended to recognise, protect, enforce or give effect to any such rights, claims or interests; or

(c)    the laws of the Cook Islands or the provisions of this Act or the principal Act are inconsistent with any foreign law.

**13J. Community property** - (1) Where a husband and wife transfer property to an international trust or a trust that subsequently becomes an international trust and immediately before being transferred, such property or any part or any accumulation thereto is, pursuant to the law of its location or the law of either of the transferors' domicile or residence, determined to be community property, then notwithstanding such transfer and subject to the terms of the trust deed, that property and any accumulation thereto shall, for the purposes of giving effect to that law, be deemed to be community property and be dealt with in a manner consistent with that law but in every other respect shall be dealt with in accordance with the trust deed and the governing law of that deed.

(2) Notwithstanding anything to the contrary herein contained, nothing herein shall be construed so as to cause the trust, the trust fund, the trustees or any of them, the protectors or any of them, to be liable or obligated for any debt or responsibility of the settlor merely by reason of this section.

13

**13K. Commencement of proceedings** - (1) No action or proceedings, whether pursuant to this Act or at common law or in equity, to

(a)      set aside the settlement of an international trust, or

(b)      set aside any disposition to any international trust, or

(c)      seek relief or remedy under section 13B,

shall be commenced, unless such action or proceedings is commenced

(d)      in the High Court of the Cook Islands; and

(e)      before the expiration of 2 years from the date of

         (i)      the settlement of the international trust, or
         (ii)     the disposition to the international trust,

as the case may be.

(2) No action or proceedings whether pursuant to this Act or at common law or in equity shall be commenced by any person

(a)      claiming to have had an interest in property before that property was settled upon or disposed to an international trust; and

(b)      seeking to derive a legal or equitable interest in that property,
         unless such action or proceedings is commenced

(c)      in the High Court of the Cook Islands; and

(d)      before the expiration of 2 years from the date that the property referred to in paragraphs (a) and (b) was settled upon or disposed to an international trust.

(3) No action or proceeding (whether substantive or interlocutory in nature) to which either this section or section 13B applies shall be heard, and no order shall be made or granted by the Court in respect of or relating to such action or proceeding (including any injunction or order that shall have the effect of preventing the exercise of, or the granting or restoring of, any right, duty, obligation or power, or of preserving, granting custody of, or detaining or inspecting any property, including for the avoidance of doubt any Anton Pillar order or any Mareva injunction) unless the Court having regard to the affidavit filed pursuant to subsection (4) shall first be satisfied, beyond reasonable doubt that:

(a)      commencement of the action or proceedings is not precluded by the provisions of subsections (1) or (2); and

(b)      the remedy or relief sought is not precluded by the provisions of subsection (6);
         and in any action or proceedings to which section 13B applies that;

(c)      the remedy or relief sought is not precluded by the provisions of section 13B; and

(d)      the evidence as disclosed by the affidavit demonstrates the ability of the plaintiff to prove those matters necessary to establish a right to relief under section 13B(1).

(4)  In every action or proceeding to which this section applies, or to which section 13B applies, the person or persons bringing the same (in this subsection referred to as the "plaintiff") shall, upon the commencement of such proceedings, file an affidavit which shall be made by the plaintiff or by any one of them (or in the case of a corporate plaintiff, by an officer thereof) who shall depose as to:

(a)      the facts and circumstances giving rise to the action or proceedings;

(b)      whether an action or proceedings have been commenced in any other jurisdiction between any of the parties to the action or proceedings or by any party against the settlor of any relevant trust or of property upon any relevant trust;

(c)      such of the circumstances of the plaintiff as are or may be relevant to determine the quantum of security to be paid by the plaintiff or if there is more than one plaintiff, any one or more of them,

either as non-residents, or in connection with the making of any interim order; and

(d)    the date upon which the international trust or property, in respect of which the action or proceedings is brought, was settled or disposed of to the relevant international trust, as the case may be;

and in any case to which section 13B applies, the following further matters:

(e)    the facts and circumstances of the creditor's cause of action, and if the creditor shall have multiple or successive causes of action, the facts and circumstances of the creditor's cause of action which accrued first in time (as defined by and determined in accordance with section 13B);

(f)    the date upon which that creditor's cause of action accrued; and

(g)    whether an action or proceedings have been commenced in any jurisdiction in respect of that creditor's cause of action and if so, the date upon which that action or those proceedings were commenced.

(5) Notwithstanding any other provision of this Act, the provisions of this section and sections 13A to 13J inclusive of those sections, shall apply to every international trust governed, or expressed to be wholly or partly governed, by the law of the Cook Islands, including a trust that formerly was not wholly or partly governed by the law of the Cook Islands but in respect of which the governing law of the trust has been changed (whether before or after registration) so that the trust, or any aspects of it, are governed, or expressed to be governed, by the law of the Cook Islands, and, without limiting the generality of the foregoing and notwithstanding any other law to the contrary, after the date of registration:

(i)    the settlement or establishment of such trust;

(ii)    every disposition to such trust, including any disposition occurring before the date of registration or the change of law;

(iii)    every proceeding commenced after the date of registration concerning such settlement, establishment or disposition

shall be subject to the provisions of this section and of sections 13A to 13J inclusive of those sections as if upon the date that such settlement, establishment or disposition occurred, the trust was an international trust governed wholly and exclusively by the law of the Cook Islands.

(6) In any action or proceedings commenced, whether pursuant to this Act or at common law or in equity wherein the usual or appropriate remedy (whether sought or not) would be either:

(a)    the setting aside of the settlement of, or disposition to, an international trust; or

(b)    the award of a legal or equitable interest in property settled upon or disposed of to an international trust;

but the grant of such a remedy is or would be precluded either by subsections (1) or (2), or by section 13B, then neither damages nor any other relief or remedy which has the effect of providing relief or remedy alternative to or consequential upon that precluded by the said provisions, shall be awarded in such action or proceedings.

PART III
REGISTRATION OF TRUSTS

**14. Application for registration**- (1)  Application for registration of a trust as an international trust shall be made to the Registrar in the prescribed form, and accompanied by the prescribed fee, within 45 days of the date upon which a registered foreign company, international company or a trustee company is appointed or declared a trustee of that trust.

(2) On application by a trustee of the trust, the Registrar may extend the period of 45 days referred to in subsection (1) subject to the Registrar being satisfied that the failure to register the trust as an international trust was as a consequence of inadvertence on the part of any interested party to the trust.

**15. Registration** - (1) No trust shall be registered as an international trust until there has been filed with the Registrar:

(a)    a certificate from a trustee company certifying that the trust upon registration will be an international trust; and
(b)    a notice of the name and registered office of the trust.

(2) Upon receipt of a certificate and notice referred to in subsection (1) of this section, the Registrar shall register that trust upon the Register of International Trusts kept for that purpose and issue a certificate of registration in the prescribed form.

15

(3) A certificate of registration under the hand and seal of the Registrar shall be conclusive evidence that all the requirements of this Act in respect of registration and other matters precedent and incidental thereto have been complied with and that the international trust referred to therein was duly registered under this Act.

(4) Where, upon settlement of a trust the trust, instrument provides for the law of the Cook Islands to be the governing law of all or any aspects of that trust, then that law and the provisions of this Act shall apply to those aspects of that trust governed by Cook Islands law from the date of establishment, creation or settlement of that trust if the trust is at any time thereafter, subject to section 14(1), registered as an international trust.

(5) Where a trust is established, created or settled under a law other than that of the Cook Islands, but Cook Islands law is subsequently chosen to be, or becomes, the governing law of all or any aspects of that trust, then Cook Islands law and the provisions of this Act shall apply to those aspects of that trust governed by Cook Islands law from the date that trust became wholly or partly governed by Cook Islands law if the trust is at any time thereafter, subject to section 14(1), registered as an international trust.

(6) Nothing in this section shall affect the application of section 13K(5) to an international trust.

**16. Certificate of registration** - (1)  A certificate of registration issued pursuant to section 15(2) shall be valid and effective for the period specified in that certificate, and registration of the international trust the subject of that certificate shall be valid and effective until that international trust is deregistered pursuant to subsection(6).

(2) Application for renewal of registration may be made upon:

(a)      filing with the Registrar an application for renewal of registration in the prescribed form; and

(b)      payment of the prescribed fee.

(3) Application for renewal of registration may be made within the period of 90 days of the date of expiry of the last certificate of registration, and no application for renewal of registration pursuant to subsection (2) shall be granted where application is not made or the prescribed fee paid within that period provided the Registrar may, in his sole discretion, if he is satisfied on application by a trustee of a trust that the failure to make the application for renewal and payment of the prescribed fee was as a consequence of inadvertence on the part of any interested party to the trust, extend the time for registration accordingly.

(4) Every renewal of registration granted shall take effect from the date of expiry of the last certificate of registration.

(5) Every renewal of registration shall be for a period not exceeding five years as specified in the renewed certificate of registration.

(6) The Registrar may, on giving 7 days notice of his intention to deregister to the trustees at the registered office of the trust, deregister an international trust if

(a)      a completed application for the renewal of its registration is not filed within the period specified in subsection (3), or

(b)      if he reasonably believes that trust no longer qualifies as an international trust in terms of the definition of  "international trust" in section 2,

and on and from the date of deregistration the provisions of this Act shall cease to apply to that trust or, in respect of sections 13A and 13B, to any dispositions made to that trust prior to the date of deregistration, and if that trust is governed by the laws of the Cook Islands and, but for the provisions of this Act, would be held void by reason of breach of the rule against perpetuities or remoteness of vesting or the rule against perpetual trusts or against inalienability, shall, unless otherwise provided in the trust instrument, be deemed varied immediately prior to deregistration such that the maximum duration of the trust shall be the period which ends on that day which is the 21st anniversary of the death or winding up of the settlor.

(7) A trust may not be re-registered under this Act if it has been deregistered pursuant to this section.

(8) Except for the provisions of subsection (6), nothing in this section shall affect the application of section 13K(5) to an international trust.

16

**17. Registration of trust instrument** - Any person who is a trustee may provide the Registrar with a copy of the trust instrument or any amendment thereto which shall be certified in the manner prescribed and the Registrar shall register that copy as a true copy and file the same.

**18. Registered office** - (1) The registered office of an international trust shall be the registered office of the registered foreign company, international company or trustee company which is a trustee.

(2) The address for service of any documents upon an international trust shall be the registered office of that trust.

(3) Every trustee company shall keep and maintain at its principal place of business in the Cook Islands a register of the name of every international trust of which it is a trustee, which register shall be made available at all reasonable times for inspection by the Registrar.

**19. Proceedings by or against international trust** - Where any proceedings are instituted by or against an international trust it shall be sufficient to name the international company, registered foreign company or trustee company that is a trustee and it shall not be necessary to join in the action any other trustee.

PART IIIA
TRUSTEES

**19A. Trustee's duties to beneficiaries** - (1) Subject to subsections (2) and (3), a trustee in the performance of that trustee's duties to beneficiaries and in the exercise of any power, function or discretion shall exercise the care, diligence and skill that a prudent person of business would exercise in managing the affairs of others.

(2) Subject to subsection (3), where a trustee's profession, employment or business is or includes acting as a trustee on behalf of others, the trustee, in exercising any power, function or discretion shall exercise the care, diligence and skill that a prudent person engaged in that profession, employment or business would exercise in managing the affairs of others.

(3) All duties and obligations of a trustee shall apply to that trustee only to the extent that a contrary intention is not expressed in the trust instrument and shall have effect subject to the terms of the trust instrument.

**19B. Delegation** - (1) Where a trust instrument authorises a trustee to delegate any or all of that trustee's powers, duties, functions or discretions, then that trustee may delegate any or all of such powers, duties, functions and discretions provided that a trustee may not delegate, other than to a co-trustee, any powers, duties, functions or discretions involving the distribution or non-distribution of property of the trust to a beneficiary including, without limitation, distributions by way of payment, use, advancement, transfer or assignment.

(2) Except where the terms of a trust specifically provide to the contrary, a trustee may:

(a)     delegate management of the property of the trust (including the selection of investments) and employ professional or skilled persons as investment managers;

(b)     employ professional or skilled persons to act in relation to any of the affairs of the trust or to hold any or all of the property of the trust.

(3) A trustee who in good faith makes or continues such delegation or appointment shall not be liable for any loss to the trust arising from or as a consequence of a delegation or appointment under subsections (1) or (2).

(4) A trustee may authorise a person referred to in subsection (2) to retain any commission or other payment usually payable in relation to any transaction.

(5) Where a trustee enters into an agreement for the employment of an investment manager under paragraph (a) of section (2), the trustee may agree on the same terms as are customarily found in an agreement between an investment manager and beneficial (as opposed to fiduciary) owners of property, including terms excluding or limiting the liability of the investment manager for negligent performance of duties, and, unless the trust instrument otherwise provides, the trustee shall not be liable for breach of trust by virtue of agreeing to such terms.

**19C. Investments** - (1) A trustee may invest any trust funds in any manner of investment or in any kind of property authorised for the investment of trust funds by and under the trust instrument or otherwise permitted by law.

17

(2) Where a trust instrument authorises expressly, or by necessary implication, the investment of the property of the trust in any investments authorised by the law of the Cook Islands for the investment of trust funds, the instrument shall be deemed to authorise investment in such investments as may be expressed to be trustee investments by regulations made under this Act.

(3) Where a trust instrument expresses trustees' powers of investment in general terms including powers to undertake any manner of investment in any kind of property, or including powers equivalent to those of a natural person then, notwithstanding any rule of law or equity to the contrary, the trustee shall have such power and be authorised to invest trust funds and property accordingly and every such authorisation shall be  given such fair large and liberal interpretation as to give full effect to its tenor and, except where the trust instrument so provides, any other provision in the trust instrument authorising any specific manner of investment or investment in any specific property shall not derogate from or limit the generality of this section.

(4) Nothing in this section shall preclude a trust instrument from expressly excluding any manner of investment in any kind of property.

**19D. Trustee's majority decisions** - (1) Where a trust instrument provides for majority decisions of trustees such provision shall be valid and effective on the terms set out therein.

(2) Subject to any provisions contained in a trust instrument every

(a)     decision made, resolution passed or power or discretion exercised by the trustees shall be valid if made, passed or exercised by a majority of the trustees if there are more than 2 of them; and

(b)     thing done and every deed or other instrument executed by the majority of trustees shall be valid and effective as if done or executed by all the trustees.

**19E. Trustee's limitation of liability** - Where any provision of a trust instrument limits the liability of a trustee, or provides relief or indemnity for a trustee, such provision shall be valid and effective according to its terms, and every such provision shall be given a fair, large and liberal interpretation so as to give full effect to its tenor, notwithstanding any rule of law or equity to the contrary.

**19F. Custodian trustees** - (1) Subject to the provisions of this section and to the trust instrument any person or group of persons may be appointed as custodian trustee under this section to be custodian trustee of any international trust in the same manner as a trustee may be appointed.

(2) Notwithstanding any other provision of this Act, but subject to the provisions of the trust instrument, where a custodian trustee is appointed of any international trust:

(a)     all  of the trust property shall be held by, transferred to or vested in the custodian trustee as if the custodian trustee were sole trustee, and for that purpose vesting orders may, where necessary, be made by the Court on application by the custodian trustee or the managing trustee, but without prejudice to the managing trustee's control of that property;

(b)     the management of the trust property and the exercise of all powers and discretions exercisable by the trustee under the trust shall remain vested in the managing trustee as fully and effectually as if there were no custodian trustee;

(c)     the sole function of the custodian trustee shall be to get in and hold the trust property, invest its funds, and dispose of the assets as the managing trustee in writing directs, for which purpose the custodian trustee shall execute all such documents and perform all such acts as the managing trustee may in writing direct;

(d)     for the purposes of paragraph (c) a direction given by the majority of the managing trustees, where there are more than one, shall be deemed to be given by all the managing trustees;

(e)     the custodian trustee shall not be liable to any interested party or third party for acting on any direction of the managing trustee, but if the custodian trustee is of opinion that any such direction conflicts with the trusts or the law, or exposes the custodian trustee to any liability, or is otherwise objectionable, the custodian trustee may apply to the Court for directions, but without being under any obligation to do so;

(f)     the custodian trustee shall not be liable to any interested party or third party for any act or default on the part of the managing trustee or any of the managing trustees;

(g)     all actions and proceedings touching or concerning the property of the trust shall be brought or defended in the name of the custodian trustee and the custodian trustee shall not be liable for the costs thereof apart from the property of the trust;

(h)     no person dealing with the custodian trustee shall be concerned to enquire as to the existence of

any direction, concurrence or otherwise of the managing trustee, or be affected by notice of the fact that the managing trustee has not issued any direction or concurred;

(i)      the power of appointing a new trustee or trustees when exercisable by trustees, shall be exercisable by the managing trustee alone, but the custodian trustee shall have the same power as any other trustee of applying to the court for the appointment of a new trustee.

(3)  Subject to the provisions of the trust instrument and subsection (8), on the application of the custodian trustee, or a managing trustee, and on satisfactory proof that it is in the best interests of the beneficiaries, or that on other grounds, having regard to the trust instrument, it is expedient to terminate the custodian trusteeship, the Court may make an order for that purpose, and may also make such vesting orders and give such directions as in the circumstances seem to the Court to be necessary or expedient.

(4)  Subject to the provisions of the trust instrument, in any case where remuneration or commission is payable to the trustee of any trust property, remuneration or commission may be paid to both the custodian trustee and the managing trustee, and subject as aforesaid the amount thereof shall be determined by the managing trustee if the managing trustee is entitled to fix its own remuneration.

(5) Without limiting any provision of this section, and except as varied by the trust instrument, the provisions of this Act and the Trustee Companies Act 1981-82 relating to a trustee's powers, liabilities, functions, duties and discretions, shall apply equally to a custodian trustee, and in particular, without limiting the generality of the above, the custodian trustee:

(a)      shall have the full powers of delegation conferred on trustees by section 19B;

(b)      may permit assets to be held by or in the name of the managing trustee to facilitate the managing trustee's management and administration of the Trust assets, or as otherwise directed by the managing trustee.

(6)  For the purposes of this section a reference to a managing trustee shall be a reference to a trustee other than the custodian trustee.

(7)  Notwithstanding subsection (3):

(a)      a custodian or managing trustee may resign, be appointed, be removed or be replaced in the same manner as a trustee or as prescribed by the trust instrument.

(b)      a trustee who accepts appointment as both managing and custodian trustee shall for all purposes be treated as, and be, an ordinary trustee, in which case the respective rights and obligations imposed on custodian and managing trustees under this section or the trust instrument shall have no further application to that trustee, and that trustee shall not be entitled to rely on the limited liability of a custodian trustee, nor charge remuneration as both a managing trustee and a custodian trustee.

(8)  Subject to the trust instrument, upon termination of the appointment of the custodian trustee and unless there is a simultaneous appointment of a new custodian trustee, the following provisions shall apply:

(a)      any restrictions upon the powers of the managing trustees by virtue of the appointment of the custodian trustee shall lapse, and the managing trustees shall thereafter be the only trustees; and

(b)      the title to the property of the trust shall vest in the trustees.

(9)  The powers, duties, functions, discretions and office of the managing trustee, if vacant and not filled or replaced pursuant to subsections (2)(i) or (7)(a), may be assumed by or appointed to, a person or persons as prescribed in the trust instrument.

**19G. Advisor to trustees** - (1) Subject to the provisions of this section, a trust instrument may provide for any person or group of persons (in this section referred to as an "advisor")to be appointed as advisor under this section to advise the trustees of a trust in respect of all or some of the matters relating to the property of the trust.

(2) Where an advisor is appointed to an international trust, the property and management of the trust, and the exercise of all powers and discretions exercisable by the trustee under the trust, shall remain vested in the trustee as fully as effectually as if no advisor was appointed, except that:

(a)      the trustee may consult the advisor, and the advisor may advise the trustee, on any matter relating to

19

the property of the trust for which the advisor was appointed;

(b)    the advisor shall not be liable as or considered a trustee of the trust in acting as an advisor;

(c)    where any advice or direction is tendered or given by the advisor, or the majority of advisors if there are more than one, the trustee may follow the same and act accordingly, without being under any obligation to do so, and the trustee shall not be liable for anything done or omitted by them by reason of the trustee following that advice or direction;

(d)    subject to the trust instrument, in any case where remuneration or commission is payable to the trustee of a trust, remuneration or commission may be paid to the advisor, at such rate as determined by the trust instrument, or by the trustee in the absence of any specific direction in the trust instrument.

(3) No person dealing with the trustees shall be concerned to enquire as to the concurrence or otherwise of the advisor, or be affected by notice of the fact that the advisor may not have concurred.

**19H. Holding of title to property** - (1)  Notwithstanding any rule of law or equity to the contrary, a trust instrument may provide for the trustees of an international trust to delegate among themselves the function of holding title to trust property.

(2) Notwithstanding any rule of law or equity to the contrary, a trust instrument may further provide that where property of an international trust is situated in a jurisdiction in which a trustee or trustees reside, any one or more of those trustees may hold title to that property in one or all of their names, and not in the name of all trustees of the international trust.

(3) Where, whether before or after the coming into force of this Act, title to property is transferred to a trustee or trustees, other than to all of the trustees of an international trust, with the intention that it be held by that trustee, or those trustees, as trust property, then such transfer shall have the same effect as if the property had been transferred to all of the trustees to be held on the trusts set out in the trust instrument.

**19I. Protection of trust property**  Without prejudice to any rights or remedies available to the creditors of a trustee qua trustee, that trustee's personal creditors shall have no right or claim against any property of any trust held by that trustee qua trustee.

**19J. Protection for third parties** - (1) Where any property of a trust is disposed of by a trustee, including by way of sale, mortgage, charge, lien, or lease, to a  third party for value, the title of the third party to the property, and the enforceability of any contract related to that disposition:

(a)    shall not be impeachable except on the ground of actual fraud by or with the knowledge of that third party; and

(b)    shall not otherwise be affected on the ground that the transaction was unauthorised or not within the power of the trustee, or that the relevant power (if any) was otherwise improperly or irregularly exercised,

and that third party shall not be concerned to see to the application of the money or consideration paid by him, or be responsible for the misapplication thereof.

(2) Where any interested party has with the principal intent of defrauding a particular third party acted, or procured or permitted others to act, to dispose of or reduce the value of the property of the trust or the validity or enforceability of a trustee's indemnity, such action shall be voidable at the instance of the third party, provided that any disposition of property of the trust may not be avoided where that property has been disposed of to a bona fide recipient for value who at the time of the disposition did not have notice of the intention to defraud the third party.

(3) For the purposes of this section:

(a)    **"third party"** means a person other than a person in a capacity as

(i)    a settlor, trustee, protector or beneficiary of the trust; or

(ii)    any creditor of, or other person claiming through, a settlor, protector or beneficiary of the trust.

b)    the term **"trustee's indemnity"** shall mean that trustee's right of indemnity against the property

of the relevant trust.

(4) Nothing in this section shall affect or limit the liability of a trustee to beneficiaries for a breach of trust.

PART IV

PROTECTOR

**20. Protector of a trust** - (1) The terms of a trust instrument may provide for the office of protector of that trust.

(2) A protector shall have the powers, delegations or functions as are conferred on the protector by the trust instrument or by this Act, or as may be prescribed.

(3) A protector of a trust may also be a settlor, a trustee or a beneficiary of that trust.

(4) Subject to the trust instrument, a protector of a trust shall not be liable or accountable as a trustee or other person having a fiduciary duty to any person in relation to any act or omission in performing the function of a protector under the trust instrument.

(5) Where there is more than one protector of a trust then, subject to the trust instrument, any power or function conferred on the protectors may be exercised if the majority of the protectors for the time being agree upon its exercise.

(6) A protector who dissents from a decision of the majority of protectors may require his dissent to be recorded in writing and filed at the registered office of the trust, and subject to the trust instrument, shall not be liable for the acts of the majority of protectors pursuant to such decision.

(7) Any powers or functions conferred by this Act on a protector shall have effect subject to the terms of the trust instrument.

**21. Consent of beneficiaries** - (1) A trust instrument may provide for the protector or any other person or persons (in this section referred to as a "nominated person") to represent all or any beneficiaries who are minors, or beneficiaries yet to be ascertained, or beneficiaries not having legal capacity, or beneficiaries who, after the best reasonable endeavours of the trustees, are unable to be contacted (which beneficiaries are in this section referred to as a "represented beneficiary").

(2) A nominated person may, on behalf of a represented beneficiary, consent to or ratify any act or omission on the part of a trustee. Every consent or ratification provided shall be deemed to be the consent or ratification of the represented beneficiary and shall be construed by every Court as the consent or ratification of the represented beneficiary to that act or omission.

PART V

MISCELLANEOUS

**22. Resident beneficiaries** - (1) The provisions of this Act shall not have any application to a beneficiary who is domiciled in the Cook Islands or who is ordinarily resident in the Cook Islands.

(2) For the purposes of this section an international company, a foreign company, an international partnership, and an international trust shall be deemed not to be resident in the Cook Islands.

**23. Privacy** - (1) Except where the provisions of this Act require, and subject to this section, it shall be an offence under this Act for a person to divulge or communicate to any other person information relating to the establishment, constitution, business undertaking or affairs of an international trust.

(2) All judicial proceedings, other than criminal proceedings relating to an international trust, shall, unless ordered otherwise, be heard in camera and no details of the proceedings shall be published by any person except in accordance with subsection (3).

(3) Every decision of the Court in respect of any proceedings concerning the application or interpretation of this Act shall be published or reported for the purposes of affording a record of those proceedings, provided that in every case:

(a)    the written decision of the Court shall be edited to such extent as shall be necessary to preserve secrecy in respect of the identity of the trust, of every interested party and of the subject matter of the proceedings; and

21

(b)    no such decision shall be reported or published unless or until a judge of the Court shall have ascertained the views of the parties to the proceedings as to the adequacy of any editing undertaken, and certified in writing to the Registrar of the Court that the decision as edited may be released for publication or reporting.

(4) Unless excluded by the terms of a trust instrument, a trustee or an officer or employee of a trustee or trustee company may divulge or make available information relating to the establishment, constitution, business undertakings or affairs of an international trust:

(a)    to any person or class of persons as that trustee, officer or employee considers necessary from time to time, in its complete discretion, for carrying out the management and administration of the trust assets in the ordinary course of business; or

(b)    to a legal practitioner
      (i)    for the purpose of obtaining legal advice relating to establishment, constitution, business undertakings or affairs of an international trust; or
      (ii)   for the purpose of prosecuting or defending any litigation relating to the establishment, constitution, business undertakings or affairs of an international trust.

**24. Translations** - (1) Every document filed with the Registrar and not in the English language shall be accompanied by a certified transaction.

(2) A document that is not the English language and which is not accompanied by a certified translation at the time of filing shall not be accepted for registration by the Registrar.

(3) For the purpose of this section a certified translation is a translation in the English language, certified as a correct translation by a translator to the satisfaction of the Registrar.

**25. No action to lie against certain person(s)** - No action shall lie against the government of the Cook Islands, any statutory body or authority, or a public or judicial officer in respect of any performance of its or his functions or duties under this Act.

**26. Power of exemption** - (1) The Minister may on his own motion or pursuant to an application in writing lodged with the Commissioner by an international trust or a trust, if it were registered would be an international trust, exempt that international trust or trust from all or any of the provisions of this Act and any regulations made under this Act and may impose such terms and conditions as he thinks fit as a condition under which that exemption is granted. An exemption so granted may be revoked or varied by the Minister at any time.

(2) In dealing with an application under this section the Minister shall not be required to act judicially and his decision shall in all cases be final.

(3) Any exemption or condition imposed pursuant to subsection (1) of this section shall take effect as from the date to be decided by the Minister in his discretion.

**27. Prohibition by Minister** - (1) The Minister shall have an absolute right of his own motion or otherwise and without assigning reasons to make as order:

(a)    prohibiting the registration of any trust; or

(b)    directing any international trust to cease carrying on its business or part of its business immediately or within such time as may be specified in the order.

(2) An order made under this section may be revoked or varied by the Minister.

(3) In making an order under this section the Minister shall not be required to act judicially and such order shall be final.

**27A. Guarantee by Crown** - The Crown guarantees to all international trusts that there shall be no compulsory acquisition or expropriation of the property of such trusts, or their investors, situated in the Cook Islands except:

(a)    in accordance with the due process of law;

(b)    for a public purpose defined by law; and

(c)        in payment of compensation as defined by law.

**27B. Application of other enactments** -  (1)  Subject to section 3 no enactment other than this Act and the enactments set out in the Schedule to this Act shall:

(a)        impose
        (i)        any liability, duty, responsibility, obligation or restriction; or
        (ii)       any fee, impost, tax, levy, due, duty, or excise; or
        (iii)      any fine or penalty, on an international trust; or

(b)        require
        (i)        the deposit of any moneys in any public account; or
        (ii)       the filing of any accounts, returns, reports or records; or
        (iii)      the licensing or registration of any document act, matter or thing pertaining to an
             international trust, by an international trust.

(2) Notwithstanding subsection (1), an international trust shall not be required to register as a foreign enterprise pursuant to the provisions of the Development Investment Act 1995-96 and shall not be subject to that Act by reason only that it:

(a)        carries on business with another international trust;

(b)        carries on business with an international company registered under the provisions of the International Companies Act 1981-82;

(c)        carries on business with a foreign company registered under the provisions of the International Companies Act 1981-82;

(d)        carries on business with an international partnership registered under the International Partnership Act 1984;

(e)        obtains legal advice or legal representation;

(f)        obtains accounting advice or has its accounts prepared or audited;

(g)        operates a bank account for the purpose of either depositing, receiving or transmitting money due or owing by such trust or undertakes a transaction with a bank for purposes principally associated with the objects of the trust;

(h)        utilises the services of a trustee company or any subsidiary of such company;

(i)        undertakes any act, matter or thing as may be prescribed by regulation.

(3) The Queen's Representative may by Order in Executive Council amend the Schedule to this Act by omitting therefrom or adding thereto any enactment (including any regulation) and may in like manner determine whether an enactment or regulation shall be omitted or added either in whole or in part.

**27C. Trust records**  - (1) Any records, accounts or documents relating to a trust and held by either the Registrar or a trustee, including but not by way of limitation, the trust instrument, may be established, kept or recorded in written, magnetic, electronic or any other data storage form provided that the records can be readily produced in written form.

(2) When an international trust has been terminated, or the Cook Islands trustee is removed or has resigned, each trustee shall ensure that the records in the possession of that trustee are retained by that trustee for a period of three years from the said date of termination, removal or resignation as the case may be, but thereafter the said records may be destroyed.

(3) The Registrar may cause any records or registers in his possession to be destroyed after the expiration of three years from the date of deregistration, or from the date of expiry of the last certificate of registration of that trust under this Act.

**28. Penalties** - (1) Any person who:

(a)        does anything which is forbidden by or under this Act; or

(b)        omits to do something required or directed by or fails to comply with any provisions of this Act,

23

shall be guilty of an offence against this Act and shall be liable on conviction to a fine not exceeding US$10,000.00 or to imprisonment for a term not exceeding 1 year or to both.

**29. Regulations** - The Queen's Representative may by Order in Executive Council make regulations prescribing all matters and things required or authorised by this Act to be prescribed or which are necessary for carrying out or giving effect to this Act and may in particular make regulations prescribing:

(a)     the duties and liabilities of trustees;

(b)     the powers of trustees;

(c)     the protection of trustees against liability;

(d)     the investment of trust funds;

(e)     the manner in which an instrument or deed of trust may be executed;

(f)     the appointment and discharge of trustees;

(g)     the powers of the Court in respect of an application by a trustee for directions;

(h)     the rules of procedure in respect of judicial proceedings;

(i)     the distribution of trust property;

(j)     the manner in which a trustee shall deal with property that is subject to any encumbrance or restrictions whether such encumbrance or restriction is imposed or authorised by this Act or any other Act and the rights, interests, duties and liabilities of persons subsequent to such details;

(k)     the matter by which property (whether of a particular class or otherwise) together with any accumulation thereto or any property in any accumulation thereto shall be identified as being subject to the provisions of section 13F;

(l)     penalties for breach of such regulations.


S C H E D U L E

International Companies Act 1981-82
International Partnership Act 1984
Off-Shore Banking Act 1981
Off-Shore Insurance Act 1981-82
Trustee Companies Act 1981-82
Monetary Board Act 1981
Development Investment Act 1995-96


This Act is administered by the Cook Islands Monetary Board.


**Explanatory Note #1 (Application of amendments)**

1        Section 27 of the International Trusts Amendment Act 1995-96 provides;

"27.....(2)  The [amended provisions of sections 13B-K] (inclusive) of the principal Act shall apply to every international trust settled or established on or after the 8th day of September 1989 and to every disposition of property to such trust made on or after that date, whether such property is situated in the Cook Islands or elsewhere, except that [the proviso to subsection 13B(3)] shall not apply to any trust registered as an international trust on or before [21 November 1996].

(3)  The [amended] provisions of the principal Act [other than sections 13B-K] shall be deemed to have come into force on the same date as the principal Act provided always:

24

(a)       that the provisions of this subsection shall not apply to or in respect of matter, act, omission or thing inconsistent with any of those provisions if validly done or omitted prior to the coming into force of this Act;

(b)       nothing in this subsection shall operate or be interpreted or construed to relieve any trustee from any liability arising prior to [21 November 1996] or arising in respect of any matter act omission or thing occurring prior to [21 November 1996]...

...(6)  Nothing in this Act shall apply to or affect any proceedings commenced in the Court before [21 November 1996]."

2       Section 28 of the International Trusts Amendment Act 1995-96 provides:

"**28. Savings** -  (1)  Without limiting the provisions of the Acts Interpretation Act 1924 or any other provision of this Act it is declared that no provision of this Act shall operate or be interpreted or construed to invalidate any matter, act, omission, or thing validly done or omitted, prior to the coming into force of this Act.

(2)  Without limiting the generality of section 3 of the principal Act, as amended, it is declared that the provisions of the Trustee Act 1956 (NZ) shall continue to apply to international trusts and in the event of any conflict or inconsistency between those provisions and those of the principal Act (as amended) the latter shall prevail over the former."

Explanatory Note #2 (Variation of existing trusts)

1       Section 26 of the International Trusts Amendment Act 1995-96 provides;

"**26. Transitional** - (1) Subject to the prior written consent of the  interested parties being obtained, or if permitted by the trust instrument, a trustee of an international trust may within 2 years of [21 November 1996] or in the case of an international trust registered after [21 November 1996] within 2 years of the date of first registration and unless the trust instrument shall expressly exclude the application of this section or any other provision of this Act, vary the provisions of the trust instrument so as to facilitate the application of this Act to an international trust and include therein provisions consistent with the provisions of this Act and may make all such consequential alterations amendments or additions to the trust instrument as the trustees shall consider necessary or desirable to ensure the trust powers and provisions of the settlement shall be as valid and effective notwithstanding the variation and nothing in this subsection shall limit the liability of a trustee arising from the exercise of the power to vary a trust instrument.

(2)  Every variation pursuant to subsection (1) shall take effect from the date of the variation.

(3)  No variation made pursuant to this Act shall affect the liability of a  trustee for any act or omission prior to the date of the variation taking effect."

2       Subsection 27(7) of the International Trusts Amendment Act 1995-96 provides:

"...(7)  Where a trust instrument contains provisions consistent with the provisions of the principal Act as amended by this Act then those provisions of the trust instrument shall be as valid and effective as if the provision of the principal Act (as amended) with which it is consistent was in force as at the date that the provision of the trust instrument was incorporated therein."

SOUTHPAC TRUST LIMITED
INTERNATIONAL TRUSTS ACT 1984

as amended 1985, 1989, 1991, 1995-96 and 1999
FEBRUARY 1999

25