THE HONORABLE JAMES L. ROBART

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

|  |  |
|---|---|
| WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONOLITHIC POWER SYSTEMS, INC., et al.,<br><br>Defendants. | No. 2:25-cv-00220-JLR<br><br>CLASS ACTION<br><br>**THE RETIREMENT SYSTEM'S SUPPLEMENTAL BRIEF PURSUANT TO ECF 32 IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>NOTE ON MOTION CALENDAR: JUNE 20, 2025 |

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3400,
SEATTLE, WA 98101
TELEPHONE: 206/623-1900

## I.    INTRODUCTION

Mirko Dardi's reply confirms, rather than cures, the fatal problems the Retirement System identified:

- He still cannot establish Article III standing to sue on behalf of the Dart Trust because the "Assignment" on which his entire motion depends is facially invalid; and

- His trading pattern, overwhelmingly after the initial partial disclosure, leaves him uniquely vulnerable to reliance, loss causation, and adequacy challenges that the Retirement System does not face.

These infirmities subject Dardi to unique defenses, precluding his candidacy as a typical and adequate lead plaintiff under the PSLRA.

## II.    DARDI STILL LACKS STANDING

Dardi does not dispute that the Assignment is signed solely by the Dart Trust's trustee (assignor), not by Dardi (assignee). *See* ECF 26-5. In his reply, Dardi provides no authority for the proposition that an assignment is valid if signed only by the assignor (Fronzuance Tiseli, Authorized Signatory on behalf of Cook Island Trust Limited, Trustee of the Dart Trust) and not by both the assignor and the assignee (Mirko Dardi). To the contrary, an assignment of claims requires bilateral execution to evidence the transfer of ownership. *See Wilshire Oil Co. of Cal. v. Costello*, 348 F.2d 241, 243 (9th Cir. 1965) (holding that assignment of accounts receivable was invalid under California law if the notice of assignment was not signed by the assignee as well as the assignor). Consequently, Dardi's own exhibit is fundamentally flawed.

Moreover, Tiseli's Declaration (ECF 31-3) statement that Article 6.1 of the Dart Trust supposedly provides certain powers is inadmissible double hearsay. *Oxycal Labs., Inc. v. Patrick*, 8 F. App'x 761, 765 (9th Cir. 2001) ("[A]ll of Oxycal's arguments suffer from the problem that the statement is possibly double hearsay, because Oxycal could not demonstrate that Milgrom had personal knowledge of the facts of the alleged statement. Accordingly, we cannot conclude that the court abused its discretion in excluding this statement.").[1] Indeed, the Trust itself is the best

---

[1] Unless otherwise noted, all emphasis is added and citations are omitted.

THE RETIREMENT SYSTEM'S SUPPL. BRIEF IN FURTHER SUPPORT OF MOT. FOR APPOINTMENT AS LEAD PL. (No. 2:25-CV-00220-JLR)

- 1 -

evidence of what the Trust says and the powers it conveys.  *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) (best evidence rule "appl[ies] when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself particularly when the witness was not privy to the events those contents describe") (citing Fed. R. Evid. 1002). But the Trust has never been put before the Court.  Consequently, Tiseli's statements regarding what the Trust supposedly permits are not properly before the Court.

Further compounding these fundamental obstacles is Dardi's reliance on the Cook Islands International Trusts Act 1984 to support his candidacy, despite his failure to give notice of his intent to rely on foreign law pursuant to Rule 44.1 of the Federal Rules of Civil Procedure.  *See* ECF 31-2 (attaching version of foreign law last amended in 1999); Fed. R. Civ. P. 44.1 ("party who intends to raise issue about a foreign country's law must give notice"); *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 949 (9th Cir. 2018) ("'Even in the internet age, it would put an extraordinary burden on the court if parties could nakedly invoke foreign law and then delegate the job of figuring it out to the judge and her clerks. By making clear that the information burden remains at all times on the party invoking foreign law, the scheme effectively instructs parties that they waive the right to rely on foreign law if they don't supply the information needed to determine it.'").  Even assuming the Court was inclined to delve into that foreign law, a basic internet search reveals that the last amendment to the International Trusts Act 1984 was not in 1999 (as Dardi's exhibit (ECF 31-2) states).  Rather, the International Trusts Act 1984 was amended in 2004[2] and 2013.[3]  Having failed to give notice, let alone provide the current version of the foreign law on which he purports to rely, the Court should not entertain Dardi's attempt to establish standing based on the International Trusts Act 1984.

Moreover, even the 1999 version of the law limits delegation of powers to "management of the property of the trust" and expressly prohibits delegation of "any powers . . . involving the

---

[2]  *See* https://www.fsc.gov.ck/Documentation/FC/International%20Trusts%20Amendment%20Act%202004.pdf (last visited June 10, 2025).

[3]  *See* https://www.fsc.gov.ck/Documentation/FC/International%20Trusts%20Amendment%20Act%202013.pdf (last visited June 10, 2025).

THE RETIREMENT SYSTEM'S SUPPL. BRIEF IN FURTHER
SUPPORT OF MOT. FOR APPOINTMENT AS LEAD PL.
(No. 2:25-CV-00220-JLR)

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3400
SEATTLE, WA  98101
TELEPHONE: 206/623-1900

- 2 -

distribution or non-distribution of property of the trust to a beneficiary." *See* §19B of the International Trusts Act 1984, ECF 31-2 at p. 18. Transferring every litigation claim – seemingly valuable trust property – out of the Trust irrevocably is the ultimate distribution and is squarely barred without unanimous beneficiary consent (none is shown). The "Assignment" is thus *ultra vires* and void *ab initio*, even under the version of the Act on which Dardi relies.

The International Trusts Act 1984 also provides that foreign judgments are not enforceable (§13D, ECF 31-2 at p. 12) and forbids disclosure of trust information absent an order by the High Court of the Cook Islands (§23, ECF 31-2 at p. 22). As a practical matter, depositions or document subpoenas directed to the Trustee must run through Cook Islands procedures (letters rogatory), virtually guaranteeing delay. The Retirement System's application avoids this needless complexity. *See Davoodi v. Zeta Glob. Holdings Corp.*, 2025 WL 622686 at *2 n.1 (S.D.N.Y. Feb. 26, 2025) ("Even if Dart Trust might ultimately be able to show that a Cook Islands trust can bring suit on its own behalf as an independent legal entity, its status nevertheless raises 'complex and novel issues of law which would require extensive factual and foreign legal analysis' and create 'a needless litigation sideshow,' counseling against its appointment as lead plaintiff."); *Baydale v. Am. Exp. Co.*, 2009 WL 2603140, at *3 (S.D.N.Y. Aug. 14, 2009) (same).[4]

In sum, the materials provided in support of Dardi's reply submission amplify rather than resolve the fact that Dardi is subject to unique standing defenses and his motion should be denied on this basis alone. *See In re Paysafe Ltd. Sec. Litig.*, 2024 WL 1636415, at *6 (S.D.N.Y. Apr. 16,

---

[4]    Dardi's counsel also overlooks the complicating fact that Dardi's same counsel argued to the court in *Davoodi* that the Dart Trust itself "has standing to sue." *See Davoodi*, No. 1:24-cv-08961-DEH, ECF 63 at p. 3. They now seemingly concede the Dart Trust itself lacks standing to sue. Such vacillating advocacy confirms the precarious and unsettled nature of demonstrating standing based on loses supposedly incurred by a Cook Islands Trust. Dardi's candidacy will be belied by the distraction that discovery into the Dart Trust's standing will continue to cause at the class certification stage and beyond. Beyond subjecting the class to the expense and uncertainty, defendants will seize upon the threat of this discovery into the Dart Trust's admittedly precarious standing in order to attempt to induce an undersized settlement. *In re Allergan PLC Sec. Litig.*, 2020 WL 5796763, at *7 (S.D.N.Y. Sept. 29, 2020) (denying class certification and reopening the lead plaintiff/lead counsel process after lead plaintiff "and its lawyers devised a secret workaround to [the court's lead plaintiff] ruling").

THE RETIREMENT SYSTEM'S SUPPL. BRIEF IN FURTHER
SUPPORT OF MOT. FOR APPOINTMENT AS LEAD PL.
(No. 2:25-CV-00220-JLR)

- 3 -

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3400
SEATTLE, WA 98101
TELEPHONE: 206/623-1900

2024) (declining to overrule magistrate judge's determination that lead plaintiff movant relying on assignments was "subject to" standing challenges and recognizing that "where 'there is at least a potential' that a plaintiff will be subject to unique defenses, disqualification is appropriate").

## III.   THE RETIREMENT SYSTEM REMAINS THE ONLY ADEQUATE LEAD PLAINTIFF CANDIDATE

Unlike Dardi, the Retirement System satisfies every PSLRA criterion:

- Substantial, cognizable loss ($78,970);

- Undisputed standing;

- Institutional sophistication and prior lead plaintiff experience; and

- No unique defenses (all purchases preceded any disclosure).

Since Dardi is ineligible, the presumption shifts to the Retirement System and remains unrefuted. *See In re Cavanaugh*, 306 F.3d 726, 732–33 (9th Cir. 2002).

## IV.   CONCLUSION

Dardi's reply exacerbates, rather than alleviates, his standing deficiencies. On this fully developed record, the Court should not hesitate to deny Dardi's lead plaintiff motion and instead grant the Retirement System's motion.

DATED:  June 13, 2025

Respectfully submitted,

KELLER ROHRBACK L.L.P.

*s/ Juli E. Farris*

JULI E. FARRIS (WSBA #17593)
DEREK W. LOESER (WSBA #24274)1201
Third Avenue, Suite 3400
Seattle, WA  98101-3268
Telephone:  206/623-1900
jfarris@kellerrohrback.com
dloeser@kellerrohrback.com

*Liaison Counsel*

I certify that this supplemental memorandum contains 1322 words in compliance with ECF 32.

THE RETIREMENT SYSTEM'S SUPPL. BRIEF IN FURTHER
SUPPORT OF MOT. FOR APPOINTMENT AS LEAD PL.
(No. 2:25-CV-00220-JLR)

- 4 -

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3400
SEATTLE, WA  98101
TELEPHONE: 206/623-1900

ROBBINS GELLER RUDMAN & DOWD LLP
SAMUEL H. RUDMAN (admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
(admitted *pro hac vice*)
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
cbdunn@asherkellylaw.com

*Additional Counsel*

THE RETIREMENT SYSTEM'S SUPPL. BRIEF IN FURTHER
SUPPORT OF MOT. FOR APPOINTMENT AS LEAD PL.
(No. 2:25-CV-00220-JLR)

- 5 -