The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,

Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC., MICHAEL HSING, and BERNIE BLEGIN,

Defendants.

Case No. 2:25-cv-00220-JLR

**SUPPLEMENTAL BRIEF PURSUANT TO ECF 32 IN FURTHER SUPPORT OF MR. DARDI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

NOTE ON MOTION CALENDAR: JUNE 20, 2025

SUPPLEMENTAL BRIEF PURSUANT TO ECF 32
IN FURTHER SUPPORT OF MR. DARDI'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:25-cv-00220-JLR - 1

## I. INTRODUCTION

Miko Dardi received a valid and timely assignment of claims from the Dart Trust to pursue securities fraud claims against Defendants. He has the largest financial interest in this action and should be appointed Lead Plaintiff.

In response to the Court providing Waterford Township General Employees Retirement System ("Waterford") a final opportunity to prove that Dardi does not have standing or that he is inadequate, Waterford has failed to carry its burden.

First, Waterford perfunctorily claims that because Dardi purchased almost all of his stock after a partial corrective disclosure he is inadequate. Not only is this contrary to the majority view, but it ignores that Waterford itself alleges that Defendants made *additional false and misleading statements **before*** Dardi made his additional purchases. Compl., Dkt. 1, ¶¶47-52. He is, therefore, just like many class members who purchased after this false statement.

Second, Waterford changes course in its supplemental filing in arguing that Dardi's assignment is invalid. It claims that: (1) he did not sign the assignment (but there is no requirement that he sign it); (2) he failed to comply with Fed. R. Civ. P. 44.1 (but he has clearly met Rule 44.1's requirements); (3) a judgment by this Court may not be enforceable under Cook Island law (but the only relevant judgment against Dardi and the Dart Trust would be the extinguishment of their claims, and Dardi has voluntarily submitted to the Court's jurisdiction); and (4) Dardi allegedly relies on outdated provisions of the Cook Island Law (but the updated provisions cited by Waterford are irrelevant to the assignment of a litigation claim). None of these contentions have merit.

Dardi, unquestionably the movant with the "most to gain from the lawsuit," should thus be appointed lead plaintiff. *In re Outwerwall Inc. et. al. Stockholder Litig.*, 2017 WL 881382 at * 3 (W.D. Wash. Mar. 6, 2017) (Robart, J.).

SUPPLEMENTAL BRIEF PURSUANT TO ECF 32
IN FURTHER SUPPORT OF MR. DARDI'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:25-cv-00220-JLR - 2

## II. DARDI'S PURCHASES DO NOT RAISE UNIQUE DEFENSES

Waterford claims Dardi is inadequate because he purchased most of his Monolithic stock after the first partial disclosure. Yet, Waterford itself alleges that Defendants **continued** to make false and misleading statements after this first partial disclosure, and Dardi purchased most his stock **after** these alleged false statements were made. *See* Compl., Dkt. 1, ¶¶47-52. He is hardly inadequate as many class members are in the same position. Plus, the law within this Circuit is to the contrary. *See Weston v. DocuSign, Inc.*, 348 F.R.D. 354, 366 (N.D. Cal. 2024) ("Many courts in this circuit have held that the proposed class representative's purchases of stock after adverse disclosures do not destroy typicality.") (collecting cases).

## III. DARDI'S ASSIGNMENT IS VALID

Dardi has demonstrated that the weight of authority establishes the Assignment from the Dart Trust is sufficient to establish his Article III standing. *See* Dkt. 30, at 2 (collecting cases finding assignees of legal claims have Article III standing). Abandoning their earlier challenges to the substance of the Assignment, Waterford now takes a new tactic and asks the Court to find the assignment invalid because it is signed only by the assignor, the Trustee. Waterford's sole authority for this new proposition is a case analyzing a long-since repealed California law—replaced by California's adoption of the Uniform Commercial Code[1]—that governed requirements for the validity of the assignment of accounts receivable. *See* Dkt. 33, at 2 (citing *Wilshire Oil Co. of Cal. v. Costello*, 348 F.2d 241, 242–43 (9th Cir. 1965)). But assignment of causes of action "requires very little by way of formalities and is essentially free from substantive restrictions. … It is sufficient if the assignor has, in some fashion, manifested an intention to make a present transfer of his rights to the assignee." *Amalgamated Transit Union, Loc. 1756, AFL-CIO v. Superior Ct.*, 46 Cal. 4th 993, 1002 (2009). Indeed, Washington law explicitly requires only that an assignment of legal claims be in writing and signed by the assignor. *See*

[1] *See Cont'l Bank v. Blethen*, 7 Cal. App. 3d 178, 180 (Ct. App. 1970) ("This section [Civil Code, sections 3018 and 3019] was repealed by the adoption of the Uniform Commercial Code, effective January 1, 1965"); *Grover v. Hull*, 357 F.2d 815, 817 (9th Cir. 1966).

SUPPLEMENTAL BRIEF PURSUANT TO ECF 32
IN FURTHER SUPPORT OF MR. DARDI'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:25-cv-00220-JLR - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

RCW 4.08.080 ("Any assignee or assignees of any judgment, bond, specialty, book account, or *other chose in action*, for the payment of money, by assignment in writing, *signed by the person authorized to make the same*, may, by virtue of such assignment, *sue and maintain an action or actions in his or her name . . .*") (emphasis added); *Peterson v. Best*, 2023 WL 8791674, at *2 (E.D. Wash. Dec. 19, 2023) ("RCW 4.08.080 requires that an assignment of any judgment for the payment of money *be in writing and signed by the assignor*, thereby *granting the assignee the ability to maintain an action* against a potential obligor.") (emphasis added).

Furthermore, Dardi has unambiguously assented to the Assignment through his reliance upon it in seeking to be appointed lead plaintiff in this case. *See Am. Express Centurion Bank v. Stratman*, 172 Wn. App. 667, 673 (2012) ("Acceptance of an offer may be made through conduct.") (citing *Discover Bank v. Ray*, 139 Wn. App. 723, 727 (2007)); Dkt. 26-2 (certification signed by Dardi attesting that he has "irrevocably been assigned title to and interest in any and all claims, demands, and causes of action of any kind whatsoever which the Dart Trust has or may have arising from violations under the federal securities laws of the United States of America in connection with the purchase of the publicly traded securities of Monolithic Power Systems, Inc. by Cook Islands Trust Limited, Trustee of the Trust"). There is no question that Mr. Dardi has accepted the Assignment, and the Court should disregard Waterford's misleading attempt to argue otherwise.

## IV. RELEVANT COOK ISLANDS LAW AUTHORIZES DARDI'S ASSIGNMENT

Dardi's Assignment is both authorized under Cook Islands law and is valid under Washington state law. Waterford advances a series of inconsistent arguments regarding governing Cook Islands law: (1) that Dardi has "fail[ed] to give notice of his intent to rely on foreign law pursuant to Rule 44.1 of the Federal Rules of Civil Procedure;" (2) that the material he has submitted is inadmissible and out-of-date, and (3) and that the substance of these materials counsel against Dardi's appointment. *See* Dkt. 33, at 2-3.

SUPPLEMENTAL BRIEF PURSUANT TO ECF 32
IN FURTHER SUPPORT OF MR. DARDI'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:25-cv-00220-JLR - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

First, Dardi has given adequate notice pursuant to Rule 44.1 "[A] party relying on foreign law has an obligation to raise the specific legal issues and to provide the district court with the information needed to determine the meaning of the foreign law." *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 949 (9th Cir. 2018). Mr. Dardi has satisfied this obligation by submitting the most current consolidated version of the International Trusts Act along with signed testimony by Fronzuance Tiseli, an authorized representative of the Trustee of the Dart Trust. *See* Dkt. 31-2; Dkt. 31-3; Dkt. 30, at 5 (establishing that Cook Islands law authorizes assignments of legal claims).

Next, Waterford's claim that Tiseli's Declaration is "inadmissible double hearsay," Dkt. 33, at 1, entirely ignores its own cited authority, which establishes that "[i]n deciding issues of foreign law … a court may consider 'any relevant material, including testimony, without regard to its admissibility….'" *G & G Prods*, 902 F.3d at 948 (quoting Fed. R. Civ. P. 44.1, advisory committee's note). Tiseli's Declaration further clarifies the Trustee's powers of delegation under the International Trust Act. Tiseli's Declaration is indisputably relevant to ascertaining whether Cook Islands law authorizes the assignment of legal claims by trustees (it does), and under Ninth Circuit precedent this Court is free to consider it in deciding the issue.

Furthermore, the version of the International Trusts Act that Dardi placed before this Court is the most recent consolidated version available to the public. Waterford cites two stand-alone amendments, wholly irrelevant to the sections of the Act that Dardi relies on, that are meant to be "read together with … the International Trusts Act of 1984." *See* Dkt. 30 (citing §19B of the Cook Islands International Trust Act); 2004 Amendment (amending §§2, 16, 23, 26, 27); 2013 Amendment (amending §27).[2]

Finally, Waterford misconstrues the very law that it claims Dardi failed to invoke. The International Trusts Act prohibits delegation of "any *powers* … involving the distribution or non-

---

[2] The 2004 and 2013 Amendments to the Internal Trusts Act of 1984 (along with all other amendments) can be found at https://www.fsc.gov.ck/public/content.aspx?cn=Legislation. The links provided in Waterford's brief appear to be broken.

SUPPLEMENTAL BRIEF PURSUANT TO ECF 32
IN FURTHER SUPPORT OF MR. DARDI'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:25-cv-00220-JLR - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

distribution of property of the trust to a beneficiary." *See* Dkt. 31-2, at 18. Waterford, appearing to misunderstand this straightforward provision, claims that "[t]ransferring every litigation claim … out of the Trust irrevocably is the ultimate distribution." Dkt. 33, at 4.

First, the assignment is not transferring "powers" but a single specific litigation claim. The Assignment does not encompass "every litigation claim," but only those arising "from violations under the federal securities laws of the United States of America in connection with the purchase of the publicly traded securities of Monolithic Power Systems, Inc." Dkt. 26-5. Second, the Trusts Act language limits *who* is empowered to distribute the Trust's property— only the Trustee—not *what* property may be distributed. The Assignment transfers no power over distribution of property to Dardi, which remains wholly in the hands of the Trustee. And far from diverting Trust property, Mr. Dardi has agreed "to remit any proceeds received as a result of this Assignment to the Dart Trust."[3] *Id.*

Waterford's remaining arguments are similarly mistaken. Dardi has submitted himself to this Court's jurisdiction. That the International Trusts Act provides that foreign judgments inconsistent with Cook Islands law are not enforceable is of no matter. *See* Dkt. 33 at 3. Dardi seeks to be Lead *Plaintiff* in this matter, and the only relevant judgment that might be entered against the Dart Trust is a dismissal of its claims. Because Dardi voluntarily submits to the Court's jurisdiction, this is a red herring. As to the disclosure of Trust information, Waterford relies on a section of the 1984 law that was modified by the very amendments that it cites. *Id.* The most current version of this law explicitly contemplates the Trustee's power to "divulge or make available information relating to the establishment, constitution, business undertakings or affairs of an international trust to any person or class of persons as that trustee or officer or employee of a trustee or trustee company considers necessary from time to time, in its complete discretion, for carrying out the management and administration of the trust in the ordinary course

---

[3] Dardi is the "settlor and protector" of the Dart Trust whose beneficiaries are his wife and children. Naturally, Mr. Dardi wants to protect the assets of his family which is why he wants to prosecute this claim.

SUPPLEMENTAL BRIEF PURSUANT TO ECF 32
IN FURTHER SUPPORT OF MR. DARDI'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:25-cv-00220-JLR - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

of business, *including to a legal practitioner . . .  for the purpose of prosecuting or defending any litigation relating to the establishment, constitution, business undertakings or affairs of an international trust*." (emphasis added). Contrary to Waterford's attempts to establish otherwise, the Trustee is clearly empowered to assign the Dart Trust's claims in this case to Dardi under the relevant laws of the Cook Islands (or any relevant U.S. laws for that matter).

## V. CONCLUSION

Waterford has been afforded every opportunity to rebut Dardi's status as presumptive lead plaintiff and has failed to do so. Dardi should be appointed Lead Plaintiff and his selection of counsel—Block & Leviton as lead counsel and Tousley Brian Stephens as liaison counsel—should be approved.

DATED this 20th day of June, 2025.

TOUSLEY BRAIN STEPHENS PLLC

By: */s/ Kim D. Stephens, P.S.*
    Kim D. Stephens, P.S., WSBA #11984
    kstephens@tousley.com
    Rebecca L. Solomon, WSBA #51520
    rsolomon@tousley.com
    1200 Fifth Avenue, Suite 1700
    Seattle, Washington  98101
    Telephone:  206.682.5600/Fax: 206.682.2992

*Liaison Counsel*

I certify that this supplemental memorandum contains 1,922 words in compliance with Dkt. 32.

By: */s/ Jeffrey C. Block*
    Jeffrey C. Block (pro hac vice forthcoming)
    Jacob A. Walker (pro hac vice forthcoming)
    BLOCK & LEVITON LLP
    260 Franklin Street, Suite 1860
    Boston, Massachusetts 02110
    (617) 398-5600 phone
    jeff@blockleviton.com
    jake@blockleviton.com

***Attorneys for Mirko Dardi and Proposed Lead Counsel for the Class***

SUPPLEMENTAL BRIEF PURSUANT TO ECF 32
IN FURTHER SUPPORT OF MR. DARDI'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:25-cv-00220-JLR - 7