The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM, on
Behalf of Itself and All Others Similarly
Situated,

               Plaintiff,

    v.

MONOLITHIC POWER SYSTEMS, INC.,
MICHAEL HSING, and BERNIE BLEGEN,

               Defendants.

Case No. 2:25-cv-00220-JLR

DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE AND NOTICE OF
INCORPORATION BY REFERENCE IN
SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE FIRST AMENDED
COMPLAINT

DEFS.' REQUEST FOR JUDICIAL
NOTICE AND NOTICE OF
INCORPORATION BY
REFERENCE (2:25-cv-00220-JLR)

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Monolithic Power Systems, Inc. ("MPS"), Michael Hsing, and T. Bernie Blegen respectfully request that the Court consider the documents identified in this Request, which are attached to the Declaration of Marjorie P. Duffy (the "Duffy Declaration"), in connection with Defendants' Motion to Dismiss the First Amended Complaint (the "Motion"). These documents are referenced or quoted in Plaintiff's First Amended Complaint, Dkt. 39 (the "FAC"), and, in any event, are otherwise judicially noticeable.

**ARGUMENT**

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motion to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Frase v. U.S. Bank, N.A.*, 2012 WL 1658400, at *4 (W.D. Wash. May 11, 2012) (Robart, J.) ("[T]he court may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment."). The incorporation by reference doctrine allows the Court to "take into account 'documents whose contents are alleged in [the] complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (second alteration in original). Under Federal Rule of Evidence 201, the Court may also take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Frase*, 2012 WL 1658400, at *4.

As explained below, each of the exhibits attached to the concurrently filed Duffy Declaration and submitted in support of the Motion are incorporated by reference into the

DEFS.' REQUEST FOR JUDICIAL                    - 1 -                    FENNEMORE CRAIG P.C.
NOTICE AND NOTICE OF                                                    999 Third Avenue, Suite 600
INCORPORATION BY                                                        Seattle, WA 98104 | 206.749.0500
REFERENCE (2:25-cv-00220-JLR)

Complaint and are subject to judicial notice. Each exhibit also provides the Court with important context to assess whether Plaintiff has adequately alleged a claim.

### A.   Exhibits subject to this Request

| Exhibit | Document Description | Reference(s) in FAC |
|---|---|---|
| 1 | Q4 2023 Earnings Call Tr. (February 7, 2024) | ¶¶60-67 |
| 2 | Q1 2024 Earnings Call Tr. (May 1, 2024) | ¶¶70-71 |
| 3 | Q2 2024 Earnings Call Tr. (August 1, 2024) | ¶¶73-74 |
| 4 | Q3 2024 Earnings Call Tr. (October 30, 2024) | ¶¶77-80 |
| 5 | Edgewater Research report (dated November 11, 2024) | ¶¶13, 62, 65, 67, 85; *see also* ¶87 |
| 6-11 | Forms 4 for Mr. Hsing (filed March 4, April 3, May 3, June 5, July 2, and August 9, 2024) | ¶¶112-113; *see also* ¶¶99-110, ¶95 |
| 12-20 | Forms 4 for Mr. Blegen (filed March 1, April 1, May 1, June 3, July 1, August 2, September 3, October 2, and November 5, 2024) | ¶¶138-139; *see also* ¶¶122-136, ¶ 95 |
| 21 | Excerpt of Q3 2023 Form 10-Q (filed November 8, 2023) regarding date of adoption of Rule 10b5-1(c) trading plans by Messrs. Hsing and Blegen | ¶¶98, 112 (Mr. Hsing), 121, 138 (Mr. Blegen) |

### B.   All of the Exhibits (1-21) are incorporated by reference into the FAC

Plaintiff alleges that Defendants made materially false or misleading statements in earnings calls reporting on quarterly results between February 7, 2024 and October 30, 2024. Because Plaintiff's claims are premised upon the transcripts of these earnings calls, which the FAC alleges contain false or misleading statements, Exhibits 1-4 may be treated as "part of the complaint" itself and considered in assessing the Motion. *E.g.*, *Dresner v. Silverback Therapeutics, Inc.*, 2022 WL 16716165, at *4 (W.D. Wash. Nov. 4, 2022) ("A defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.") (citation omitted); *In re Nektar Therapeutics*, 2020 WL 3962004, at *7-8 (N.D. Cal. July 13, 2020) (incorporating by reference investor presentation transcripts); *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (full text of documents cited in complaint alleging securities violations

"may be considered in ruling on a Rule 12(b)(6) motion to dismiss").

The FAC likewise relies extensively on a report by Edgewater Research (Exhibit 5) to establish the falsity of certain challenged statements and, as such, it too is incorporated by reference into the FAC. *E.g.*, *Johnson v. Costco Wholesale Corp.*, 2019 WL 6327580, at \*13 (W.D. Wash. Nov. 26, 2019) ("The Court may consider public filings, including SEC filings, and other matters of public record such as press releases, analyst reports, news articles, and conference call transcripts, where such documents are relied upon in the complaint."); *see also In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at \*9 (N.D. Cal. Mar. 31, 2023) (articles and analyst reports "subject to incorporation by reference as sources of Lead Plaintiffs' challenged statements or allegations of falsity"), *aff'd*, 2024 WL 1693340 (9th Cir. Apr. 19, 2024); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at \*12 (C.D. Cal. Jan. 12, 2012) ("a number of the analyst reports are referenced in the complaint, and thus may be considered under the incorporation by reference doctrine").

Finally, the Forms 4 (Exhibits 6-20) are incorporated by reference because Plaintiff "clearly gleaned from [them] many of the facts regarding the officers' stock sales." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). Indeed, the FAC's scienter allegations expressly refer to the Forms 4 and rely heavily on purportedly "unusual" stock sales detailed in the Forms 4. FAC ¶¶97-118. As a result, the entirety of the Forms 4 are incorporated by reference into the FAC, including the disclosure on the face of each that the stock sales in question were made pursuant to previously entered Rule 10b5-1 plans. Likewise, by specifically referencing the Rule 10b5-1 trading plans for each of Messrs. Hsing and Blegen (FAC ¶¶98, 112, 121, 138), Plaintiff incorporates those plans, as disclosed in MPS's Q3 2023 Form 10-Q (Exhibit 21), into the FAC. *See In re InfoSonics Corp. Sec. Litig.*, 2007 WL 2301757, at \*5 n.2 (S.D. Cal. Aug. 7, 2007) (taking judicial notice of Forms 4 and Rule 10b-5 trading plans "under the incorporation by reference doctrine").

DEFS.' REQUEST FOR JUDICIAL
NOTICE AND NOTICE OF
INCORPORATION BY
REFERENCE (2:25-cv-00220-JLR)

- 3 -

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

**C.    All of the Exhibits (1–21) are also judicially noticeable under Fed. R. Evid. 201**

Exhibits 1-21 are also subject to judicial notice under Fed. R. Evid. 201, which permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute."

The Court may take judicial notice of the earnings call transcripts in Exhibits 1-4, each of which Plaintiff cites in the FAC without raising any question as to its authenticity. *See In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 259 F.R.D. 490, 495 (W.D. Wash. 2009) (taking judicial notice of "SEC filings" and "conference call transcripts"); *see also Ferreira v. Funko Inc.*, 2021 WL 880400, at *9 (C.D. Cal. Feb. 25, 2021) (taking judicial notice of earnings call transcript that "is quoted" in complaint and "there is no dispute as to its authenticity").

Courts in the Ninth Circuit also "regularly take[] judicial notice of analyst reports, not for the truth of the matter asserted, but 'for the purpose of showing that particular information was available to the stock market.'" *Dresner*, 2022 WL 16716165, at *5 (quoting *Helitrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999)); *see also In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) ("courts routinely take judicial notice of analyst reports"). Here, the Court may take judicial notice of Exhibit 5, the third-party report prepared by Edgewater Research, for the purpose of assessing "what information may or may not have been publicly disclosed." *Reckstin Fam. Tr. v. C3.ai, Inc.*, 718 F. Supp. 3d 949, 967 (N.D. Cal. 2024).

This Court also may take judicial notice of Exhibits 6-20, which are the SEC Forms 4, "to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan." *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (taking judicial notice of Forms 4 "even when not referenced in" the complaint). Indeed, "[c]ourts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action." *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018); *see also Park v. GoPro, Inc.*, 2019 WL 1231175, at *5, 7 (N.D. Cal. Mar. 15, 2019) (taking judicial notice of Forms 4 "to show that [the individual defendants] sold

DEFS.' REQUEST FOR JUDICIAL
NOTICE AND NOTICE OF
INCORPORATION BY
REFERENCE (2:25-cv-00220-JLR)

- 4 -

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

their shares pursuant to a 10b5-1 plan"); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (taking judicial notice of SEC Forms 4).  Here, as noted above, the FAC specifically references and relies upon the Forms 4 attached as Exhibits 6-20, which provides an independent basis for the Court's consideration of them.

In addition, the Court may take judicial notice of Exhibit 21, which is an excerpt of MPS's Form 10-Q filed with the SEC on November 8, 2023, and its disclosure of the adoption of trading plans pursuant to Rule 10b5-1 by Messrs. Hsing and Blegen.  *See Juniper*, 880 F. Supp. 2d at 1059 (taking judicial notice of Forms 4, which the defendants cited to show that an officer's "stock trades were made pursuant to her 10b5-1 trading plan, established prior to the Class Period"); *Port of Seattle v. Boeing Co.*, 2022 WL 17176858, at *1 n.4 (W.D. Wash. Nov. 23, 2022) (taking judicial notice of a document that was in the "public record" where "the contents of the document [were] not subject to reasonable dispute"); *see also Dreiling v. American Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (finding "SEC filings" to be "subject to judicial notice").

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1-21 attached to the Declaration of Marjorie P. Duffy in support of the Defendants' Motion to Dismiss the First Amended Complaint.

DEFS.' REQUEST FOR JUDICIAL
NOTICE AND NOTICE OF
INCORPORATION BY
REFERENCE (2:25-cv-00220-JLR)                    - 5 -                    FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

Dated:  January 13, 2026

Respectfully submitted,

FENNEMORE CRAIG P.C.

*s/ Stephen C. Willey*
Stephen C. Willey, WSBA #24499
999 Third Avenue, Suite 600
Seattle, Washington 98104
206.749.0500 (phone)
swilley@fennemorelaw.com

JONES DAY

Geoffrey J. Ritts (*pro hac vice*)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
216.586.3939 (phone)
gjritts@jonesday.com

Marjorie P. Duffy (*pro hac vice*)
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215
614.469.3939 (phone)
mpduffy@jonesday.com

*Attorneys for Defendants Monolithic Power Systems, Inc., Michael Hsing, and Bernie Blegen*

I certify that this memorandum contains 1,710 words, in compliance with the Local Civil Rules.

DEFS.' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE (2:25-cv-00220-JLR)

- 6 -

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States of America that, on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

Executed on January 13, 2026.

*s/ Marjorie P. Duffy*
Marjorie P. Duffy (*pro hac vice*)

DEFS.' REQUEST FOR JUDICIAL
NOTICE AND NOTICE OF
INCORPORATION BY
REFERENCE (2:25-cv-00220-JLR)

- 7 -

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500