The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM, on
Behalf of Itself and All Others Similarly
Situated,

          Plaintiff,

    v.

MONOLITHIC POWER SYSTEMS, INC.,
MICHAEL HSING, and BERNIE BLEGEN,

         Defendants.

Case No. 2:25-cv-00220-JLR

DEFENDANTS' REPLY IN SUPPORT
OF REQUEST FOR JUDICIAL NOTICE
AND NOTICE OF INCORPORATION BY
REFERENCE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

DEFS.' REPLY IN SUPP. OF REQUEST
FOR JUDICIAL NOTICE AND NOTICE
OF INCORPORATION BY
REFERENCE (2:25-cv-00220-JLR)

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

Each exhibit referenced in Defendants' Request for Judicial Notice and Notice of Incorporation by Reference (the "Request") (Dkt. 47) is both incorporated by reference into the FAC and subject to judicial notice.  Plaintiff concedes as much for Exhibits 5-21; he neither disputes those are incorporated by reference into the FAC nor contests the Court taking judicial notice of those documents.

But Plaintiff contends that the Court should not consider Exhibits 1-4, the four earnings call transcripts that contain the alleged misstatements, "to the extent Defendants use those materials to dispute Plaintiff's well-pled allegations" under the Ninth Circuit's decision in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018).  Dkt. 49 at 6 n.3.  But Plaintiff misreads *Khoja* and ignores the substantial body of authority that permits—and indeed requires—courts to consider the full text of documents that form the basis of a securities fraud claim.  As the court in *Khoja* confirmed, the purpose of the incorporation-by-reference doctrine is to prevent plaintiffs "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  899 F.3d at 1002.  Here, Defendants do not offer the transcripts in order to dispute Plaintiff's factual allegations, but rather to provide the Court the full context of the challenged statements—a practice that is both routine and necessary for the Court's resolution of the Defendants' motion to dismiss.  The Court should grant the Request in full.

## ARGUMENT

In a single footnote in his opposition to the Defendants' motion to dismiss, Plaintiff argues that the Court should not consider the earnings call transcripts quoted in the FAC because Defendants purportedly use the transcripts to "explain[] the challenged statements" and therefore "dispute Plaintiff's well-pled allegations."  Dkt. 49 at 6 n.3.  But having chosen to base his securities claims on specific snippets in the transcripts, Plaintiff cannot now object when Defendants ask the Court to consider the entire transcript.  To hold otherwise would allow plaintiffs to manufacture fraud claims by selectively quoting from documents while shielding the

DEFS.' REPLY IN SUPP. OF REQUEST
FOR JUDICIAL NOTICE AND NOTICE
OF INCORPORATION BY
REFERENCE (2:25-cv-00220-JLR)

- 1 -

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

exculpatory context from judicial review.  The incorporation by reference doctrine exists precisely to prevent this result.  *Amazon.com Servs. LLC v. Paradigm Clinical Research Inst., Inc.*, 631 F. Supp. 3d 950, 961 (W.D. Wash. 2022) ("The purpose of this rule is to 'prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based.'") (citation omitted).

Plaintiff does not contest that incorporation by reference is appropriate here because the FAC quotes extensively from the transcripts and the alleged misstatements they contain form the basis of Plaintiff's claims.  *See* Dkt. 47 at 2; *Dresner v. Silverback Therapeutics, Inc.*, 2022 WL 16716165, at *4 (W.D. Wash. Nov. 4, 2022) ("A defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.") (internal quotations omitted).  Contrary to Plaintiff's contention that the Court should ignore the transcripts, the Supreme Court has instructed that courts "*must* consider … documents incorporated into the complaint by reference" and "*must* take into account plausible opposing inferences" therefrom.  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322-23 (2007) (emphases added).  By failing to raise any question as to the authenticity of the transcripts quoted in the FAC, Plaintiff also concedes that the transcripts are judicially noticeable.  *See* Dkt. 47 at 4; *Ferreira v. Funko Inc.*, 2021 WL 880400, at *9 (C.D. Cal. Feb. 25, 2021) (taking judicial notice of earnings call transcript that "is quoted" in the complaint and where "there is no dispute as to its authenticity"); *State Tchrs. Ret. Sys. of Ohio v. ZoomInfo Techs. Inc.*, 2025 WL 3013683, at *10 (W.D. Wash. Oct. 28, 2025) (same).

Plaintiff's only argument against the Court's consideration of the complete transcripts relies on an overreading of *Khoja*, where the court cautioned against assuming the truth of a contested factual assertion in an incorporated document if the assumption serves "only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint."  899 F.3d at 1014.  There, the court reversed a dismissal that took judicial notice of an earnings call transcript containing factual statements that were internally inconsistent and "subject to varying

DEFS.' REPLY IN SUPP. OF
REQUEST FOR JUDICIAL NOTICE
AND NOTICE OF INCORPORATION
BY REFERENCE (2:25-cv-00220-JLR)

- 2 -

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

interpretations." *Id.* at 1000; *see id.* ("Klassen's statements are not entirely consistent; his former statement suggests the Light Study was no longer underway, but his latter statement suggests the opposite."). Because there was "no fact established by the transcript not subject to reasonable dispute," the court held that the inconsistent factual statements should not be relied on at the pleading stage "to determine what the investors knew about the status of the Light Study at the time." *Id.* (internal quotations omitted). On the incorporation-by-reference doctrine, the *Khoja* court affirmed that the doctrine is necessary to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. It warned against incorporating "documents not mentioned in the complaint" and submitted by a defendant to "disput[e] the factual allegations in the complaint," *id.* at 1003, a caution inapplicable to the exhibits at issue here.

Nothing in *Khoja* prohibits the Court from taking judicial notice of Exhibits 1-4 or considering those Exhibits as materials incorporated into the FAC. Here, unlike in *Khoja*, Defendants have not asked the Court to accept the truth of any contested factual assertions made during the earnings calls. Rather, Defendants ask the Court only to consider the challenged statements in the context of the complete transcript and not the FAC's selectively edited quotations. Although Plaintiff asserts that Defendants' "self-serving statements cannot be presumed to be true," Dkt. 49 at 6 n.3, Plaintiff fails to identify *any* such "self-serving statements" or explain how the Court's consideration of the complete transcripts would create the kind of premature factual dispute addressed in *Khoja*. In any event, the Court's incorporation of Exhibits 1-4 by reference is entirely consistent with *Khoja*, which warned against the incorporation of only documents "not mentioned in the complaint." 899 F.3d at 1003. *But see* Dkt. 47 at 2 (identifying references in FAC to Exhibits 1-4).

Following *Khoja*, courts routinely take judicial notice of earnings call transcripts for the purpose of assessing the complete context of an alleged misstatement. *See, e.g., In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[N]othing in *Khoja*

DEFS.' REPLY IN SUPP. OF
REQUEST FOR JUDICIAL NOTICE
AND NOTICE OF INCORPORATION
BY REFERENCE (2:25-cv-00220-JLR)

- 3 -

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

prevents this Court from analyzing an alleged false statement in context."); *Garbaccio v. Starbucks Corp.*, --- F. Supp. 3d ---, 2025 WL 3228275, at *6-9 & n.9 (W.D. Wash. Nov. 19, 2025) (taking judicial notice of earnings call transcripts and noting that "defendant's statements must be read in context and considered as a whole"); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference documents that contained alleged misstatements). Indeed, the Ninth Circuit recently confirmed that courts must consider the "context surrounding" a statement in assessing allegations that the statement was false when made. *Sneed v. Talphera, Inc.*, 147 F.4th 1123, 1131 (9th Cir. 2025). The only other case cited in Plaintiff's footnote does not hold otherwise. *See* Dkt. 49 at 6 n.3 (citing *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017)). There, the court declined to assume the truth of statements in a document incorporated by reference that the plaintiffs alleged was "false or misleading." *SolarCity*, 274 F. Supp. 3d at 988. Here, by contrast, Defendants do not ask the Court to accept the truth of the challenged statements themselves. Instead, Defendants cite the earnings call transcripts to establish the full context of the challenged statements and to demonstrate that, when read in their entirety, the statements are non-actionable opinions, are puffery, and do not support an inference of scienter. Such holistic analysis of the challenged statements is necessary and wholly consistent with *Khoja* and Ninth Circuit law.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court treat as incorporated by reference and/or take judicial notice of Exhibits 1-21 attached to the Declaration of Marjorie P. Duffy in support of the Defendants' Motion to Dismiss the First Amended Complaint.

DEFS.' REPLY IN SUPP. OF
REQUEST FOR JUDICIAL NOTICE
AND NOTICE OF INCORPORATION
BY REFERENCE (2:25-cv-00220-JLR)

- 4 -

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

Dated:  March 3, 2026

Respectfully submitted,

FENNEMORE CRAIG P.C.


*s/ Stephen C. Willey*
Stephen C. Willey, WSBA #24499
999 Third Avenue, Suite 600
Seattle, Washington 98104
206.749.0500 (phone)
swilley@fennemorelaw.com

JONES DAY

Geoffrey J. Ritts (*pro hac vice*)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
216.586.3939 (phone)
gjritts@jonesday.com

Marjorie P. Duffy (*pro hac vice*)
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215
614.469.3939 (phone)
mpduffy@jonesday.com

*Attorneys for Defendants Monolithic Power Systems, Inc., Michael Hsing, and Bernie Blegen*

I certify that this memorandum contains 1,372 words, in compliance with the Local Civil Rules.

DEFS.' REPLY IN SUPP. OF
REQUEST FOR JUDICIAL NOTICE
AND NOTICE OF INCORPORATION
BY REFERENCE (2:25-cv-00220-JLR)

- 5 -

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States of America that, on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

Executed on March 3, 2026.

s/ *Marjorie P. Duffy*
Marjorie P. Duffy (*pro hac vice*)

DEFS.' REPLY IN SUPP. OF
REQUEST FOR JUDICIAL NOTICE
AND NOTICE OF INCORPORATION
BY REFERENCE (2:25-cv-00220-JLR)

- 6 -

FENNEMORE CRAIG P.C.
999 Third Avenue, Suite 600
Seattle, WA 98104 | 206.749.0500