The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS, INC., MICHAEL HSING, and BERNIE BLEGEN,<br><br>Defendants. | Case No. 2:25-cv-00220-JLR<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN PER RULE 26(f)** |

Lead Plaintiff Mirko Dardi ("Mr. Dardi"), and Defendants Monolithic Power Systems Inc. ("MPS"), Michael Hsing and Bernie Blegen (collectively "Defendants," and together with Lead Plaintiff the "Parties"), by and through counsel, respectfully submit this Joint Rule 26(f) Report and Discovery Plan.

Pursuant to Fed R. Civ. P. 26(f), the Parties met and conferred via video conference and email on various dates between June 3, 2026, and June 26, 2026, concerning the substance of this Joint Report.

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## I.  JOINT RULE 26(f) REPORT

**I.      STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE**

This matter is a complex federal securities fraud case filed as a putative class action on behalf of investors who purchased or otherwise acquired shares of MPS common stock between February 8, 2024, and November 11, 2024, inclusive (the "Class Period"). *See* Dkt. # 39, Am. Compl. ¶¶ 1, 163. Lead Plaintiff alleges that, during the putative Class Period, two of MPS's executive officers made materially false and misleading statements and omitted material facts about the quality and performance of MPS's power management integrated circuits ("PMICs"). *Id*. ¶¶ 4, 26-27, 45, 58-75. PMICs are specialized chips that manage voltage regulation, current control, and thermal protection in power modules. *Id*. ¶ 45. Lead Plaintiff further alleges that Defendants' conduct artificially inflated the price of MPS's common stock, and that the putative class suffered damages when the truth was revealed. *Id*. ¶ 19. Defendants deny any wrongdoing, liability, or that Lead Plaintiff or any putative class member is entitled to relief or suffered any damages.

**II.     PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES**

The June 15, 2026, deadline for joining additional parties established by the Court's May 20, 2026 Order Regarding Scheduling (the "Scheduling Order"), Dkt. # 61, has passed. The Parties did not add additional parties and do not presently anticipate adding additional parties.

**III.    DEADLINE FOR FILING MOTION FOR CLASS CERTIFICATION**

The Scheduling Order established the deadline and briefing schedule for class certification. The Parties do not presently anticipate moving to revise the schedule for class certification. The Scheduling Order establishes the following deadlines:

**August 14, 2026** – Substantial completion of document production related to class

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 2

certification;

**September 4, 2026** – Lead Plaintiff to file Motion for Class Certification;

**November 4, 2026** – Defendants' Response to Motion for Class Certification;

**December 4, 2026** – Lead Plaintiff's Reply;

**January 8, 2027** – Defendants' sur-reply, if any, limited to the issue of price impact as to which Defendants bear the burden of proof;

**January 22, 2027** – Lead Plaintiff's 10-page response, if any, limited to the extent needed to address any non-price impact arguments raised in any such sur-reply.

## IV.   CONSENT TO MAGISTRATE JUDGE

The Parties do not consent to the transfer of this case to a Magistrate Judge.

## V.   PROPOSED DISCOVERY PLAN

### a.   Exchange of initial disclosures:

The Parties exchanged initial disclosures on June 17, 2026, the date set by the Scheduling Order.

### b.   Subjects, timing, and phasing of discovery:

The Parties identify currently anticipated topics of discovery below. With respect to timing, the Scheduling Order addresses the deadline for substantial completion of discovery relating to class certification and provides that the Court "will set further case schedule deadlines pursuant to Federal Rule of Civil Procedure 16(b) after ruling on the motion for class certification." With respect to phasing, the Parties have met and conferred regarding phasing of class certification and merits discovery. The Parties have reached agreement on certain aspects of the discovery process that will facilitate an efficient and orderly approach: Lead Plaintiff has agreed that merits depositions may reasonably be deferred until document production is substantially complete, and Lead Plaintiff has indicated that it has no objection to Defendants

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

prioritizing the production of documents that speak directly to issues relevant to class certification. With respect to document productions, the Parties have each propounded discovery on the other Party, and their respective responses and objections will be due in the coming days. The Parties agree to further meet and confer regarding specific discovery requests and attempt in good faith to resolve or narrow their disputes regarding phasing of any specific document requests and productions. By agreeing to meet and confer, no Party waives any rights, defenses, or objections.

Lead Plaintiff's Statement: Lead Plaintiff intends to take discovery on topics and information relating to and concerning the materially false and misleading statements the Court found to be actionable, including the following topics: the origin, nature and efforts to resolve quality control issues with Monolithic's PMICs supplied to Nvidia; Monolithic's integration with Nvidia in the development of next-generation Blackwell products; the competitiveness and superiority of Monolithic's power management solutions relative to market alternatives; Nvidia's frustrations with quality control issues concerning Monolithic's PMICs and the degree to which Monolithic's products were integrated into Nvidia's GPUs; competitors to Monolithic who began to receive orders from Nvidia during the class period; the causes of the decline in Monolithic's Enterprise Data segment revenue in the third quarter of 2024; Defendants' transactions in Monolithic stock during the relevant period; the artificial inflation in Monolithic's common stock and damages sustained by Lead Plaintiff and the Class; Defendants' statements and omissions alleged to be false and misleading in the Complaint; and other matters relevant to Lead Plaintiff's allegations in the Complaint.

Defendants' Statement: Defendants anticipate pursuing discovery concerning, among

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 4

other things: issues relating to the appropriateness of treating this case as a class action under Federal Rule of Civil Procedure 23; Lead Plaintiff's investment in, and ownership and trading of MPS stock, including Lead Plaintiff's investment decisions; the factual bases of Lead Plaintiff's claims; issues involving the allegedly untrue or misleading statements alleged to have been made by any Defendant; the materiality of any allegedly untrue or misleading statement alleged to have been made by any Defendant; loss causation; issues involving alleged reliance on any allegedly untrue or misleading statements alleged to have been made by any Defendant; Lead Plaintiff's alleged damages; the defenses identified in Defendants' Answer to the First Amended Complaint, Dkt. # 65.

### c.  Electronically stored information:

At this time, the Parties do not anticipate any issues regarding the preservation or production of electronically stored information. The Parties agree to preserve all electronically stored information. The Parties have agreed as to the terms of a modified version of the Court's Model ESI Agreement to govern the treatment, collection, and production of electronically stored information, which they are submitting for the Court's consideration together with this Joint Status Report.

### d.  Privilege issues:

The Parties do not currently see any unique privilege issues in this case.

### e.  Limitations on discovery:

The Parties do not currently propose any modification to the discovery limitations contained in the Federal and Local Rules, with the following exception. As set forth in the Parties' ESI agreement submitted herewith, consistent with Fed. R. Civ. P. 26(b)(4)(B) and (C),

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the Parties agree that drafts of expert reports, communications between counsel and a testifying expert for the parties represented by such counsel, and certain other related documents or materials will not be discoverable. The Parties reserve all rights to request other modifications as necessary.

### f.   Discovery related orders:

The Parties have negotiated a modified version of the Court's Model Stipulated Protective Order to govern the treatment, collection, and production of confidential information in the discovery process, which they are submitting for the Court's consideration together with this Joint Status Report. Other than the stipulated protective order and the ESI agreement, the Parties are currently unaware of a need for other discovery-related orders.

## VI.   LOCAL CIVIL RULE 26(1)

### a.   Prompt case resolution:

The Scheduling Order establishes the following deadlines, with further case deadlines to be determined after ruling on the motion for class certification per Scheduling Order:

| Event | Deadline |
|---|---|
| Deadline for Substantial Completion of Document Production Concerning Class Certification | August 14, 2026, per Scheduling Order |
| Motion for Class Certification | September 4, 2026, per Scheduling Order |
| Defendants Response to Motion for Class Certification and Deadline for Any Motion to Exclude Lead Plaintiff's Expert Opinions | November 4, 2026, per Scheduling Order |
| Reply in Support of Class Certification and Response to Any Motion to Exclude Lead Plaintiff's Expert Opinions | December 4, 2026, per Scheduling Order |
| Sur-Reply (if any) Concerning Price Impact | January 8, 2027, per Scheduling Order |

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| Response (if any) Concerning Non-Price Impact Arguments Raised in Sur-Reply | January 22, 2027, per Scheduling Order |

**b.   Alternative dispute resolution:**

The Parties agree that private mediation may be appropriate for this case and will continue to evaluate when mediation would be productive as litigation progresses. The Parties will notify the Court promptly of any agreement for the resolution of the case.

**c.   Related cases:**

This case is a consolidated action. The Parties are aware of related derivative matters, *Miller v. Hsing*, No. 2:25-cv-527 (W.D. Wash), and *Moore v. Hsing*, No. 9:26-cv-80720 (S.D. Fla.).

**d.   Discovery management:**

Except as noted in Part V, the Parties do not currently anticipate the need for substantial discovery management. The Parties agree to exchange discovery electronically when possible to minimize expense. The Parties agree to accept service of discovery via email service to all counsel of record. The Parties agree that all discovery exchanged will be Bates numbered by the producing parties.

**e.   Anticipated discovery sought:**

Please see Part V.b. Pursuant to Fed. R. Civ. P. 26(d), discovery commenced following completion of the Parties' Rule 26 conference on June 3, 2026. Currently, Lead Plaintiff anticipates that written discovery will encompass a search and review of the records of an unknown number of custodians, predominantly MPS's current and former employees, and expects to take the deposition testimony of a presently unknown number of witnesses with first-hand knowledge of the topics identified above. Lead Plaintiff has offered to make himself

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 7

available for a deposition on August 26, 2026, and the Parties continue to meet and confer regarding the deposition. Defendants have served document requests and interrogatories on Lead Plaintiff relating to class certification issues, have requested Lead Plaintiff's availability for an in-person deposition, and expect to serve additional document requests and interrogatories as needed regarding the merits of Lead Plaintiff's claims.

### f. Phasing of motions:

The Parties anticipate litigating a motion for class certification consistent with the deadlines set forth by the Scheduling Order. The Parties agree that dispositive motions concerning one or more issues may be filed at different stages of the litigation if it appears it will streamline or simplify the issues for trial.

### g. Preservation of discoverable information:

The Parties do not anticipate any issues regarding the preservation of discoverable information.

### h. Model protocol for discovery of ESI:

As noted in Part V.c above, the Parties have agreed to an ESI agreement based on the Court's Model ESI Agreement to govern the treatment, collection, and production of electronically stored information in the discovery process, which they are submitting for the Court's consideration together with this Joint Status Report.

### i. Alternatives for model protocol:

See above.

## VII. DISCOVERY COMPLETION DATE

The Court's ruling on the forthcoming motion for class certification will have material impacts on the scope of dispositive motions. As set forth in the Scheduling Order, the Court "will

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 8

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

set further case schedule deadlines pursuant to Federal Rule of Civil Procedure 16(b) after ruling on the motion for class certification." Consistent with that Order and to assist the Court, the Parties propose that they meet and confer regarding a proposed deadline for completion of fact and expert discovery and a proposed dispositive motion schedule, and submit a joint status report setting forth their positions within 30 days after the Court's ruling on the forthcoming motion for class certification or as otherwise ordered by the Court.

## VIII.   BIFURCATION

See Part V.b, *supra*, regarding the Parties' positions regarding phasing of discovery. The Parties do not otherwise anticipate the need for bifurcation at this time, but reserve the right the request modifications if needed.

## IX.   USE OF INDIVIDUALIZED TRIAL PROGRAM

The Parties do not intend to use either the Individualized Trial Program or the available formal ADR option at this time.  The Parties agree, however, that mediation may be appropriate in the future.

## X.   SUGGESTIONS FOR SHORTENING OR SIMPLIFYING CASE

The Parties have no suggestions at present for shortening or simplifying this case, and agree to meet and confer regarding phased discovery as noted in Part V.b, *supra*.

## XI.   TRIAL DATE

The Parties agree that a trial date should be set after the Court rules on the anticipated motion(s) for summary judgment.

## XII.   JURY TRIAL

The Parties agree trial will be by jury.

## XIII.   LENGTH OF TRIAL

At this time, because the scope of the case is not known, the Parties are unable to estimate

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

the length of trial.

## XIV.   ADDRESSES OF COUNSEL

Counsel for Lead Plaintiff and the Putative Class:

**TOUSLEY BRAIN STEPHENS PLLC**
Kim D. Stephens, P.S., WSBA #11984
kstephens@tousley.com
Rebecca L. Solomon, WSBA #51520
rsolomon@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone: 206.682.5600/Fax: 206.682.2992

**BLOCK & LEVITON LLP**
Jeffrey C. Block (pro hac vice)
Jacob A. Walker (pro hac vice)
Brendan T. Jarboe (pro hac vice)
Mark Byrne (pro hac vice)
Zoe van Vlaanderen (pro hac vice)
260 Franklin Street, Suite 1860
Boston, Massachusetts 02110
Phone: (617) 398-5600
jeff@blockleviton.com
jake@blockleviton.com
brendan@blockleviton.com
mark@blockleviton.com
zoe@blockleviton.com

Counsel for Defendants Monolithic Power Systems, Inc., Hsing, and Blegen:

**FENNEMORE CRAIG, P.C.**
Stephen C. Wiley, WSBA #24499
999 Third Avenue, Suite 600
Seattle, Washington 98104
206.749.0500 (phone)
swilley@fennemorelaw.com

**JONES DAY**
Marjorie P. Duffy (*pro hac vice*)
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215
614.469.3939 (phone)
mpduffy@jonesday.com

Geoffrey J. Ritts (*pro hac vice*)

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 10

Jacob J. Thackston (*pro hac vice*)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
216.586.3939 (phone)
gjritts@jonesday.com
jthackston@jonesday.com

Abigael C. Bosch (*pro hac vice*)
250 Vesey St.
New York, New York 10281
212.326.3939 (phone)
abosch@jonesday.com

## XV.   TRIAL COUNSEL COMPLICATIONS

The Parties do not anticipate any complications concerning trial counsel at present.

## XVI.   SERVICE OF COMPLAINT

The Operative Complaint was served on all Defendants through the ECF system on November 12, 2025.

## XVII.   SCHEDULING CONFERENCE

The Parties do not see any need for a scheduling conference at this time.


DATED this 26th day of June, 2026

**TOUSLEY BRAIN STEPHENS PLLC**


By: */s/ Kim D. Stephens, P.S.*
    Kim D. Stephens, P.S., WSBA #11984
    kstephens@tousley.com
    Rebecca L. Solomon, WSBA #51520
    rsolomon@tousley.com
    1200 Fifth Avenue, Suite 1700
    Seattle, Washington  98101
    Telephone:  206.682.5600/Fax: 206.682.2992


    Jeffrey C. Block (pro hac vice)
    Jacob A. Walker (pro hac vice)
    Brendan T. Jarboe (pro hac vice)
    Mark Byrne (pro hac vice)

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, Massachusetts 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com
brendan@blockleviton.com
mark@blockleviton.com

*Attorneys for Mirko Dardi and Proposed Lead Counsel for the Class*

/s/ Stephen C. Wiley

**FENNEMORE CRAIG, P.C.**
Stephen C. Wiley, WSBA #24499
999 Third Avenue, Suite 600
Seattle, Washington 98104
206.749.0500 (phone)
swilley@fennemorelaw.com

**JONES DAY**
Marjorie P. Duffy (*pro hac vice*)
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215
614.469.3939 (phone)
mpduffy@jonesday.com

Geoffrey J. Ritts (*pro hac vice*)
Jacob J. Thackston (*pro hac vice*)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
216.586.3939 (phone)
gjritts@jonesday.com
jthackston@jonesday.com

Abigael C. Bosch (*pro hac vice*)
250 Vesey St.
New York, New York 10281
212.326.3939 (phone)
abosch@jonesday.com

*Attorneys for Defendants Monolithic Power Systems, Inc., Michael Hsing, and Bernie Blegen*

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00220-JLR - 12